# EXHIBIT I

**BartlitBeck** LLP

Mac LeBuhn
Mac.LeBuhn@BartlitBeck.com

Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
main: (312) 494-4400
direct: (312) 494-4469

August 25, 2023

**Via Email**
Matthew L. Levine
Elliott Kwok Levine Jaroslaw LLP
565 Fifth Ave.
New York City, NY 10017

      **Re:** *SEC v. Terraform Labs, PTE Ltd. and Do Hyeong Kwon*, No. 1:23-cv-01346 JSR (S.D.N.Y. 2023)

Mr. Levine:

      This letter responds to the August 1, 2023 subpoena directed to non-party Citadel Securities LLC ("Citadel Securities" or the "Firm") on behalf of Terraform Labs, PTE Ltd. in the above-referenced matter (the "Subpoena").

      Citadel Securities accepted service on August 2, 2023, and Terraform agreed that Citadel Securities would serve its responses and obejctions on August 25, 2023. Under Rule 45 of the Federal Rules of Civil Procedure, Citadel Securities provides this letter as the Firm's written responses and objections to the Subpoena.

## GENERAL OBJECTIONS

1. Citadel Securities objects to each of the Subpoena's Document Requests ("Request(s)"), as it did not materially trade in any of the Terra-Native Tokens or the Terra Financial Instruments during the Relevant Time Period, including any relevant trading during the May 2022 Depeg. As a result, any discovery into Citadel Securities would not address the needs of the case and would therefore be disproportionate under Rule 26(b)(1).

2. Citadel Securities objects to each Request to the extent that it seeks "any" or "all" documents on a subject as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The collection of potentially responsive documents would require a massive search for documents in numerous different places and files, including potentially the files of many individuals.

3. Citadel Securities objects to the Subpoena to the extent it seeks documents on subjects beyond the scope permitted by the Court, the Federal Rules of Civil Procedure, including Rules 26 and 45, and any applicable local rules.

4. Citadel Securities objects to the Subpoena because it does not provide reasonable time to review and produce documents to comply with the Subpoena.

5. Citadel Securities objects to the Requests to the extent that they seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, joint defense privilege, common interest privilege, any privilege of self-critical analysis, any pertinent statutes dealing with privacy rights, or by any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law. All Requests have been read to exclude discovery of such privileged information, and such documents will not be produced.

6. Citadel Securities objects to the Requests to the extent that they are overbroad, unduly burdensome, not relevant to the parties' claims or defenses, not proportional to the needs of the case, or not reasonably calculated to lead to the discovery of admissible evidence.

7. Citadel Securities objects to the Requests to the extent that they impose an undue burden and expense on Citadel Securities or purport to impose obligations greater than those required by the Federal Rules of Civil Procedure, the applicable local rules, or any other applicable law, rule, or doctrine.

8. Citadel Securities objects to the Requests to the extent that they purport to require Citadel Securities to produce documents that are outside its possession, custody, or control, and/or that are not maintained in the ordinary course of its business.

9. Citadel Securities objects to the Requests to the extent that they are unreasonably cumulative or duplicative.

10. Citadel Securities objects to each Request to the extent it seeks documents that may be obtained through discovery from a party to the lawsuit. Citadel Securities is a non-party here and thus, the burden it need shoulder to comply with a non-party subpoena is less than the burdens that parties to the litigation should bear themselves. Accordingly, Citadel Securities objects to the Subpoena insofar as the information is available from a party to the litigation.

11. Citadel Securities objects to the Requests to the extent that they seek documents that contain, reflect, refer, or relate to confidential or proprietary information and/or trade secrets.

12. Citadel Securities objects to the Requests to the extent that they would require Citadel Securities to search for and produce electronically stored documents from sources that are not reasonably accessible, and without regard for the expense and burden of such undertaking, particularly in light of the marginal benefit to be obtained from a search and

        the fact that Citadel Securities is a non-party and did not materially trade in the Terra-Native Tokens or the Terra Financial Instruments during the Relevant Time Period.

13. Citadel Securities expressly reserves any rights it may have to be reimbursed for the cost of compliance with the Subpoena.

14. The specific responses set forth below are based upon information now available to Citadel Securities. Citadel Securities reserves the right to amend or supplement its responses and objections.

15. Any decision by Citadel Securities to provide documents or information, notwithstanding the objectionable nature of any part of the Subpoena, should not be construed as an agreement that the material is discoverable, a waiver of Citadel Securities' objections, or an agreement that requests for similar discovery will be treated in a similar manner.

16. Any response, objection, or statement that documents responsive to any particular Request will be produced does not necessarily mean that such documents exist or are in the possession, custody, or control of Citadel Securities.

17. The inadvertent production of a document is not a waiver of any rights or privileges. In the event that privileged documents or information are produced, the production, unless otherwise expressly stated to the contrary in writing at the time of production, is inadvertent and shall be deemed to be null, void, and of no legal consequence. Parties and their counsel are directed to refrain from reading or copying any inadvertently produced document that contains privileged information if they have been advised of the privileged or confidential nature of the document produced by Citadel Securities and to return it (and all copies) immediately upon notice by Citadel Securities.

18. Nothing contained in the Responses and Objections or provided in response to the Subpoena consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request. Indeed, it is reasonably likely that no responsive documents exist in response to certain of the Requests.

19. The objections set forth above are incorporated in each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response. Citadel Securities does not waive any objection by responding to a Request in whole or in part.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Citadel Securities objects to the Definitions and Instructions in the Subpoena to the extent that they impose an undue burden and expense on Citadel Securities or purport to impose obligations greater than those required by the Federal Rules of Civil Procedure or the applicable local rules. For instance and without limitation, Citadel Securities objects to

      Instruction Nos. 1, 5, and 8 would require Citadel Securities to provide information beyond what the applicable rules require.

2. Citadel Securities objects to Definition Nos. 5 and 23 as overbroad and vague and ambiguous to the extent these purport to impose an obligation to furnish documents, electronic data, or information available to or in the possession or under the control of the Firm's "affiliates (foreign or domestic)," "consultants," "divisions," "predecessors," "servants," "subsidiaries," or "successors." The Firm further objects to the definition on the grounds that it includes attorneys and thus may sweep in documents covered by the attorney-client privilege and/or the work product doctrine.

3. Citadel Securities objects to the definitions of "Communication" and "Document" to the extent either is broader than the definition provided by the Local Civil Rules of the Southern District of New York.

4. Citadel Securities objects to the definition of "Platform" as vague and ambiguous.

5. Citadel Securities objects to Definition No. 38 as overbroad and vague and ambiguous to the extent it purports to impose an obligation to furnish documents, electronic data, or information available to or in the possession or under the control of the Firm's "subsidiaries," or "affiliates."

6. Citadel Securities objects to Instruction No. 1 to the extent any communications with a U.S. government agency, including the CFTC, the DOJ, or the SEC, would contain sensitive and confidential information pertaining to a government investigation.

7. Citadel Securities objects to Instruction No. 3, which imposes requirements beyond the requirements of Rule 34 or, as applicable here, Rule 45. Citadel Securities will not label any produced documents to correspond to the Request to which the material is responsive.

8. Citadel Securities objects to Instruction No. 7 with respect to claims of privilege to the extent that it imposes an undue burden and expense on Citadel Securities or purports to impose obligations greater than those required by the Federal Rules of Civil Procedure or the applicable local rules.

## RESPONSES AND OBJECTIONS

1. All Documents, Communications, and Transaction Records regarding any Target Wallets.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Documents, Communications, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of

4

relevance, and Citadel Securities' status as a non-party.

2. All Communications, Documents, and Transaction Records regarding the balance, purchase, sale, or transfer of any Terra-Native Tokens and Third Party Tokens held in or transferred through any Target Wallet and Related Wallets between March 1 to May 31, 2022. For each Related Wallet, identify the owner and Wallet Address.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

3. All Communications, Documents, Transaction Records and account records regarding the purchase, sale, or transfer by You of any Terra-Native Tokens or Terra Financial Instruments between January 1 through July 31, 2022.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

4. Communications, Documents, and Transaction Records sufficient to identify all accounts used by You in connection with any transaction involving Terra-Native Tokens or Terra Financial Instruments between March 1, 2022 and May 31, 2022, including accounts used in connection with any centralized or decentralized exchange, digital asset custodian, multi-sig wallet, or blockchain protocol or smart contract.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks an expansive scope of "Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

5. All Communications, Documents, and Transaction Records regarding any of Your investment or trading strategies, financial analysis, or forecasts concerning any contemplated and/or executed transaction, position, or trade of Terra-Native Tokens or Terra Financial

Instruments between March 1, 2022 to May 31, 2022, even if the investment or trading strategies, analysis, or forecasts were created prior to this time period.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party. Additionally, this Request seeks information that could potentially require Citadel to disclose trade secret or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B).

6. All Communications, Documents, and Transaction Records regarding any transfers, deposits, or withdrawals of fiat currency that derive from or relate to the proceeds or profits of any purchase, sale, or transfers concerning Terra-Native Tokens or Terra Financial Instruments between March 1, 2022 and May 31, 2022.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

7. All Communications, Documents, and Transaction Records regarding any margin or collateral positions maintained or used by You for any withdrawals, deposits, transactions, or positions for Terra-Native Tokens or Third Party Tokens from the UST-3pool between March 1 to May 31, 2022.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

8. All Communications, Documents, and Transaction Records which reflect transfers, deposits, or withdrawals of fiat currency, Terra-Native Tokens, Third Party Tokens used to fund, secure, or collateralize any transaction made by You concerning Terra-Native Tokens or Terra Financial Instruments between March 1, 2022 to May 31, 2022.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

9. Communications, Documents, and Transaction Records sufficient to show all profits or losses You incurred in connection with any purchase, sale, or transfer of any Terra-Native Tokens or Terra Financial Instruments between March 1, 2022 through the present.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks an expansive scope of "Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

10. All Communications, Documents, and Transaction Records regarding any margin or collateral positions that any Person maintained or used for any withdrawals, deposits, transactions, or positions for Terra-Native Tokens or Third-Party Tokens from the UST-3pool between March 1 to May 31, 2022, which the Person undertook in coordination with You.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

11. All Communications, Documents, and Transaction Records regarding any Agreement between any Person and You that existed or was performed between March 1 to May 31, 2022 concerning TFL, LFG, the Terra Network, Terra-Native Tokens, or Terra Financial Instruments including purchase agreements, loan agreements, over-the-counter trading agreements, staking agreements, or an agreement to participate in or provide liquidity to any liquidity pool.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this

Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

12. Communications, Documents, and Transaction Records sufficient to identify any Person(s) from or to whom You purchased, sold, traded, or transferred Terra-Native Tokens or Terra Financial Instruments between March 1 to May 31, 2022.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks an expansive scope of "Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

13. Communications, Documents, and Transaction Records sufficient to identify any Person(s) who were involved with executing or facilitating any transactions regarding to Terra-Native Tokens or Terra Financial Instruments between March 1, 2022 and May 31, 2022.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks an expansive scope of "Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

14. All Communications, Documents, and Transaction Records regarding any deposits, withdrawals, transactions, or positions made or held by You in connection with the Anchor Protocol between March 1 to May 31, 2022, even if the Communications, Documents, or Transaction Records were created prior to this time period.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

15. Communications, Documents, and Transaction Records sufficient to show the availability or status of any Terra-Native Tokens or Terra Financial Instructions held or received

by You in connection with Anchor Protocol between March 1 to May 31, 2022, including vesting or unlock schedules and dates where any such Terra-Native Tokens or Terra Financial Instructions were received, purchased, or sold.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks an expansive scope of "Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party.

16. Communications, Documents, and Transaction Records sufficient to identify any algorithms, artificial intelligence or machine learning agents, automated trading programs, smart contract functions, protocols, or bots used by You to effectuate trades involving Terra-Native Tokens or Terra Financial Instructions between March 1 to May 31, 2022.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks an expansive scope of "Communications, Documents, and Transaction Records," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party. Additionally, this Request seeks information that could potentially require Citadel to disclose trade secret or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B).

17. All Communications and Documents provided by You to the SEC, CFTC, and DOJ regarding the May 2022 Depeg, Your relationship with TFL and/or Do Kwon, Your purchases, sales, or trades of Terra-Native Tokens or Terra Financial Instruments, or the allegations in the AC.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications and Documents," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party. Citadel Securities further objects to this Request to the extent it seeks documents, to the extent any exist, that would contain sensitive and confidential information pertaining to a government investigation.

18. All Communications and Documents reflecting Communications with or about the

9

SEC and CFTC regarding the May 2021 Depeg, the May 2022 Depeg, Your relationship with TFL and/or Do Kwon, Your purchases, sales, or trades of Terra-Native Tokens or Terra Financial Instruments, or the allegations in the AC.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications and Documents," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party. Citadel Securities further objects to this Request to the extent it seeks documents, to the extent any exist, that would contain sensitive and confidential information pertaining to a government investigation.

19. All Documents regarding any interview of Your employees by the SEC and CFTC regarding Terra-Native Tokens or Terra Financial Instruments, including transcripts, audio, or video recordings.

**RESPONSE**: Citadel Securities incorporates its above objections, and it asserts the following additional objections to the Request. Citadel Securities will not search for, review, or produce any privileged information. Terraform has not provided any basis for why the requested materials are relevant to any claim or defense or proportional to the needs of the case. Further, this Request is overbroad and unduly burdensome, as it seeks "[a]ll Communications and Documents," without restriction to relevance or potential burden. Further, this Request is unreasonably cumulative, duplicative, and disproportionate, given the other Requests, the lack of relevance, and Citadel Securities' status as a non-party. Citadel Securities further objects to this Request to the extent it seeks documents, to the extent any exist, that would contain sensitive and confidential information pertaining to a government investigation.

# # #

Subject to the above objections, I am available to meet and confer regarding the Firm's response and objections to the Subpoena. I can be reached at mac.lebuhn@bartlitbeck.com or (312) 494-4469.