# EXHIBIT K

# Rachel Rodriguez

| | |
|---|---|
| **From:** | Matt Levine |
| **Sent:** | Monday, October 9, 2023 11:19 AM |
| **To:** | Mac LeBuhn; Rachel Rodriguez; Laura Longobardi |
| **Cc:** | Matthew Brewer |
| **Subject:** | RE: SEC v. Terraform Labs – subpoena response |

Mac,

    Thank you for your email. First, we disagree with your assertions. Among others, we disagree that your clients have produced "documents." That is untrue. Initially, you refused to produce any documents. Instead, you offered only to "show" us a single document via a screen share on a Zoom call. When we rejected this, you then produced a single document, a spreadsheet that seems to summarize other responsive documents that you did not produce. You have designated this single document confidential under the applicable Protective Order, hence our request for your consent for us to file our motion under seal as it references that document.

    The document or documents that are the basis of our intended motion to compel are very limited in scope. We seek any documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022. This is a very specific type of document, for a very limited time period. Given that you allege ███████████████████████████████████████████████████████████████████, the burden of locating and producing responsive document(s) would be expected to be minimal as well.

    The basis for our motion is as we stated to you before, in writing, and I'll summarize again. Terraform Labs helped develop a digital asset blockchain called "Terra." One of the digital assets supported by the Terra blockchain was an algorithmic stablecoin known as "TerraUSD," or simply "UST." By design, UST performed as a stablecoin through its algorithmic "mint/burn" mechanism.

    The SEC alleges in the Underlying Action that Terraform Labs made false representations publicly about the stability of UST. Specifically, the SEC asserts that Terraform Labs misrepresented how well the "mint/burn" design would allow UST to withstand market forces. The SEC further alleges that, due to Terraform Labs purported misrepresentations, a market event occurred that caused the destabilization of UST stablecoin, such that the stablecoin become "depegged" from the U.S. dollar during the approximate period May 6 to May 12, 2022 (the "May 2022 Depeg").

    As we have previously informed you, Terraform Labs strongly disputes the SEC's allegations. Terraform Labs contends that the market destabilization that occurred did not result from instability in the algorithm underlying the UST stablecoin. Instead, Terraform Labs contends that the market was destabilized due to the concerted, intentional effort of certain third party market participants to "short" and cause UST to depeg from its one dollar price. *See, e.g.*, Terraform Labs's Answer in the Underlying Action, ¶ 170.

    As noted, the information that Terraform Labs seeks here from the Citadel is limited: documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022. This information is essential to Terraform Labs' defense, because Terraform Labs must determine why the May 2022 Depeg occurred, whether Citadel participated in the May 2022 Depeg, and whether Citadel coordinated with others in these efforts to short UST.

As we described previously to you, there is publicly-available evidence suggesting that the head of Citadel, Ken Griffin, intended to short UST at or about the time of the May 2022 Depeg. Moreover, Terraform Labs has now obtained evidence suggesting ███████████████████████████████████████████████████████████████████████████████████████████████████████████████

All of this information was provided to you during our prior meet and confers and in the documentation provided to you or to which we referred.

In short, the limited, specific trading strategy document(s) sought from Citadel is highly relevant to Terraform Labs' defense in the Underlying Action, and this defense will be substantially impaired if the Citadel Entities are successful in withholding this limited information.

Our substantial meet and confer efforts to date demonstrate we more than meet our obligations under Rule 45(d)(1). Your client has not met their obligations under Rule 45.

For now, we intend only to move to compel against Citadel Securities, LLC. Again, please let us know if you will consent to the filing of relevant portions of our motion to compel under seal. We hereby reserve all rights and remedies.

**EKL&J** | ELLIOTT KWOK LEVINE & JAROSLAW LLP

Matthew L. Levine
mlevine@ekljlaw.com | Direct: +1 (646) 777-4513

565 Fifth Avenue, 7th Floor, New York, NY 10017
Tel: +1 (212) 321-0510 | www.ekljlaw.com

---

**From:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>
**Sent:** Monday, October 9, 2023 8:59 AM
**To:** Matt Levine <mlevine@ekljlaw.com>; Rachel Rodriguez <rrodriguez@ekljlaw.com>; Laura Longobardi <llongobardi@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>
**Subject:** Re: SEC v. Terraform Labs – subpoena response

**CAUTION:** WARNING -- EXTERNAL EMAIL

Matt:

On Oct. 8, Terraform notified us that it intended to proceed with a motion to compel against Citadel Enterprises America and Citadel Securities—non-parties to the *SEC v. Terraform* litigation. In light of the disclosures that we have made to date, this email was surprising, to say the least.

As to Citadel Enterprises America, we have represented that, during the relevant time periods, it did not trade in the crypto at issue, had no interactions with the target wallets, and therefore has no responsive documents. Please provide your Rule 11 basis for proceeding with a motion to compel as to Citadel Enterprises America.

Likewise, as to Citadel Securities, we have produced documents showing that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Faced with these disclosures, you have not offered any description of the relevance for further discovery regarding the May 2022 depeg.  Please provide your Rule 11 basis for proceeding with a motion to compel as to Citadel Securities.

A motion to compel will pile additional burden on non-parties Citadel Enterprises America and Citadel Securities. As you know, Rule 45(d)(1) also provides that an "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Further, it states that the enforcing court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

If Terraform decides to proceed with this motion to compel, we intend to pursue any sanctions that the court views as appropriate.

Mac

--

## BartlitBeck LLP

Mac LeBuhn | p: 312.494.4469 | c: 847.804.2246 | Mac.LeBuhn@bartlitbeck.com  | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Matt Levine <mlevine@ekljlaw.com>
**Date:** Sunday, October 8, 2023 at 4:39 AM
**To:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>, Rachel Rodriguez <rrodriguez@ekljlaw.com>, Laura Longobardi <llongobardi@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>
**Subject:** RE: SEC v. Terraform Labs – subpoena response

**Caution:** External Message
Mac,

Terraform Labs intends to file a motion to compel based on the Citadel Entities refusal to provide documents relating to the trading strategies, as set forth in our prior email correspondence.

This email is to inform you that we intend to make a motion to file under seal the portion of our motion to compel that references the single document that Citadel Securities produced to us, in light of your designation of confidentiality for that document under the Protective Order in the Underlying Action.   Please let us know by Monday morning 10 am ET whether you have any objection to the motion to seal.  Thank you - Matt

**E K L & J | ELLIOTT KWOK LEVINE & JAROSLAW LLP**

**Matthew L. Levine**
mlevine@ekljlaw.com | Direct: +1 (646) 777-4513

565 Fifth Avenue, 7th Floor, New York, NY 10017
Tel: +1 (212) 321-0510 | www.ekljlaw.com

**From:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>
**Sent:** Thursday, September 28, 2023 2:26 PM
**To:** Matt Levine <mlevine@ekljlaw.com>; Rachel Rodriguez <rrodriguez@ekljlaw.com>; Laura Longobardi <llongobardi@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>
**Subject:** SEC v. Terraform Labs – subpoena response

**CAUTION:** WARNING -- EXTERNAL EMAIL

Matt:

I am writing to follow up on our Sept. 26 call and to clarify the positions for Citadel and Citadel Securities, including because your Sept. 27 email mischaracterizes the parties' positions.

**All documents reflecting any interaction of any type with any of the Target Wallets (as defined in the Subpoena) during the time period April 1, 2018 through the Present.** Neither entity has had any interaction of any type with any of the Target Wallets during the time period April 1, 2018 through the present.

**All documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022.** Neither entity will search for, review, or produce documents in response to this Request.

As we stated on the Sept. 26 call, Terraform's request is overbroad and unduly burdensome, particularly in view of the low relevance that any such documents would have.

Citadel has no trading in the Terra Financial Instruments or the Terra-Native Tokens and therefore has no responsive documents. And Citadel Securities ███████████████████████ Terraform has not articulated how any trading strategy, to the extent one exists, would be relevant to the activities leading to the May 2022 Depeg. In addition, the low relevance of these documents, to the extent any such documents exist, must be balanced against the business-sensitive information being sought.

**All transaction records for any trading in any of the Terra-Native Tokens during the period May 1 through May 20, 2022./All transaction records for any trading in any of the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022.** As above, Citadel had no such trading. There are no records to produce.

███████████████████████████████████████████████████████████

Best,
Mac

--

4

BartlitBeck LLP

Mac LeBuhn | p: 312.494.4469 | c: 847.804.2246 | Mac.LeBuhn@bartlitbeck.com  | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

BartlitBeck LLP

5