UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-MC-23855-KMM

**TERRAFORM LABS PTE. LTD.**,

    Movant,
v.

**CITADEL SECURITIES, LLC**,

    Respondent.
_____/

**RESPONDENT'S, CITADEL SECURITIES, LLC, UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO MOVANT'S MOTION TO COMPEL COMPLIANCE WITH ITS NON-PARTY SUBPOENA DUCES TECUM OR, ALTERNATIVELY, TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK**

Respondent, CITADEL SECURITIES, LLC, pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and Local Rule 7.1(a) of the Local Rules for the Southern District of Florida, hereby files this Unopposed Motion for Extension of Time to Respond to Movant's Motion to Compel Compliance with Its Non-Party Subpoena Duces Tecum or, Alternatively, to Transfer to the Southern District of New York  ("Unopposed Motion"), and states:

1. On October 10, 2023, Movant entered its initial filing in this case titled "Movant Terraform Labs PTE. Ltd.'s Memorandum of Law in Support of Its Motion to Compel Complaint with Its Non-Party Subpoena Duces Tecum or, Alternatively, to Transfer to the Southern District of New York" (hereinafter "Motion to Compel") [ECF No. 1].

2. Respondent's out-of-state counsel agreed to accept service via email that same day.

3. Prior to filing, Movant secured local counsel [ECF No. 1, pp. 1, 23].

4. On October 12, 2023, Movant's out-of-state counsel filed motions to appear *pro hac vice* which were granted that same day.

5. Respondent, upon receipt of the Motion to Compel, had to obtain local counsel in order to prepare its response.

6. It recently did so and Respondent's local counsel filed their Notices of Appearance on October 17 and 18, 2023 [ECF Nos. 16, 17].

7. Upon a review of the Local Rules and the "Discovery Practices and Procedures for Magistrate Judge Lauren Louis," it is counsel for Respondent's understanding and belief that it is held to the "Requirements and Timing" deadlines outlined by Local Rule 7.1(c)(1), requiring its opposing memorandum of law to be filed "no later than fourteen (14) days after service of the motion."

8. Therefore, Respondent's deadline to respond to the Motion to Compel is October 24, 2023.

9. Respondent respectfully requests a brief extension of time to respond to the Motion to Compel for the following reasons:

    a. Respondent needed time to secure local counsel for its representation, and has been disadvantaged in its ability to utilize the full fourteen (14) day time period to respond to the Motion to Compel.

    b. Like an initial pleading, Movant's Motion to Compel is the initial filing in this case. The body of the Motion to Compel is eighteen (18) pages in length [ECF No. 1]. There are also twelve (12) Exhibits to the Motion to Compel [ECF Nos. 1-1 through 1-12], totaling 206 additional pages.

2

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

|     | |
| --- | --- |
|     | Respondent needs sufficient time to review these documents in order to properly respond. |
| c.  | Typically, in response to an initial pleading, a Respondent has twenty-one (21) to sixty (60) days to file its Answer. *See* Fed. R. Civ. P. 2(a)(1)(A)(i)–(ii). However, the initial filing in this case is a motion to compel – not a "pleading." Respondent is, therefore, not afforded the time period it would typically have to respond to an initial pleading. |
| d.  | Because the Motion to Compel is not a "pleading," Respondent's counsel views the initial filing in this case – the Motion to Compel – to be bound, instead, by Local Rule 7.1(c)(1), providing that Respondent must respond to the Motion to Compel within fourteen (14) days of service. |
| e.  | While the discovery dispute is ultimately about whether or not the discovery requested is within the scope of Rule 26(b)(1), the context surrounding the dispute is complex, as it is related to a complex cryptocurrency action – a novel area of the law. Movant's claim the discovery they seek from Respondent – a non-party – is essential to their defense in the underlying action. Therefore, the novel facts and area of law surrounding cryptocurrency will need to be explored in Respondent's Response Memorandum and Respondent needs sufficient time to properly do so. |
| f.  | The hearing date is set for November 9, 2023, a date agreed upon by the parties and proposed to this Court. |

3

      g.      The parties agree to a brief, six-day extension of time, through and including October 30, 2023, for Respondent to respond to the Motion to Compel. This will not cause a delay in the proceedings.

10.      For the above-listed, good-cause reasons, Respondent respectfully requests a brief extension, with a new response deadline of **October 30, 2023**.

11.      Respondent has not filed this Unopposed Motion for purposes of undue delay or to prejudice any party.

12.      Undersigned counsel for Respondent conferred with Movant's counsel about the extension of time to respond to Movant's Motion to Compel. Movant does not oppose the requested extension.

13.      A proposed Order is attached hereto as Exhibit "A."

**WHEREFORE**, for the foregoing reasons, Respondent, Citadel Securities, LLC, respectfully requests this Court grant this Unopposed Motion, enter the proposed Order, extend the time for Respondent to file its response to Movant's Motion to Compel, through and including October 30, 2023, and grant any other and further relief the Court deems just and proper.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Movant regarding the relief requested in this Unopposed Motion. Movant does not oppose the requested extension of time.

Dated: October 20, 2023                      Respectfully submitted,

                                                          By: *s/ Kendal A. Rinko*

4

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

        KENDAL A. RINKO
Florida Bar No.: 1003916
E-Mail: krinko@stearnsweaver.com
EUGENE STEARNS
Florida Bar No.: 149335
E-mail:  estearns@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile:  (305) 789-3395

*Attorneys for Respondent Citadel Securities, LLC*

5

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Kendal A. Rinko*
Kendal A. Rinko, Esq.

**SERVICE LIST**

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard Suite 300
Coral Gables, Florida 33134
Luis E. Suarez - lsuarez@hsmpa.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, NY 10017
Matthew L. Levine - mlevine@ekljlaw.com
Rachel J. Rodriguez - rrodriguez@ekljlaw.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

*Via: CM/ECF*