**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

TERRAFORM LABS PTE. LTD.,

   Movant,

-vs.-

CITADEL SECURITIES LLC,

   Respondent.

Misc. Case No.: 23-MC-23855

[Re: Civil Action No. 23-cv-1346,
Action pending in the United States District
Court for the Southern District of New York,
Hon. Jed S. Rakoff]

**CITADEL SECURITIES LLC'S RESPONSE TO MOVANT TERRAFORM LABS'**
**MOTION TO COMPEL COMPLIANCE WITH ITS NON-PARTY SUBPOENA**

**STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A.**
EUGENE STEARNS, ESQ.
KENDAL A. RINKO, ESQ**.**
150 West Flagler St., Ste. 2200
Miami, FL 33130
Telephone:  (305) 789-3200
Facsimile:  (305) 789-3395
E-Mail: estearns@stearnsweaver.com
E-Mail: krinko@stearnsweaver.com

*Attorneys for Respondent Citadel Securities LLC*

The Securities and Exchange Commission has detailed well-supported charges of securities fraud against Terraform Labs PTE Ltd. ("Terraform") for its involvement in a May 2021 scheme with Jump Trading LLC ("Jump") to cheat investors. They conspired to pump up the asset prices of a cryptocurrency that Terraform offered and then lied to the investing public about it for more than a year. Their house of cards came tumbling down in May 2022, resulting in devastating losses to their unsuspecting retail investors. Unsurprisingly, Do Kwon, Terraform's former CEO, has been indicted in the Southern District of New York on eight counts of fraud—and it is yet unknown whether others will be charged, as additional criminal investigations remain underway.

To deflect attention from these allegations (and likely the crimes yet to be discovered), Terraform uses a motion to compel to pursue a ridiculous conspiracy theory "exposing" the purportedly hidden role of Citadel Securities in its self-imposed disaster. Not only is the time period of the request irrelevant, but the theory is baseless. Its motion rests on social media, including the account of pseudonymous user "Gigantic Rebirth" who posted that Ken Griffin divulged his plans over their twice monthly lunch and a "nice bacon rib." This, of course, is absurd on its face. It also requires the Court to overlook the discovery in this matter, which shows that in March 2022, nearly a year after the relevant 2021 scheme, Citadel Securities engaged in only two test transactions with a collective value of roughly thirteen cents. Terraform knows that Citadel Securities could not and did not play the role it suggests in its motion to compel.

Indeed, there is simply no basis for the Court to impose upon this non-party the burden to participate in a fishing expedition where there is no colorable evidence of a single fish. Because Terraform has no good-faith basis for its requests, the Court should reject its effort to abuse the discovery process and provide sanctions as it deems appropriate.

**BACKGROUND**

    A.    **SEC charges Terraform with misleading investors about the May 2021 depeg**

In April 2023, the SEC filed an amended complaint laying out a troubling case against Terraform and its founder, Do Hyeong Kwon, that detailed a pattern and practice of rampant investor fraud. Ex. A to Mot. to Compel (Am. Compl.). As alleged, Terraform offered crypto asset securities, including LUNA and UST. Am. Compl. ¶¶ 32-33. Terraform falsely advertised that its algorithm ensured that the value of UST would be pegged to $1. *Id.* ¶¶ 6, 33. Specifically, "Terraform and Kwon [] misled investors about one of the most important aspects of Terraform's offering—the stability of UST, the algorithmic 'stablecoin' purportedly pegged to the U.S. dollar." *Id.* ¶ 6. In May 2021, UST lost its peg to the dollar. *Id.* ¶¶ 7-8. Terraform then conspired with one of its backers, Jump, to restore UST's peg to the dollar.

As the SEC has charged, Terraform "secretly discussed with a third party that the third party would purchase massive amounts of UST to restore the $1.00 peg." *Id.* ¶ 7. In its motion to compel, Terraform concedes that the third party was Jump. Mot. to Compel at 5. And Jump's motivations were hardly altruistic. The SEC alleged that Jump and Terraform secretly agreed that, in exchange for its assistance, Jump would obtain Terraform's cryptocurrencies at a significant discount, yielding a billion-dollar profit. Am. Compl. ¶ 161. The secret conspiracy between Jump and Terraform worked: the UST regained its $1 peg in May 2021. *Id.* ¶ 8. "After the UST peg was restored in May 2021, investors poured additional billions of dollars into the Terraform ecosystem, mostly through investor purchases of LUNA and UST." *Id.*

At the same time, Terraform and Kwon began lying to investors about how UST had regained its peg. *Id.* ¶¶ 153-154. "Defendants falsely and misleadingly represented to the public that UST's algorithm had successfully re-pegged UST to the dollar, giving the investing public the

2

false and misleading impression that the re-peg had occurred without human intervention and misleadingly omitting the real reason for the re-peg: intervention by [Jump]." *Id.* ¶ 154.

These misrepresentations about the May 2021 depeg form the basis of the relevant SEC fraud claims. As Judge Rakoff held when denying Terraform's motion to dismiss, "the SEC has plausibly alleged both that the defendants ascribed the 're-peg' to the 'self-healing' effects of the UST/LUNA algorithm and that the defendants knew that it was, in reality, a third-party investor that had stabilized the UST tokens value." Ex. 1, *SEC v. Terraform Labs PTE Ltd. et al.*, Case 1:23-cv-1346 (JSR), Dkt. 51 at 49 (MTD Order).

Terraform rested its crypto ecosystem on a foundation of ongoing misrepresentations to investors—and that ecosystem, held together by lies and the overarching fraud, unsurprisingly crashed again. In May 2022, UST again lost its peg to the dollar. Am. Compl. ¶ 170. As the SEC alleges, the May 2022 depeg arose from "several factors," "including the sale of large amounts of UST by one or more sophisticated trading firms beginning on or about May 7, 2022." *Id.*

At bottom, the SEC alleged that Terraform began to defraud its investors after the May 2021 depeg by obscuring Jump's role. In May 2022, that scheme unraveled.



### B.  Terraform issues third-party discovery to Citadel Securities

In the underlying SEC enforcement action, the Court set a case management order with case deadlines: initial written discovery would be served as of April 24, fact discovery would close on October 13, and the parties would be ready for trial by November 17. Ex. E at 1. Yet Terraform waited until August 1 to serve Citadel Securities with a subpoena. Ex. F. In relevant part, Terraform sought "[a]ll documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022." Mot. to Compel at 11-12. Citadel Securities timely served its response and objections on August 25, 2023. Ex. H; Mot. to Compel at 11. After several meet-and-confers, Citadel Securities agreed to produce discovery showing that, in March 2022, it had engaged in two test transactions, one of which involved Citadel Securities holding its position for about three seconds and the other for 14 minutes. LeBuhn Decl. ¶¶ 5-6. They had a total transaction value of approximately thirteen cents. *Id*. These *de minimis* transactions were months prior to the second depeg in May 2022. *Id.* Given its miniscule role in trading, Citadel Securities did not agree to Terraform's remaining request for trading strategies relating to the crypto currencies at issue as—even if the strategies did exist, which has not yet been assessed—they are clearly irrelevant. *Id.* at 11-12.

Rather than meaningfully explain to Citadel Securities why such a broad search was remotely relevant, Terraform rushed this request to court, based on anonymous online satire and conjecture. Indeed, Terraform filed its motion days before the close of fact discovery, and now the Court will hear the dispute after the close of fact discovery and less than two weeks before Terraform must be ready for trial. *See* Ex. E.

### ARGUMENT

The relevant issue in the SEC's enforcement action is whether Terraform, in concert with Jump, defrauded investors in May 2021 by misleading them about UST's viability as a

4

cryptocurrency. Rather than attempting to rebut the SEC's detailed allegations, Terraform instead appears to be trying to change the subject and deflect attention away from its fraud with a last-second discovery demand.[1] Its effort rests on anonymous posts from dark corners of the internet that espouse absurd conspiracy theories that have no connection to the securities fraud that the SEC alleges Terraform and Jump committed. It seeks discovery of trading strategies from a non-party that engaged in two test trades a year after the alleged misconduct took place. In moving to compel this discovery, Terraform asks the Court to ignore that its request would not pertain to the May 2021 fraud and ignore discovery showing that Citadel Securities *never* meaningfully traded Terra-Native Tokens or the Terra Financial Instruments in the relevant period. The Court should deny this meritless motion.

I. **Terraform's subpoena does not relate to its defense against the SEC's well-pled charges that it, along with Jump, defrauded investors in May 2021**

Under Rule 26(b)(1), discovery is allowed if it is relevant to a party's claim or defense and proportional to the needs of the case, which requires considering "whether the burden or expense of the proposed discovery outweighs its likely benefit." Terraform seeks irrelevant information that, even if it were relevant, is plainly disproportionate to its burden and expense.

As Terraform itself describes the underlying charges against it, the SEC contends that "after the May 2021 Depeg, Movant repeatedly misrepresented the cause of UST's recovery to the $1 peg, by falsely claiming that the algorithm was able to restore and maintain the price peg." Mot. to Compel at 5. Put differently, the heart of the SEC's allegations against Terraform are the

---

[1] Local Rule 26.1(g)(2)(A)(i) provides that any dispute should have been brought to the Court within 28 days of Citadel Securities' August 25 response and objections. Terraform does not attempt to justify its delay in raising the issue for the Court, which it did three days before the October 13 close of fact discovery. Mot. to Compel at 10. The parties must be ready for trial by November 17. Ex. E at 1. The Court should deny this motion as untimely. *See Munro v. Fairchild Tropical Botanic Garden, Inc.*, Case. No. 1:20-cv-20079-SINGHAL/LOUIS, 2021 WL 11960970, at *1 (S.D. Fla. May 6, 2021). The motion is also eight pages over the limit. Local Rule 26.1(g)(3).

misrepresentations and omissions about Jump's role in the May 2021 restoration of the UST peg. *See, e.g.,* Am. Compl. ¶¶ 6-8. Terraform and Jump's decision to enter into a secret agreement to restore UST—and then lie to the investing public about it—has spawned numerous other lawsuits and investigations beyond the underlying litigation that gave rise to this subpoena.

Indeed, in the Northern District of Illinois, a class of defrauded investors contend that Jump unjustly enriched itself through violations of the Commodity Exchange Act and commodities regulations. *See* Ex. 2, *Kim v. Jump Trading, LLC & Kanav Kariya*, Case No. 1:23-cv-02921, Dkt. 1 (N.D. Ill. May 9, 2023). They allege Terraform and Jump "secretly schemed" to "giv[e] the market the false and misleading impression that the re-peg had occurred without the active intervention of Jump's massive purchases of UST, that TFL's algorithm worked, that UST was likely to remain effectively pegged to $1, and that UST and aUST were far more valuable and less risk than was in fact the case." *Id.* ¶¶ 4, 54.  Similarly, in the Northern District of California, a class of investors allege that Jump, Terraform, and others violated the securities laws, RICO, and state laws by the same conduct. *See* Ex. 3, *Patterson v. Terraform Labs, PTE Ltd., Jump Trading LLC et al.*, Case No. 22-cv-03600-TLT, Dkt. 102 (N.D. Cal. Feb. 23, 2023). In addition, the founder of Terraform, Do Kwon, was indicted on eight counts of criminal fraud. Ex. 4, *United States v. Kwon*, 1:23-cr-00151-JPC, Dkt. 1 (S.D.N.Y. Mar. 23, 2023) (Indictment).

All of these lawsuits share a characteristic:  they allege that Terraform, Kwon, and Jump agreed to deceive the investing public about Jump's involvement in propping up Terraform's deficient cryptocurrency offerings—or, said another way, that they committed securities fraud in May 2021. Terraform's discovery requests to Citadel Securities do not relate to that allegation. They instead seek documents from a period one year after the fact: from March 1 through May 31, 2022. "When relevancy is not apparent, the burden is on the party seeking discovery to show the

relevancy of the discovery request." *Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011) (quashing subpoena seeking irrelevant information). Terraform does not meet this bar. Rather, Terraform posits a convoluted theory of relevance: that Citadel Securities, among others, must have made trades that led to the May 2022 crash of UST, which would somehow undo Terraform's fraudulent conduct in May 2021. Not only is this request irrelevant, Terraform did not direct it to the right party.

First, the needless exploration of the May 2022 crash does not support Terraform's defense, as it would not disprove the fraud that commenced in May 2021.[2] And, on top of that, Terraform obtained discovery from Citadel Securities showing that it did not meaningfully trade in the relevant cryptocurrencies, making an exploration of Citadel Securities' trading strategies particularly unhelpful and irrelevant. Terraform seeks discovery of hypothetical strategies Citadel Securities might have had that it did not act upon. Rule 26(b)(1) only allows discovery that is "proportional to the needs of the case," which requires considering "whether the burden or expense of the proposed discovery outweighs its likely benefit."

Even if Terraform's theory of relevance was somehow legitimate (which it is not), this Court has noted that a subpoena seeking relevant information may still be declined if the request is disproportionate to the needs of the case. *Marine Depot Int'l, Inc. v. James River Grp., Inc.*, Case No. 19-CV-24821-WILLIAMS/LOUIS, 2020 WL 7493110, at *3 (S.D. Fla. Oct. 23, 2020). In *Marine Depot*, this Court declined to enforce overbroad requests against a non-party when the requested discovery was available from others. *Id.* Terraform's requests to Citadel Securities are similarly disproportionate, given that other firms actually involved in the May 2022 depeg are

---

[2] Indeed, this fact would be consistent with the SEC's allegations: "Several factors contributed to the [May 2022] crash, including the sale of large amounts of UST by one or more sophisticated trading firms beginning on or about May 7, 2022." Am. Compl. ¶ 170.

7

better positioned to provide relevant discovery. *See also Dellacasa, LLC v. John Moriarty & Assocs. of Fla. Inc.*, No .07-216 CIV, 2007 WL 4117261, at *3 (S.D. Fla. Nov. 16, 2007) (denying motion to compel third party subpoena where the requested documents would have no bearing on the defense). Here, Terraform's unbounded request is plainly disproportionate, as it seeks "all documents" relating to any trading strategies in the cryptocurrencies at issue, regardless of whether trading occurred or not. The requested Citadel Securities documents are not relevant, and the review and production would be disproportionate to any benefit. Indeed, asking a financial firm like Citadel Securities for "all documents" relating to trading strategies, even if a specific trade was never made, is like asking an architecture firm for all documents relating to its "building designs," even if a specific building was never built. The general scope of the request could touch on all aspects of the business. Accordingly, the Court should deny the motion.

**II.     Even if the subpoena sought information relevant to the SEC matter, Terraform relies on baseless social media posts and speculation to support its request**

Terraform presents the Court with a motion to compel while knowing discovery from Citadel Securities is not relevant to its defense. During the meet and confer process, Citadel Securities produced documentation revealing that months before the 2022 depeg, it executed two test transactions with a value lower than a quarter. LeBuhn Decl. ¶¶ 5-6. While Terraform seeks to argue the May 2022 depeg was caused by concerted action by certain market participants to short UST, it would have the Court ignore Citadel Securities' actual trade activity and approve the discovery request based solely on social media rumors and satire. Mot. to Compel at 8.

Terraform's *own motion* describes these social media posts as "rumors." *Id*. And the social media posts *themselves* characterize the information as "rumors." In the @JacobCanfield tweet—which Terraform dresses up as "open-source information"—the social media post simply states that "Rumor is citadel is the culprit." *Id.* Likewise, the Discord post from pseudonymous user

"Gigantic Rebirth," claiming a bi-monthly lunch of "bacon rib" with Ken Griffin, is also garbage.[3] As Exhibit D depicts, users reacted to the post with laughing emojis and a frog holding a briefcase—hardly indicators that Gigantic Rebirth's posts are a credible source. *See* Ex. D at 1.[4] This "supporting material" is inappropriate in a court of law, and should be rejected. "While there are many arenas—including print, television, and social media—where protestations, conjecture, and speculation may be advanced, such expressions are neither permitted nor welcomed in a court of law." *Lake v. Hobbs*, 643 F. Supp. 3d 989, 1008 (D. Ariz. 2022) (citation omitted).

Citadel Securities produced trading data to Terraform showing that it only engaged in two March 2022 test transactions with an approximate market value of thirteen cents. LeBuhn Decl. ¶¶ 5-6. These nominal transactions occurred months before the May 2022 depeg, which involved billions of dollars. *See* Ex. C at 3, 7 (the May 2022 trading involved "major outflows in UST deposits" that led to "a daily record in trading volumes with over $3.3bn"). Terraform knows that Citadel Securities' activity played no role in the May 2022 depeg.

The Court should decline to enforce this unsupported subpoena. Citadel Securities, which did not engage in the trading at issue, is not the "most appropriate depository of this information." *AFSCME Council 79*, 277 F.R.D. at 478 (quashing third-party subpoena given that the requesting party could better obtain the information from other sources). "While Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that

---

[3] He also cracked that Griffin was "going to soros the f*** out of luna ust." *See* Ex. D.

[4] If Terraform had conducted the "reasonable inquiry" that Rule 11 requires, it would have known that Gigantic Rebirth was not a disinterested observer: he had entered into multi-million-dollar bets against Terraform's success. *See, e.g.,* Crypto Briefing, *Whale Who Bet Do Kwon $10 Million That Luna Would Fail Is At It Again*, https://cryptobriefing.com/whale-who-bet-do-kwon-10m-that-luna-would-fail-is-at-it-again/ (last accessed on Oct. 19, 2023). Given these substantial bets against Terraform, Gigantic Rebirth had motivation to suggest that prominent entities were also going after the Terraform ecosystem.

amount to nothing more than a 'fishing expedition[.]'" *Dellacasa*, 2007 WL 4117261, at *2 (cleaned up) (rejecting third-party subpoena based on speculation).

### III. The Court should sanction Terraform for its spurious and harassing request

Citadel Securities asks that the Court sanction Terraform for its baseless and harassing discovery requests. There are multiple grounds to do so. Under Rule 45(d)(1), Terraform had a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." In *Marine Depot*, the requesting party failed to avoid imposing an undue burden and this Court awarded costs, including legal fees. *Marine Depot*, 2020 WL 7493110, at *4. The Court may also consider sanctions under 28 U.S.C. 1927 or its inherent authority. *Hyde v. Irish*, 962 F.3d 1306, 1310-11 (11th Cir. 2020). Under Section 1927, the Court must find that Terraform's conduct "grossly deviates from reasonable conduct" and, under its inherent authority, the Court must find "evidence of conduct so egregious that it could only be committed in bad faith." *Id.* at 1310. Terraform's conduct easily meets all of these standards.

Following good-faith meet-and-confers, Citadel Securities produced documents showing that it did not engage in the trading leading to the May 2022 depeg. Ignoring this discovery, days before the close of fact discovery, Terraform barreled forward with a motion to compel based solely on social media posts that conveyed jokes and "rumors." Terraform did not try to avoid an undue burden, it acted outside what was reasonable, and it could only be committed in bad faith.

## CONCLUSION

For the above reasons, Citadel Securities respectfully asks the Court to deny Terraform's motion to compel. Citadel Securities further requests that the Court impose appropriate sanctions, including but not limited to attorneys' fees and costs.

Dated: October 25, 2023

Respectfully submitted,

/s/ Eugene Stearns
EUGENE STEARNS
Florida Bar No.: 149335
E-mail: estearns@stearnsweaver.com
KENDAL A. RINKO, Esq.
Florida Bar No.: 1003916
E-Mail: krinko@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER ALHADEFF
& SITTERSON, P.A.
150 West Flagler St., Ste. 2200
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Attorneys for Respondent Citadel Securities LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record who are registered participants in the Court's electronic notice and filing system.

/s/ Eugene Stearns
Eugene Stearns, Esq.

## SERVICE LIST

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard Suite 300
Coral Gables, Florida 33134
Luis E. Suarez  - lsuarez@hsmpa.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, NY 10017
Matthew L. Levine - mlevine@ekljlaw.com
Rachel J. Rodriguez - rrodriguez@ekljlaw.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

*Via: CM/ECF*