UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-MC-23855

| | |
|---|---|
| TERRAFORM LABS PTE. LTD.,<br><br>Movant,<br><br>- vs. -<br><br>CITADEL SECURITIES, LLC<br><br>Respondent. | [Re: Civil Action No. 23-cv-1346,<br>Action pending in the United States District<br>Court for the Southern District of New York,<br>Hon. Jed S. Rakoff] |

**MOVANT TERRAFORM LABS PTE. LTD.'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH
ITS NON-PARTY SUBPOENA DUCES TECUM OR, ALTERNATIVELY, TO
<u>TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK</u>**

**HEISE SUAREZ MELVILLE, PA**
2990 Ponce De Leon Blvd, Suite 300
Coral Gables, Florida 33134
Luis E. Suarez
Florida Bar No. 390021
lsuarez@hsmpa.com
R. Jordan Richardson
Florida Bar No. 1044694
jrichardson@hsmpa.com

**ELLIOTT KWOK LEVINE &
JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, New York 10017
Tel: (212) 321-0510
Matthew L. Levine
(admitted *pro hac vice*)
mlevine@ekljlaw.com
Rachel J. Rodriguez
rrodriguez@ekljlaw.com
(admitted *pro hac vice*)

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.     The Court Should Compel Production of the Narrow Discovery Sought .......................... 2

    II.    No Sanctions Are Warranted Against Movant ..................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re American Kidney Fund, Inc.*,
  Civ. No. TDC-17-1787, 2019 WL 189248 (D. Md. Apr. 29, 2019) ........................................... 7

*Ctr. for Individual Rts. v. Chevaldina*,
  2017 WL 5905191 (S.D. Fla. Nov. 29, 2017) ........................................................................... 2

*Sallah v. Worldwide Clearing LLC*,
  855 F. Supp. 2d 1364 ................................................................................................. 1, 2, 3, 6

*State Farm Mutual Auto. Ins. Co. v. Maistrenko*,
  2020 WL 486271 (S.D. Fla., Jan. 30, 2020) ............................................................................. 2

*Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*,
  2016 WL 1658765 (S.D. Fl. Apr. 26, 2016) ............................................................................. 6

**Statutes**

28 U.S.C. § 1927 ............................................................................................................................ 6

**Rules**

Fed. R. Civ. P. 45(d)(1) ................................................................................................................. 6

Rule 45 ........................................................................................................................................... 7

**PRELIMINARY STATEMENT**

Non-party Citadel Securities, LLC ("Citadel") concedes that, in March 2022, it conducted four "test" trades in a derivatives contract involving (a) the largest stablecoin by capitalization, "Tether" ("USDT"), and (b) "LUNA," which is one half of the algorithmic coin pair of another stablecoin, "Terra" ("UST"). (Rodriguez Supp. Dec., Ex. L.)[1] This was at about the same time other traders undertook to manipulate the Terra/LUNA algorithmic stablecoin by causing it to depeg from its $1 value.

When information seeped into markets that Citadel appeared to be shorting UST, Citadel sought to mislead the public on social media and elsewhere, declaring, **"[*Citadel Securities*] *does not trade stablecoins, including UST*** ."[2] A likely reason for that apparent misrepresentation is that Citadel had been quietly "testing" its ability to participate in an emerging, concerted effort to short UST and cause it to depeg, or to take advantage of an effort to short UST by other market participants, to the benefit of itself and these market manipulators. (*See* Terraform Ans. ¶ 170).

Citadel now seeks to shield from discovery its trading strategy document(s) that may uncover its potential participation in this market manipulation event. Because these documents are essential to Movant Terraform Labs Pte. Ltd.'s ("Movant") defense in the Underlying Action, and because Citadel's objections are legally infirm, *e.g., Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012 ("claims of undue burden should be supported by a

---

[1] "Rodriguez Supp. Dec." refers to the Supplemental Declaration of Rachel J. Rodriguez filed in further support of this motion.

[2] https://twitter.com/dankeeler/status/1524466267054395394?lang=en  (available as of Nov. 2, 2023) (emphasis supplied); https://www.forbes.com/sites/michaeldelcastillo/2022/05/11/blackrock-and-citadel-deny-trading-cratering-stablecoin/?sh=57f5beab38f9 (available as of Nov. 2, 2023).

statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome" ), the Court should grant this motion to compel.

## ARGUMENT

I. **The Court Should Compel Production of the Narrow Discovery Sought**

Citadel resists the liberal standard applicable to non-party discovery, *State Farm Mutual Auto. Ins. Co. v. Maistrenko* , No. 19-CV-20850-mc-Scola, 2020 WL 486271, at *3 (S.D. Fla., Jan. 30, 2020) (explaining that a Rule 45 subpoena should be enforced unless the discovery sought has no possible bearing on the issues), by arguing the targeted discovery sought is "disproportionate to the needs of the case." (Resp. 7.)[3] One cannot find, however, in Citadel's Response any explanation as to how the targeted discovery sought is disproportionate or burdensome. (*Id.* 7-8.) Nor is there a Declaration submitted from a knowledgeable Citadel person supporting a claim of undue burden, as required.

That is because no legitimate explanation exists. *First*, Citadel should not be permitted to interpose this objection because it has refused to undertake even a preliminary review for the existence of a responsive trading strategy document and offers no other explanation as to why conducting this search is burdensome. Citadel's objections are "improper and without merit" because they "fail to sufficiently specify the grounds on which they are based." *Ctr. for Individual Rts. v. Chevaldina*, No. 16-20905-CIV, 2017 WL 5905191, at *5 (S.D. Fla. Nov. 29, 2017) (rejecting objections to subpoena that were vague and ambiguous). Citadel neglects to "explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome." *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012). "In addition,

---

[3] "Resp." refers to Citadel's Response to the Motion to Compel filed Oct. 25, 2022 [ECF No. 22].

claims of undue burden *should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome*." *Id.* (emphasis supplied).

Although Citadel submits a declaration from Mr. LeBuhn, one of its outside counsel [ECF No. 23], this one page declaration briefly describes Citadel's trading in Terra Financial Instruments, and lacks any information concerning any alleged burden suffered by Citadel, let alone "specific information demonstrating how the request is overly burdensome." Citadel's claim of disproportionality and undue burden is without force.

*Second*, the documents sought by Movant are a narrow subset of trading documents typically maintained by a major trading firm like Citadel, thus minimizing any burden. Responsive documents might include (a) a trading strategy memorandum, (b) a "backtesting" document related to an historical analysis of the intended trading strategy, and (c) internal emails or routine reports concerning execution and outcome.

Further, it is almost a certainty that Citadel's four "test" trades were conducted by the same Citadel trader. As a sophisticated trading entity that regularly responds to civil and regulatory subpoenas, Citadel knows exactly how to locate such documents without great effort.

*Third*, Citadel effectively concedes that the likely burden it will incur is minimal. Citadel has only produced a single responsive document showing -- in Citadel's words -- "de minimis" trading. (Resp. 3.) Logically, there ought to be a "de minimis" amount of documents associated with the trading strategy, casting serious doubt on Citadel's claim that the discovery sought is burdensome.[4]

---

[4] Nor is there any weight to Citadel's argument (Resp. 7) that documents held by other entities pertaining to the May 2022 Depeg relieve it of responsibility here. Movant has issued Rule 45 subpoenas to other trading entities and cryptocurrency exchanges, all of which have complied in a meaningful fashion.

3

*Fourth*, as noted in our opening memorandum (pp. 10-13), Movant has taken significant, good faith steps to minimize any burden on Citadel. For example, Movant provided Citadel with additional time to respond to the subpoena. Movant then significantly narrowed its requests to both Citadel Securities and Citadel Enterprise Americas during the meet-and-confer process. And when Movant was informed that no trading occurred at Citadel Enterprise Americas, Movant did not seek documents from **that entity** – only from Citadel Securities, where Citadel had conceded trading documents do exist.

*Fifth*, the documents sought are essential to Movant's defense in the Underlying Action. Citadel attempts to usurp the role of Judge Rakoff in the S.D.N.Y., issuing conclusive declarations that the limited discovery sought by Movant cannot be relevant or admissible. (Resp. 5-8.)[5] Indeed, Movant spends a significant portion of its brief arguing lack of relevance, and very little on burden allegedly imposed. Even so, Citadel is simply wrong about relevance: the positions actually taken in the Underlying Action by the SEC clearly demonstrate the relevance of the limited discovery sought from Citadel to support Movant's defense.

The SEC has indicated in court filings and other trial materials that the question of what caused the May 2022 Depeg is very much a live issue for trial in the Underlying Action. For example:

- The SEC alleges in its Amended Complaint that Movant "perpetrated a fraudulent scheme that led to the loss of at least $40 billion of market value, including devastating losses for U.S. retail and institutional investors." (Rodriguez Dec., Ex. A, ¶ 1.)

---

[5] Citadel provides erroneous information concerning the deadlines in the S.D.N.Y action: the court there denied Movant's motion to dismiss on July 31, 2023, and Movant served the instant Subpoenas the very next day. Discovery closed on October 17, 2023, and trial is scheduled for January 29, 2024. *SEC v. Terraform Labs*, 23-cv-1346 (S.D.N.Y.), Minute Entry, Oct. 13 2023.

- In seeking to exclude the testimony of one of Movant's experts in the Underlying Action, the SEC stated to Judge Rakoff, "*One year later, in May 2022, UST again de-pegged from a $1 price, **but this time no third party saved it.***" (Rodriguez Supp. Dec. Ex. M, at 4) (emphasis supplied).

- As demonstrated in another trial motion (this one filed by Movant to exclude an SEC expert), the SEC seeks to admit testimony from its own expert that "**the only reason the UST peg was restored in 2021, but not in 2022, was because of the supposedly 'intervening' trading by [Jump Trading] in 2021**."). (*Id.* Ex. N, at 15.) (emphasis supplied).

Thus, as Movant informed Citadel from the beginning -- and as set forth in our opening memorandum (at 15) -- this is precisely the issue about which Movant seeks discovery: to demonstrate that the May 2022 Depeg was caused by market manipulation, not the lack of intervention by Jump Trading.

Citadel's unusual interest in arguing the lack of relevance of Movant's discovery is a "tell." This is a complex matter, in another District, in which Citadel allegedly has no stake – that is, of course, unless Citadel is trying to conceal something such as its own role in the 2022 concerted effort to depeg UST.

Movant's key defense to the SEC's Amended Complaint -- that no party could save UST from the May 2022 Depeg because trading entities had been organizing since at least March 2022 to short UST -- may very well be supported by Citadel's trading strategy document(s). Citadel admits it traded in a stablecoin derivative involving LUNA in March 2022 four times, and Citadel may have been part of a group of traders organizing the short attack that ultimately depegged UST in May 2022. For all of these reasons, the Court should grant this motion to compel.

## II. No Sanctions Are Warranted Against Movant[6]

The Court should deny Citadel's request for sanctions under either Fed. R. Civ. P. 45(d)(1), 28 U.S.C. § 1927, or its inherent authority. Movant's Subpoena is well founded. As set forth in our opening memorandum (pp. 10-13), Movant agreed to additional time for Citadel to respond to the subpoenas; met and conferred with Citadel in good faith several times; significantly narrowed its discovery requests in terms of the documents sought and applicable time period; and did not pursue any documents from the other Citadel entity, Citadel Enterprise Americas -- all to minimize any burden on Citadel. When Citadel continued to stall, Movant timely sought relief. Citadel, on the other hand, failed to submit the required Declaration substantiating any claim of undue burden, *Sallah*, 855 F. Supp. 2d at 1376, and failed to otherwise show how it has incurred hardship. Nor does it appear Citadel complied with Local Rule 7.3(a) in connection with its application for attorney's fees and costs.

Citadel produced a single responsive document[7] and refused to look for any others. It asks the Court to sanction Movant, even though Citadel experienced no demonstrable burden. This request is upside down, and the Court should deny Citadel's request for sanctions. *See Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, Case No. 12-CIV-81397-Marra/Matthewman, 2016 WL 1658765, at **1, 6 (S.D. Fl. Apr. 26, 2016) (denying Rule 45(d)(1) sanctions where, *inter alia,*

---

[6] Movant respectfully submits this motion was timely. Citadel showed no urgency during the meet and confer process, and as recently as the day before Movant filed the instant motion, Citadel still sought to delay Movant's filing (*see* Rodriguez Dec., Ex. K.). Moreover, Citadel claims Movant "rushed" to this Court (Resp. 4), indicating Citadel actually believed this motion was not yet ripe. Movant also submits it complied with Local Rule 7.1(c)(2) because its opening brief was less than 20-pages, the limit for case-initiating applications such as this; to the extent the Court believes Local Rule 26.1(g)(3) applies, we respectfully request that the Court enlarge the page limit for that memorandum.

[7] Citadel erroneously asserts it produced "documents" to Movant (Resp. 10) -- it produced only a single page. (Rodriguez Supp. Dec., Ex. L.)

movant failed to make a "detailed showing by way of affidavit as to how the request is burdensome" and where party serving subpoena "did attempt to alleviate the burden and expense on the Non-Parties . . . when it agreed to limit production and agreed to extensions of time"); *In re American Kidney Fund, Inc.*, Civ. No. TDC-17-1787, 2019 WL 189248, at *6 (D. Md. Apr. 29, 2019) ("Where a serving party engages in good faith negotiations to resolve a conflict over its subpoena and to avoid imposing an undue burden, courts have declined to impose Rule 45 sanctions absent a showing that the subpoena was issued in bad faith, for an improper purpose, or in a manner inconsistent with existing law").

Dated:  November 6, 2023

                              Respectfully submitted,

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard
Suite 300
Coral Gables, Florida 33134
Telephone (305) 800-4476

By: /s/ Luis E. Suarez
Luis E. Suarez
Florida Bar No. 390021
lsuarez@hsmpa.com
R. Jordan Richardson
Florida Bar No. 1044694
jrichardson@hsmpa.com

                  and

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, NY 10017
(212) 321-0510

By: Matthew L. Levine
Matthew L. Levine (*Admitted Pro Hac Vice*)
mlevine@ekljlaw.com
Rachel J. Rodriguez (*Admitted Pro Hac Vice*)
rrodriguez@ekljlaw.com

*Attorneys for Movant Terraform Labs Pte. Ltd.*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2023 I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served on all parties via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Luis E. Suarez*
Luis E. Suarez
Florida Bar No. 390021