**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

TERRAFORM LABS PTE. LTD.,

     Movant,

-vs.-

CITADEL SECURITIES, LLC,

     Respondent.

_____/

Misc. Case No.: 23-MC-23855

[Re: Civil Action No. 23-cv-1346,
Action pending in the United States District
Court for the Southern District of New York,
Hon. Jed S. Rakoff]

**CITADEL SECURITIES, LLC'S RESPONSE TO MOVANT TERRAFORM LABS PTE. LTD.'S MOTION TO STRIKE CITADEL SECURITIES, LLC'S NOTICE OF REVISED RESPONSE TO THE PENDING DISCOVERY DEMAND [ECF NO. 35]**

On November 13, 2023, Respondent Citadel Securities, LLC ("Citadel Securities") filed a Notice of Revised Response to the Pending Discovery Demand [ECF No. 34] ("Notice"). The form of the Notice resulted from communications that included Citadel Securities' local counsel, Eugene Stearns of Stearns Weaver Miller. Terraform Labs Pte. Ltd. ("Terraform") moves to strike, suggesting the Notice is an improper effort to raise new arguments. [ECF No. 35].

Terraform Labs' response to the Notice is puzzling. The Notice did not present argument or supplement any earlier arguments. The Notice merely provided information that one would reasonably believe the Court and Terraform's counsel should have. It followed oral argument, when Terraform's counsel said – we believe – that in connection with its defense of claims against it brought by the SEC, Terraform is requesting documents describing any trading strategy and trades in which Citadel Securities acted by itself or in coordination with other trading firms to trade in Terra or Luna or to otherwise bring about the May 2022 depeg.

After the hearing, Citadel Securities conducted a search of its files and discovered the information provided in the Notice and advised the Court that, if the scope of the subpoena was, in fact, narrowed, Citadel Securities' burden argument would be withdrawn. One would think Terraform would find this information helpful.

It is unclear from Terraform's Motion as to whether it really disagrees with Citadel's belief that a reduced scope was presented to the Court. Terraform states that "to the best of the recollection of Terraform's counsel" there was no agreement to narrow the scope of Terraform's request. While the Motion follows with a correct observation that no transcript was presented with the Notice, the transcript, immediately requested, did not exist at the time of the filing of the Notice and is still not available at the time of this response.

Citadel's non-argumentative Notice hardly warranted the tone and content of the Motion to Strike, particularly where a subsequent discovery of the paucity of documents responsive to the narrowed scope would have instead simply prompted Terraform to ask, "why didn't you tell us this when you learned it?"

Because the Notice was not a memorandum supporting a prior argument or advancing a new one, Terraform's argument that Citadel has violated Local Rules 7.1 and 26.1 is incorrect. Rule 7.1 precludes additional memoranda of law. The Notice is not such a pleading. Rule 26.1 similarly does not preclude a non-argumentative pleading following oral argument on a motion.

## **CONCLUSION**

This is a "tempest in a teapot." The information about the extent of the documents that exist if the scope of the subpoena is narrowed should be made known to the Court and Terraform's counsel. Ignorance of the volume of documents responsive to the request is not helpful to anyone.

Dated:  November 15, 2023

Respectfully submitted,

*/s/ Eugene Stearns*
EUGENE STEARNS
Florida Bar No.: 149335
E-mail: estearns@stearnsweaver.com
KENDAL A. RINKO, Esq.
Florida Bar No.: 1003916
E-Mail: krinko@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER ALHADEFF
& SITTERSON, P.A.
150 West Flagler St., Ste. 2200
Miami, FL 33130
Telephone:  (305) 789-3200
Facsimile:  (305) 789-3395

*Attorneys for Respondent Citadel Securities LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2023, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record who are registered participants in the Court's electronic notice and filing system.

*/s/ Eugene Stearns*
Eugene Stearns, Esq.

3

## SERVICE LIST

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard Suite 300
Coral Gables, Florida 33134
Luis E. Suarez - lsuarez@hsmpa.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, NY 10017
Matthew L. Levine - mlevine@ekljlaw.com
Rachel J. Rodriguez - rrodriguez@ekljlaw.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

*Via: CM/ECF*

4