UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-MC-23855

TERRAFORM LABS PTE. LTD.,

Movant,

- vs. -

CITADEL SECURITIES, LLC

Respondent.

[Re: Civil Action No. 23-cv-1346,
Action pending in the United States District
Court for the Southern District of New York,
Hon. Jed S. Rakoff]

**TERRAFORM LABS PTE. LTD.'S MEMORANDUM OF LAW IN OPPOSITION TO
CITADEL SECURITIES, LLC'S MOTION FOR _IN CAMERA_ REVIEW**

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce de Leon Blvd, Suite 300
Coral Gables, FL 33134
Luis E. Suarez
Florida Bar No. 390021
lsuarez@hsmpa.com
R. Jordan Richardson
Florida Bar No. 1044694
jrichardson@hsmpa.com

**ELLIOTT KWOK LEVINE &
JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, New York 10017
Tel: (212) 321-0510
Matthew L. Levine
(admitted _pro hac vice_)
mlevine@ekljlaw.com
Rachel J. Rodriguez
rrodriguez@ekljlaw.com
(admitted _pro hac vice_)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT................................................................................................................................ 6

I.      The Court Should Deny This Motion Because Disputes Regarding Application of the
        Protective Order Should Be Resolved In the Southern District of New York .................... 6

II.     The Court Should Deny Citadel's Motion for *In Camera* Review Because Unilateral
        Redactions For Relevance And Confidentiality Are Wholly Improper .............................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADP, LLC v. Ultimate Software Grp., Inc.*,
2017 WL 7794226 (S.D. Fla. Dec. 15, 2017) ........................................................................... 8, 9

*Bartholomew v. Avalon Capital Group, Inc.*,
278 F.R.D. 441 (D. Minn. 2011) ............................................................................................... 8

*Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*,
271 F.R.D. 530 (S.D. Fla. 2010) ............................................................................................... 7

*Bonnell v. Carnival Corp.*,
2014 WL 10979823 (S.D. Fla. Jan. 31, 2014) ................................................................... 7, 8, 9

*Coe v. Cross-Lines Ret. Ctr., Inc.*,
342 F.R.D. 539 (D. Kan. 2022) ................................................................................................ 8

*LSM Techs. PTY LTD v. Sy-Klone Co., LLC*,
2023 WL 5934538 (M.D. Fla. Aug. 17, 2023) ...................................................................... 7, 8

*Santiago v. Honeywell Int'l, Inc.*,
2017 WL 3610599 (S.D. Fla. Apr. 6, 2017) ........................................................................... 6, 7

*Terraform Labs Pte. Ltd. v. Citadel Securities, LLC*,
2023 WL 8679668 (S.D. Fla. Nov. 17, 2023) ........................................................................... 1

**Rules**

Fed. R. Civ. P. 34 ....................................................................................................................... 8

Terraform Labs Pte., Ltd. ("Terraform") respectfully submits this memorandum of law in opposition to Citadel Securities, LLC's ("Citadel") motion for *in camera* review (ECF No. 38).

**PRELIMINARY STATEMENT**

Citadel's motion for *in camera* review is but the latest of its efforts to thwart Terraform from receiving the discovery to which it is entitled – and which this Court has already ordered Citadel to produce in its order of November 17, 2023 (the "Order to Compel"). (ECF No. 37; 2023 WL 8679668). Citadel has consistently maintained that *none* of the discovery Terraform sought is relevant, by repeatedly conflating relevancy with Citadel's own (mistaken) assessment of the merits of Terraform's defense. (*See, e.g.*, Order to Compel at 8–10.) When this Court deemed a limited set of documents relevant and ordered Citadel to produce them, Citadel again took it upon itself to make its *own* determination of relevance and redact those documents virtually wholesale. Such unilateral redactions have no basis under the Protective Order applicable here, ECF No. 38-1, nor under applicable law.

*First*, the Court should deny Citadel's motion for *in camera* review because, as Citadel admits, it is a dispute under the Protective Order in the underlying litigation—which by its terms must be heard before the issuing court, the Southern District of New York.

*Second*, even if the Court were to decide Citadel's motion, Citadel is not entitled to relief because unilateral redactions for relevance or confidentiality are improper for a multitude of reasons, including the waste of judicial resources with collateral litigation and *in camera* review.

Because Citadel's production in response to the Order to Compel is woefully incomplete and Citadel has provided no legal basis for its extensive redactions, the Court should deny Citadel's motion for *in camera* review and grant Terraform's separately filed motion to compel production of unredacted documents.

**FACTUAL BACKGROUND**

On November 17, 2023–following extensive briefing and a lengthy oral argument–the Court entered the Order to Compel, requiring Citadel to produce "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022" within 14 days, or by December 1, 2023. (ECF No. 37.)

On the very last day for compliance – at 4:51 p.m. on December 1 – Citadel produced 125 pages of pdf-formatted documents. Approximately 100 of these pages were redacted *in their entirety*. Almost every one of these approximate 100 pages were filled with text, all of which was redacted. Another approximate 10 pages filled with text also were *completely redacted*, except for a single line on each that appeared to reveal a date. The remaining pages were partially redacted. (Levine Dec. ¶¶ 4-5.)[1]

No privilege log or other explanation for the wholesale redactions accompanied this production (the "Redacted Production"). (*Id.* ¶ 6.) Citadel designated the entirety of the Redacted Production as "Confidential" under the Protective Order in effect in the underlying action (ECF No. 38-1) (the "Protective Order") pending before the Hon. Jed S. Rakoff, in the United States District Court for the Southern District of New York, *SEC v. Terraform Labs Pte., Ltd.,* No. 23-cv-1346 (JSR) (the "Underlying Action"). This was the second time Citadel had produced a document under the protection of this Protective Order. (*See* ECF No. 23, ¶ 3.)

In other words, it took Citadel 14 days to produce practically nothing.

---

[1] "Levine Dec." refers to the Declaration of Matthew L. Levine filed in support of both Terraform's opposition to Citadel's motion for *in camera* review, and Terraform's related motion to compel.

The Protective Order does not permit redactions for reasons other than privilege.[2] Accordingly, Terraform demanded that Citadel produce an unredacted copy of the Redacted Production immediately.  (*Id.* ¶ 6 & Ex. A.)  Terraform further indicated if Citadel did not immediately agree to produce an unredacted copy, then Terraform intended to move the Court to obtain an unredacted version of the documents and requested a meet and confer ahead of any such motion.  (*Id.* ¶ 6 & Ex. A.) .

Citadel refused production and proposed that the parties meet and confer on December 12, 2023 at 10 am Central Time.  Citadel further requested that Terraform be prepared to discuss whether Terraform "has particular redactions it is interested in"–a disingenuous request since virtually every page was completely redacted–and "whether Terraform would agree to any alternative limits on disclosure under Paragraph 8 [of the Protective Order] to address Citadel Securities' confidentiality concerns."  (*Id.* ¶ 7 & Ex. A.)

On December 12, 2023, the parties met and conferred by videoconference, at which time Citadel's counsel provided its own explanation of the purported grounds for wholesale redactions in the Redacted Production.  In Citadel's unilateral and unexamined view, the information redacted was not within the scope of the Order to Compel.  (*Id.* ¶ 8.)  Citadel's counsel also claimed that, in some cases, the redacted material contained business information that Citadel considered sensitive such as proprietary code, information about Citadel's personnel, or Citadel's decision-making process, without specifying more.  (*Id.* ¶ 9.)

---

[2] The Protective Order provides that a producing party may designate a portion of discovery material "as 'Confidential' by stamping or otherwise clearly marking as 'Confidential' the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use *another copy* of said Discovery Material with the confidential information redacted." (Doc No, 38-1, ¶ 3) (emphasis supplied).

Terraform's counsel reiterated that Terraform was entitled to an unredacted copy of the Redacted Production, unless the redactions implicated privilege.  (Levine Dec. ¶ 10.)  Terraform's counsel also stated that Terraform would consider reaching an agreement to permit the unredacted Citadel documents to receive a heightened confidentiality designation such as "Attorneys' Eyes Only" ("AEO"), as contemplated in  Paragraph 8 of the Protective Order (*id.*), which states:

> Any party who . . . requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at anytime prior to trial of this action serve upon counsel . . . a written notice stating with particularity the grounds of the . . . request. ***If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling***.

(ECF No. 38-1, ⊮ 8) (emphasis supplied).

During the meet and confer, Terraform's counsel, responding to a question from Citadel's counsel, described provisions commonly found in confidentiality orders entered in the Southern District of New York that govern AEO protections, indicating that they usually limited disclosure strictly to outside counsel, in-house counsel, and expert witnesses who agree to be bound by the Order's limitations.  (*Id.* ⊮ 11.)  Terraform's counsel also requested that Citadel's counsel provide more particularized information ***in writing*** about the basis for the heightened designation, as expressly required by Paragraph 8 of the Protective Order for AEO requests.  (*Id.* ¶ 12; *see* ECF No. 38-1, ¶ 8 (party seeking heightened designation must provide "written notice stating with particularity the grounds").)

In a followup e-mail later that day, Citadel's counsel stated, "we are reviewing the redactions we previously applied," "are preparing a written description of the highly confidential information subject to our redactions," and would provide "any alternatives to redactions that would address Terraform's concerns about access to the information."  (*Id.* Ex. A.)

4

On December 13, 2023, Terraform e-mailed Citadel's counsel to (a) provide in sum and substance a summary of the meet and confer call; (b) again demand an unredacted copy of the production, no later than December 14th; and (c) reiterate the requirement that a request for a heightened designation, such as AEO, must be set forth in writing and with particularity. (*Id.* Ex. A.)

Later on December 13, Citadel's counsel again refused to provide an unredacted copy of the production, and further declined to provide a particularized basis for heightened protection under the Protective Order. Citadel instead re-produced the Redacted Production, but without having meaningfully eliminated its redactions (the "Revised Redacted Production"). (*Id.* ¶¶ 13–14 & Ex. B.) This production again was redacted almost in its entirety: of the 125 pages, at least 90 pages were redacted in full, and just three pages bore no redactions at all. (*Id.* ¶ 14.) Citadel also produced a so-called "redaction log" with vague summary descriptions of the purported grounds for redaction. Only four pages of the Revised Redacted Production purportedly were redacted for "privilege" – but lacking specification that it was the *attorney-client privilege*, and without identification of any actual attorney involvement. (*Id.* ¶ 15; Mtn. Ex. 2.)[3] Citadel's counsel offered to show Terraform's counsel certain portions of unredacted documents over Zoom. (*Id.* Ex. A.).

On December 14, 2023, Terraform declined to accept the Revised Redacted Production, reiterating its demand for an unredacted copy of the documents. (*Id.* ¶ A.) Later on December 14, 2023, Citadel filed the instant motion for *in camera* review.

---

[3] "Mtn." refers to Citadel's Motion for *In Camera* Review (ECF No. 38.)

Notwithstanding Citadel's failure to comply with Paragraph 8 of the Protective Order, which requires that a request for an AEO designation be made in writing with particularity, Terraform will agree to an "Attorneys' Eyes Only" designation for the complete production of unredacted documents, thereby limiting disclosure to outside counsel, in-house counsel, and expert witnesses that agree to be bound by the terms of the Protective Order. (Levine Dec. ⁋ 16.)

## ARGUMENT

I.     **The Court Should Deny This Motion Because Disputes Regarding Application of the Protective Order Should Be Resolved In the Southern District of New York**

Citadel identifies its motion as "a dispute . . . regarding ***the application of the Protective Order entered in the underlying Terraform litigation***." (Mtn. ¶ 1) (emphasis supplied.) Thus, Citadel's motion is not properly before this Court because the Protective Order specifically provides that the Southern District of New York "retain[s] jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof." (ECF No. 38-1, ¶ 18.) Citadel has now invoked the protections of the Southern District of New York Protective Order for both of its productions to date. (*See* ECF Nos. 23, ⁋ 3; 38.)

Furthermore, the relief that Citadel seeks is a modification of the Protective Order to allow unilateral relevance- and confidentiality- based redactions. This contravenes the "general rule . . . that the issuing court retains jurisdiction over any modifications to its own protective order." *Santiago v. Honeywell Int'l, Inc.*, No. 16-CIV-25359, 2017 WL 3610599, at *3 (S.D. Fla. Apr. 6, 2017). Because "principles of comity and respect for preexisting judicial orders generally compel the parties to return to the Court that issued the existing Protective Order for any modifications," *id.* at *2, courts have held that "[p]ermissive intervention" in the action in which the Protective

6

Order was issued "is the proper method for a nonparty to seek modification of a protective order." *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 271 F.R.D. 530, 534 (S.D. Fla. 2010).

Because Citadel fails to "articulate any reasons in support of why [its] Motion is properly before this Court," *Honeywell*, 2017 WL 3610599, at *3, the Court should summarily deny Citadel's motion for *in camera* review.

**II.     The Court Should Deny Citadel's Motion for *In Camera* Review Because Unilateral Redactions For Relevance And Confidentiality Are Wholly Improper**

Alternatively, the Court should deny Citadel's motion for *in camera* review because this Court and others in this Circuit hold that unilateral redactions on relevance or confidentiality grounds are improper.  *E.g., Bonnell v. Carnival Corp.*, CASE NO. 13-22265-CIV-WILLIAMS/GOODMAN, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (rejecting a party's unilateral redaction of nonprivileged material based on its own determinations about relevance); *LSM Techs. PTY LTD v. Sy-Klone Co., LLC*, No. 3:22-CV-1019-BJD-MCR, 2023 WL 5934538, at *5 (M.D. Fla. Aug. 17, 2023) (defendant "has not convincingly shown that it is warranted to deviate from the default rule that a party generally may not redact information in otherwise discoverable documents" for relevance or confidentiality grounds).  In so holding, courts have explained that "unilateral editing of documents frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured," that it "tends to make documents confusing or difficult to use," and that "[a]ll too often, this results in litigation of collateral issues and *in camera* review of documents by the Court, with the result that the time of both counsel and the Court is wasted."  *Bonnell*, 2014 WL 10979823, at *3 (internal quotation marks omitted).

Moreover, where the documents in question are already subject to the confidentiality protections of a protective order, such "'redactions are both unnecessary and potentially disruptive to the orderly resolution of the case because parties are not ordinarily harmed by producing

irrelevant or sensitive information that is already subject to a protective order restricting its dissemination and use.'" *Sy-Klone*, 2023 WL 5934538, at *6 (quoting *Coe v. Cross-Lines Ret. Ctr., Inc.*, 342 F.R.D. 539, 548 (D. Kan. 2022)).

Given that "'[i]t is a rare document that contains only relevant information,' . . . prohibiting the practice of unilaterally redacting irrelevant information 'is the only interpretation of Fed. R. Civ. P. 34 that yields just, speedy, and inexpensive determination[s] of every action and proceeding.'" *ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-CV-61274, 2017 WL 7794226, at *1 (S.D. Fla. Dec. 15, 2017) (quoting *Bartholomew v. Avalon Capital Group, Inc.,* 278 F.R.D. 441, 451 (D. Minn. 2011)); *see also Bonnell*, 2014 WL 10979823, at *3 ("[Fed. R. Civ. P.] 34 concerns the production of *documents,* not 'individual pictures, graphics, paragraphs, sentences, or words within those documents.'") (quoting *Bartholomew,* 278 F.R.D. at  451-52).

All of the concerns that militate against unilateral redactions are implicated here.  From Day One – when the subpoena was served August 1, 2023 – Citadel has consistently maintained that *none* of the discovery sought by Terraform is relevant.  Yet another Citadel tactic to avoid legitimate discovery has been to conflate relevancy with Citadel's biased assessment of the merits of Terraform's defense.  (*See, e.g.*, Order to Compel at pp. 8-11.)

Accordingly, Citadel's sweeping and unilateral redactions for purported irrelevance unquestionably "gives rise to suspicion that relevant material harmful to the producing party has been obscured."  Likewise, the documents produced are immensely "confusing or difficult to use," because so much is redacted that it is impossible to glean any context from what little information has not been obscured.

8

Finally, "litigation of collateral issues and *in camera* review of documents by the Court, with the result that the time of both counsel and the Court is wasted," is precisely the burdensome relief that Citadel is requesting here.  *Bonnell*, 2014 WL 10979823, at *3.

Although repeatedly offered the chance, Citadel made no attempt to demonstrate why the Protective Order is insufficient to safeguard its sensitive business information.  *See ADP*, 2017 WL 7794226, at *2 (ordering production of unredacted documents allegedly containing "sensitive and highly confidential" redacted information where producing party "ma[de] no showing that the Attorneys' Eyes Only designation is inadequate to protect the sensitive information").  Moreover, as noted above, notwithstanding Citadel's failure to comply with the requirements of the Protective Order, Terraform will agree to an "Attorneys' Eyes Only" designation for the complete production of unredacted documents, limiting disclosure to outside counsel, in-house counsel, and expert witnesses that agree to be bound to the terms of the Protective Order.  (Levine Dec. ¶ 16.) Accordingly, Citadel's redactions are wholly improper, flout this Court's precedents, and warrant swift denial of its motion for *in camera* review.

9

Dated:  December 22, 2023.

Respectfully submitted,

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard
Suite 300
Coral Gables, Florida 33134
Telephone (305) 800-4476

By: /s/ Luis E. Suarez
 Luis E. Suarez
 Florida Bar No. 390021
 lsuarez@hsmpa.com
 R. Jordan Richardson
 Florida Bar No. 1044694
 jrichardson@hsmpa.com

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
 New York, NY 10017
 (212) 321-0510

By: Matthew L. Levine
Matthew L. Levine (*Admitted Pro Hac Vice*)
mlevine@ekljlaw.com
Rachel J. Rodriguez (*Admitted Pro Hac Vice)*
rrodriguez@ekljlaw.com

*Attorneys for Movant Terraform Labs Pte. Ltd.*

10

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on December 22, 2023 I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  Copies of the foregoing document will be served on all parties via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Luis E. Suarez*
Luis E. Suarez
Florida Bar No. 390021