UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-MC-23855

TERRAFORM LABS PTE. LTD.,

Movant,

- vs. -

CITADEL SECURITIES, LLC

Respondent.

[Re: Civil Action No. 23-cv-1346,
Action pending in the United States District
Court for the Southern District of New York,
Hon. Jed S. Rakoff]

**TERRAFORM LABS PTE. LTD.'S MOTION TO COMPEL CITADEL SECURITIES,
LLC TO PRODUCE UNREDACTED DOCUMENTS
AND INCORPORATED MEMORANDUM OF LAW**

**HEISE SUAREZ MELVILLE P.A.**
2990 Ponce de Leon Blvd, Suite 300
Coral Gables, FL 33134
Luis E. Suarez
Florida Bar No. 390021
lsuarez@hsmpa.com
R. Jordan Richardson
Florida Bar No. 1044694
jrichardson@hsmpa.com

**ELLIOTT KWOK LEVINE &
JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, New York 10017
Tel: (212) 321-0510
Matthew L. Levine
(admitted *pro hac vice*)
mlevine@ekljlaw.com
Rachel J. Rodriguez
rrodriguez@ekljlaw.com
(admitted *pro hac vice*)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT......................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................... 1

ARGUMENT.................................................................................................................................... 6

I.      The Court Should Grant Terraform's Motion to Compel Production of a Complete Set of Unredacted Documents................................................................................................. 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADP, LLC v. Ultimate Software Grp., Inc.*,
   2017 WL 7794226 (S.D. Fla. Dec. 15, 2017)...................................................................... 8, 9

*Bartholomew v. Avalon Capital Group, Inc.*,
   278 F.R.D. 441 (D. Minn. 2011) .............................................................................................. 8

*Bonnell v. Carnival Corp.*,
   2014 WL 10979823 (S.D. Fla. Jan. 31, 2014) .................................................................. 7, 8, 9

*CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*,
   22-MC-20762, 2023 WL 1965998 (S.D. Fla. Jan. 18, 2023) ..................................................... 6

*Coe v. Cross-Lines Ret. Ctr., Inc.*,
   342 F.R.D. 539 (D. Kan. 2022) ................................................................................................ 8

*Josendis v. Wall to Wall Residence Repairs, Inc.*,
   662 F.3d 1292 (11th Cir. 2011) ............................................................................................... 7

*LSM Techs. PTY LTD v. Sy-Klone Co., LLC*,
   2023 WL 5934538 (M.D. Fla. Aug. 17, 2023) ...................................................................... 7, 8

*Quiterio v. QBE Specialty Ins. Co.*,
   2019 WL 5390866 (M.D. Fla. Aug. 26, 2019) ......................................................................... 7

*Terraform Labs Pte. Ltd. v. Citadel Securities, LLC*,
   2023 WL 8679668 (S.D. Fla. Nov. 17, 2023)........................................................................... 1

*Whatley v. World Fuel Svcs. Corp.*,
   2020 WL 4818924 (S.D. Fl. Aug. 19, 2020) ............................................................................. 9

**Rules**

Fed. R. Civ. P. 34........................................................................................................................ 8
Fed. R. Civ. P. 34(c) ................................................................................................................... 6
Fed. R. Civ. P. 37(a)(1) ............................................................................................................... 6
Fed. R. Civ. P. 37(a)(2) ............................................................................................................... 6
Fed. R. Civ. P. 37(a)(4) ............................................................................................................ 6, 9
Fed. R. Civ. P. 37........................................................................................................................ 1
Fed. R. Civ. P. 45..................................................................................................................... 1, 6
Fed. R. Civ. P. 45(d)(2)(B)(i) ...................................................................................................... 6
Fed. R. Civ. P. 45(g)................................................................................................................... 9

Terraform Labs Pte., Ltd. ("Terraform") hereby moves under Federal Rules of Civil Procedure 37 and 45 for an order compelling Citadel Securities, LLC ("Citadel") to produce a complete set of unredacted documents in compliance with the Court's order of November 17, 2023 (the "Order to Compel").  (ECF No. 37; 2023 WL 8679668).

## PRELIMINARY STATEMENT

The Court ordered Citadel to produce a limited set of documents in response to a narrowed request contained in the Rule 45 subpoena issued by Terraform to Citadel.  On the very last day for compliance with the Order to Compel, Citadel produced documents that were almost entirely redacted.  This production was unresponsive, unusable, and in plain violation of the Court's Order to Compel.

After refusing Terraform's repeated demands for an unredacted copy of the production, Citadel finally explained the purported basis for these wholesale redactions: in Citadel's *own* estimation, the redacted information was simply irrelevant.

As set forth more fully below, and in Terraform's related opposition to Citadel's motion for *in camera* review:

(1) the Protective Order in the underlying litigation (ECF No. 38-1) – the protections of which Citadel has now twice invoked in producing documents to Terraform – does not permit relevance- or confidentiality- based redactions; and

(2) this Court and others in this Circuit hold that unilateral redactions for relevance or confidentiality are improper.

Moreover, Citadel's perception of relevance is highly suspect, given that Citadel has consistently maintained that *none* of the discovery Terraform seeks is relevant, and has repeatedly conflated relevancy with Citadel's own (mistaken) assessment of the merits of Terraform's defense to avoid producing documents.  (*See, e.g.*, Order to Compel at 8-10.)

1

Because Citadel's production in response to the Order to Compel is woefully incomplete and it has provided no legal basis for its extensive redactions, the Court should grant Terraform's motion to compel production of unredacted documents.

## **<u>FACTUAL BACKGROUND</u>**

On November 17, 2023 – following extensive briefing and a lengthy oral argument – the Court entered the Order to Compel, requiring Citadel to produce "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022" within 14 days, or by December 1, 2023. (ECF No. 37.)

On the very last day for compliance – at 4:51 p.m. on December 1 – Citadel produced 125 pages of pdf-formatted documents. Approximately 100 of these pages were redacted *in their entirety*. Almost every one of these approximate 100 pages were filled with text, all of which was redacted. Another approximate 10 pages filled with text also were *completely redacted*, except for a single line on each that appeared to reveal a date. The remaining pages were partially redacted. (Levine Dec. ¶¶ 4-5.)[1]

No privilege log or other explanation for the wholesale redactions accompanied this production (the "Redacted Production"). (*Id.* ¶ 6.) Citadel designated the entirety of the Redacted Production as "Confidential" under the Protective Order in effect in the underlying action (ECF No. 38-1) (the "Protective Order") pending before the Hon. Jed S. Rakoff, in the United States District Court for the Southern District of New York, *SEC v. Terraform Labs Pte., Ltd.,* No. 23-cv-

---

[1] "Levine Dec." refers to the Declaration of Matthew L. Levine filed in support of both Terraform's opposition to Citadel's motion for *in camera* review, and Terraform's related motion to compel.

1346 (JSR) (the "Underlying Action"). This was the second time Citadel had produced a document under the protection of this Protective Order. (*See* ECF No. 23, ₽ 3.)

In other words, it took Citadel 14 days to produce practically nothing.

The Protective Order does not permit redactions for reasons other than privilege.[2] Accordingly, Terraform demanded that Citadel produce an unredacted copy of the Redacted Production immediately. (*Id.* ¶ 6 & Ex. A.) Terraform further indicated if Citadel did not immediately agree to produce an unredacted copy, then Terraform intended to move the Court to obtain an unredacted version of the documents and requested a meet and confer ahead of any such motion. (*Id.* ¶ 6 & Ex. A.) .

Citadel refused production and proposed that the parties meet and confer on December 12, 2023 at 10 am Central Time. Citadel further requested that Terraform be prepared to discuss whether Terraform "has particular redactions it is interested in" – a disingenuous request since virtually every page was completely redacted – and "whether Terraform would agree to any alternative limits on disclosure under Paragraph 8 [of the Protective Order] to address Citadel Securities' confidentiality concerns." (*Id.* ¶ 7 & Ex. A.)

On December 12, 2023, the parties met and conferred by videoconference, at which time Citadel's counsel provided its own explanation of the purported grounds for wholesale redactions in the Redacted Production. In Citadel's unilateral and unexamined view, the information redacted was not within the scope of the Order to Compel. (*Id.* ¶ 8.) Citadel's counsel also claimed that, in

---

[2] The Protective Order provides that a producing party may designate a portion of discovery material "as 'Confidential' by stamping or otherwise clearly marking as 'Confidential' the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use *another copy* of said Discovery Material with the confidential information redacted." (Doc No, 38-1, ¶ 3) (emphasis supplied).

3

some cases, the redacted material contained business information that Citadel considered sensitive such as proprietary code, information about Citadel's personnel, or Citadel's decision-making process, without specifying more.  (*Id.* ¶ 9.)

Terraform's counsel reiterated that Terraform was entitled to an unredacted copy of the Redacted Production, unless the redactions implicated privilege. (Levine Dec. ¶ 10.)  Terraform's counsel also stated  that Terraform would consider reaching an agreement to permit the unredacted Citadel documents to receive a heightened confidentiality designation such as "Attorneys' Eyes Only" ("AEO"), as contemplated in  Paragraph 8 of the Protective Order (*id.*), which states:

> Any party who . . . requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at anytime prior to trial of this action serve upon counsel . . . a written notice stating with particularity the grounds of the . . . request. ***If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling***.

(ECF No. 38-1, ⁋ 8) (emphasis supplied).

During the meet and confer, Terraform's counsel, responding to a question from Citadel's counsel, described provisions commonly found in confidentiality orders entered in the Southern District of New York that govern AEO protections, indicating that they usually limited disclosure strictly to outside counsel, in-house counsel, and expert witnesses who agree to be bound by the Order's limitations.  (*Id.* ⁋ 11.)  Terraform's counsel also requested that Citadel's counsel provide more particularized information ***in writing*** about the basis for the heightened designation, as expressly required by Paragraph 8 of the Protective Order for AEO requests.  (*Id.* ¶ 12; *see* ECF No. 38-1, ¶ 8 (party seeking heightened designation must provide "written notice stating with particularity the grounds").)

In a followup e-mail later that day, Citadel's counsel stated, "we are reviewing the redactions we previously applied," "are preparing a written description of the highly confidential

4

information subject to our redactions," and would provide "any alternatives to redactions that would address Terraform's concerns about access to the information." (*Id.* Ex. A.)

On December 13, 2023, Terraform e-mailed Citadel's counsel to (a) provide in sum and substance a summary of the meet and confer call; (b) again demand an unredacted copy of the production, no later than December 14th; and (c) reiterate the requirement that a request for a heightened designation, such as AEO, must be set forth in writing and with particularity. (*Id.* Ex. A.)

Later on December 13, Citadel's counsel again refused to provide an unredacted copy of the production, and further declined to provide a particularized basis for heightened protection under the Protective Order. Citadel instead re-produced the Redacted Production, but without having meaningfully eliminated its redactions (the "Revised Redacted Production"). (*Id.* ¶¶ 13-14 & Ex. B.) This production again was redacted almost in its entirety: of the 125 pages, at least 90 pages were redacted in full, and just three pages bore no redactions at all. (*Id.* ¶ 14.) Citadel also produced a so-called "redaction log" with vague summary descriptions of the purported grounds for redaction. Only four pages of the Revised Redacted Production purportedly were redacted for "privilege" – but lacking specification that it was the *attorney-client privilege*, and without identification of any actual attorney involvement. (*Id.* ¶ 15; Mtn. Ex. 2.)[3] Citadel's counsel offered to show Terraform's counsel certain portions of unredacted documents over Zoom. (*Id.* Ex. A.).

---

[3] "Mtn." refers to Citadel's Motion for *In Camera* Review (ECF No. 38.)

On December 14, 2023, Terraform declined to accept the Revised Redacted Production, reiterating its demand for an unredacted copy of the documents. (*Id.* ¶ A.) Later on December 14, 2023, Citadel filed the instant motion for *in camera* review.

Notwithstanding Citadel's failure to comply with Paragraph 8 of the Protective Order, which requires that a request for an AEO designation be made in writing with particularity, Terraform will agree to an "Attorneys' Eyes Only" designation for the complete production of unredacted documents, thereby limiting disclosure to outside counsel, in-house counsel, and expert witnesses that agree to be bound by the terms of the Protective Order. (Levine Dec. ⁋ 16.)

## ARGUMENT

**I.     The Court Should Grant Terraform's Motion to Compel Production of a Complete Set of Unredacted Documents**

Under Fed. R. Civ. P. 37(a)(1), a party seeking discovery may move for an order compelling discovery where a person or party fails to produce documents as requested. "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45(d)(2)(B)(i) (Upon objection, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection").

Further, "[t]he Rules explain that evasive or incomplete disclosures, answers, or responses are treated as a failure to disclose, answer, or respond." Order to Compel at 6 (citing Fed. R. Civ. P. 37(a)(4)). Similarly, failure to produce *all* responsive documents in compliance with a subpoena or related court order constitutes a failure to comply with that subpoena and court order. *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, No. 22-MC-20762, 2023 WL 1965998, at

6

*5 (S.D. Fla. Jan. 18, 2023) (nonparty's partial production of only 13 documents constituted failure to comply with subpoena and related order to compel).  The Court possesses broad discretion in managing pretrial discovery matters and deciding to compel.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Quiterio v. QBE Specialty Ins. Co.*, No. 8:16-CV-1895-T-35JSS, 2019 WL 5390866, at *1 (M.D. Fla. Aug. 26, 2019).

For the reasons also described in Terraform's related opposition to Citadel's motion for *in camera* review, Citadel's disclosure, which is redacted almost in its entirety, is wholly incomplete and constitutes a gross "failure to disclose, answer, or respond" to the discovery request, as well as a failure to comply with both the subpoena and Order to Compel.

Specifically, this Court and others in this Circuit hold that unilateral redactions on relevance or confidentiality grounds are improper.  *E.g., Bonnell v. Carnival Corp.*, CASE NO. 13-22265-CIV-WILLIAMS/GOODMAN, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (rejecting a party's unilateral redaction of nonprivileged material based on its own determinations about relevance); *LSM Techs. PTY LTD v. Sy-Klone Co., LLC*, No. 3:22-CV-1019-BJD-MCR, 2023 WL 5934538, at *5 (M.D. Fla. Aug. 17, 2023) (defendant "has not convincingly shown that it is warranted to deviate from the default rule that a party generally may not redact information in otherwise discoverable documents" for relevance or confidentiality grounds).  In so holding, courts have explained that "unilateral editing of documents frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured," that it "tends to make documents confusing or difficult to use," and that "[a]ll too often, this results in litigation of collateral issues and *in camera* review of documents by the Court, with the result that the time of both counsel and the Court is wasted."  *Bonnell*, 2014 WL 10979823, at *3 (internal quotation marks omitted).

Moreover, where, as here, the documents in question are already subject to the confidentiality protections of a protective order, such "'redactions are both unnecessary and potentially disruptive to the orderly resolution of the case because parties are not ordinarily harmed by producing irrelevant or sensitive information that is already subject to a protective order restricting its dissemination and use.'" *Sy-Klone*, 2023 WL 5934538, at *6 (quoting *Coe v. Cross-Lines Ret. Ctr., Inc.*, 342 F.R.D. 539, 548 (D. Kan. 2022)).

Given that "'[i]t is a rare document that contains only relevant information,' . . . prohibiting the practice of unilaterally redacting irrelevant information 'is the only interpretation of Fed. R. Civ. P. 34 that yields just, speedy, and inexpensive determination[s] of every action and proceeding.'" *ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-CV-61274, 2017 WL 7794226, at *1 (S.D. Fla. Dec. 15, 2017) (quoting *Bartholomew v. Avalon Capital Group, Inc.,* 278 F.R.D. 441, 451 (D. Minn. 2011)); *see also Bonnell*, 2014 WL 10979823, at *3 ("[Fed. R. Civ. P.] 34 concerns the production of *documents,* not 'individual pictures, graphics, paragraphs, sentences, or words within those documents.'") (quoting *Bartholomew,* 278 F.R.D. at 451-52).

All of the concerns that militate against unilateral redactions are implicated here.  From Day One – when the subpoena was served August 1, 2023 – Citadel has consistently maintained that *none* of the discovery sought by Terraform is relevant.  Yet another Citadel tactic to avoid legitimate discovery has been to conflate relevancy with Citadel's biased assessment of the merits of Terraform's defense.  (*See, e.g.*, Order to Compel at pp. 8-11.)

Accordingly, Citadel's sweeping and unilateral redactions for purported irrelevance unquestionably "gives rise to suspicion that relevant material harmful to the producing party has been obscured."  Likewise, the documents produced are immensely "confusing or difficult to use," because so much is redacted that it is impossible to glean any context from what little information

8

has not been obscured.  Finally, "litigation of collateral issues and *in camera* review of documents by the Court, with the result that the time of both counsel and the Court is wasted," is precisely the burdensome relief that Citadel is requesting here.  *Bonnell*, 2014 WL 10979823, at *3.

Although repeatedly offered the chance, Citadel made no attempt to demonstrate why the Protective Order is insufficient to safeguard its sensitive business information.  *See ADP*, 2017 WL 7794226, at *2 (ordering production of unredacted documents allegedly containing "sensitive and highly confidential" redacted information where producing party "ma[de] no showing that the Attorneys' Eyes Only designation is inadequate to protect the sensitive information").  Moreover, as noted above, notwithstanding Citadel's failure to comply with the requirements of the Protective Order, Terraform will agree to an "Attorneys' Eyes Only" designation for the complete production of unredacted documents, limiting disclosure to outside counsel, in-house counsel, and expert witnesses that agree to be bound to the terms of the Protective Order.  (Levine Dec. ¶ 16.)

Given that this Court has already determined that Terraform is entitled to receive the requested discovery, and as Citadel has provided no legal or equitable basis for its extensive unilateral redactions, the Court should order Citadel to produce a complete set of unredacted documents *forthwith*.  Fed. R. Civ. P. 37(a)(4); Order to Compel at 6, 13.

Alternatively, Citadel should be ordered to show cause why it cannot produce the unredacted documents, under penalty of contempt pursuant to  Fed. R. Civ. P. 45(g).  *See, e.g., Whatley v. World Fuel Svcs. Corp.,* Case No. 20-20993-MC-SCOLA/TORRES, 2020 WL 4818924, at *2 (S.D. Fl. Aug. 19, 2020) (discussing contempt under Fed. R. Civ. P. 45(g): "Where a party refuses to act in accordance with a court order, the other party typically requests the court to order the offending party to show cause why it should not be held in contempt and sanctioned. . . . Courts also have the inherent power to enforce compliance with their lawful orders through

9

civil contempt.") (citations omitted).  Terraform has shown, by clear and convincing evidence, that Citadel has failed to comply with the Court's Order to Compel, and Citadel has not and cannot show cause for why it is not possible to comply with this Order.

### LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(B), in a good faith effort to resolve the issues raised in this Motion, counsel for Terraform has conferred with counsel for Citadel via e-mail on December 10, 2023; again by videoconference on December 12, 2023; and again on December 13 and 14, 2023. The parties have been unable to reach an agreement.

Respectfully submitted,

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard
Suite 300
Coral Gables, Florida 33134
Telephone (305) 800-4476

By: /s/ Luis E. Suarez
Luis E. Suarez
Florida Bar No. 390021
lsuarez@hsmpa.com
R. Jordan Richardson
Florida Bar No. 1044694
jrichardson@hsmpa.com

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, NY 10017
(212) 321-0510

By: Matthew L. Levine
Matthew L. Levine (*Admitted Pro Hac Vice*)
mlevine@ekljlaw.com
Rachel J. Rodriguez (*Admitted Pro Hac Vice*)
rrodriguez@ekljlaw.com

*Attorneys for Movant Terraform Labs Pte. Ltd.*

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 22, 2023 I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  Copies of the foregoing document will be served on all parties via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Luis E. Suarez*
    Luis E. Suarez
    Florida Bar No. 390021