UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-MC-23855

TERRAFORM LABS PTE. LTD.,

Movant,

- vs. -

CITADEL SECURITIES, LLC

Respondent.

[Re: Civil Action No. 23-cv-1346,
Action pending in the United States District
Court for the Southern District of New York,
Hon. Jed S. Rakoff]

**DECLARATION OF MATTHEW L. LEVINE IN SUPPORT OF TERRAFORM LABS
PTE. LTD.'S OPPOSITION TO CITADEL SECURITIES, LLC'S MOTION
FOR IN CAMERA REVIEW AND IN SUPPORT OF TERRAFORM'S MOTION TO
COMPEL PRODUCTION OF UNREDACTED DOCUMENTS**

I, Matthew L. Levine, declare under penalty of perjury under 28 U.S.C. § 1746, that the following is true and correct:

1.     I am a partner with the law firm Elliott Kwok Levine & Jaroslaw, LLP ("EKLJ"), having offices at 565 Fifth Avenue, 7th Floor, New York, NY 10017. EKLJ is counsel for Movant Terraform Labs Pte. Ltd. ("Movant" or "Terraform"), and I have been admitted *Pro Hac Vice* in this matter.

2.     I submit this Declaration in support of Terraform's opposition to the motion for *in camera* review filed by Citadel Securities, LLC ("Citadel") (ECF No. 38), and Terraform's related motion to compel Citadel to produce unredacted documents.

3.     On November 17, 2023, the Court entered an order (the "Order to Compel") compelling Citadel to produce documents in response to the subpoena issued by Terraform in the case captioned *Securities and Exchange Commission v. Terraform Labs, PTE LTD, and Do Hyeong Kwon*, Case No. 1:23-cv-01346, pending in the United States District Court for the

Southern District of New York (hereinafter, the "Underlying Action"). (ECF No. 37; 2023 WL 8679668.) The Order to Compel provided that Citadel must produce "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022" within 14 days, *i.e.*, on or before December 1, 2023.

4.      On December 1, 2023, at 4:51 pm, Citadel made a production of documents to Terraform bearing Bates numbers CitSec-TL-00000003 through CitSec-TL-00000127 (the "Redacted Production").   Attached hereto as Exhibit A is a true and correct copy of an e-mail chain between counsel for Citadel and Terraform, beginning with the e-mail dated December 1, 2023 at 4:51 pm, and concluding with an e-mail dated December 14, 2023 at 2:06 pm.

5.      Of the 125 pages in the Redacted Production, approximately 100 pages, all of which were filled with text, were redacted in their entirety.  Approximately 10 more pages were redacted in their entirety except for a single line on each, and the remaining pages were also redacted in part.  No privilege log or other explanation for these wholesale redactions accompanied the Redacted Production.

6.      On December 10, 2023, Terraform demanded that Citadel produce an unredacted copy of the Redacted Production.  Terraform further indicated that if Citadel did not immediately agree to produce an unredacted copy, then Terraform intended to move to compel the production, and requested a meet and confer ahead of any such motion. (*See* Ex. A.)

7.      On December 11, 2023, Citadel indicated that it was refusing to produce an unredacted copy of the Redacted Production, and proposed that the parties meet and confer on December 12, 2023, at 10 am Central Time.  Citadel further requested that Terraform be prepared to discuss whether Terraform "has particular redactions it is interested in," and "whether Terraform

would agree to any alternative limits on disclosure under Paragraph 8 [of the Protective Order] to address Citadel Securities' confidentiality concerns." (*See id.*)

8. On December 12, 2023, Terraform and Citadel met and conferred via videoconference, at which time Citadel's counsel provided its own explanation of the purported grounds for redactions in the Redacted Production. Among other things, Citadel's counsel asserted that the information redacted was not within the scope of the Order to Compel.

9. Citadel's counsel also asserted that, in some cases, the redacted material contained business information that Citadel considered sensitive such as proprietary code, information about Citadel's personnel, or Citadel's decision-making process, without specifying more.

10. During the meet and confer, I reiterated that Terraform was entitled to an unredacted copy of the Redacted Production, other than redactions for attorney-client privilege or work product. I also stated that Terraform would consider reaching an agreement to permit the unredacted Citadel documents to receive a heightened confidentiality designation such as "Attorneys' Eyes Only" ("AEO"), as contemplated in Paragraph 8 of the Protective Order.

11. In response to a question from Citadel's counsel, I described the type of provisions commonly found in confidentiality orders entered in the Southern District of New York that govern AEO protections, indicating that they usually limited disclosure strictly to outside counsel, in-house counsel, and expert witnesses who agree to be bound by the Order's limitations.

12. I also requested that Citadel's counsel provide more particularized information in writing about the basis for the heightened designation, as required by Paragraph 8 of the Protective Order for AEO requests.

13. On December 13, 2023, Citadel re-produced the Redacted Production (the "Revised Redacted Production"). Attached hereto as <u>Exhibit B</u> is true and correct copy of the Revised

3

Redacted Production.

14. Of the 125 pages produced in the Revised Redacted Production, at least 90 pages were redacted in full, and just three pages bore no redactions at all. (*See* Ex. B.)

15. Citadel also produced a so-called "redaction log" with summary descriptions of the asserted grounds for redaction. Citadel has represented it attached this log as Exhibit 2 to its Motion (ECF No. 38).

16. Notwithstanding Citadel's failure to comply with Paragraph 8 of the Protective Order, which requires that a request for an AEO designation be made in writing with particularity, Terraform will agree to an "Attorneys' Eyes Only" designation for the complete production of unredacted documents, limiting disclosure to outside counsel, in-house counsel, and expert witnesses that agree to be bound to the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in White Plains, New York, this 22nd day of December, 2023.

_____

Matthew L. Levine