# EXHIBIT A

## Rachel Rodriguez

| | |
|---|---|
| **From:** | Mac LeBuhn <mac.lebuhn@bartlitbeck.com> |
| **Sent:** | Thursday, December 14, 2023 2:06 PM |
| **To:** | Matt Levine; Rachel Rodriguez; Sara Probber |
| **Cc:** | Matthew Brewer; Eugene Stearns; Kendal Rinko; Luis Suarez; Jordan Richardson; Carla Benedi; Matt Levine |
| **Subject:** | Re: Terraform Labs Pte. Ltd. v. Citadel Securities, LLC – production |

> **CAUTION:** WARNING -- EXTERNAL EMAIL

Matt:

Citadel Securities has provided a detailed description of the business-sensitive and irrelevant information subject to our redactions.  We even offered to present this information over Zoom in unredacted form so that Terraform could review all the documents and corroborate our description.

Terraform rejected our proposal out of hand without any basis for why the Zoom review is unhelpful to resolve this impasse and why Terraform needs access to irrelevant information, such as proprietary coding associated with test trades unrelated to Terra/Luna. Your email also does not offer any detail on an HCAEO designation that would meet our reasonable concerns about the disclosure of this information.

Mac


--

## BartlitBeck LLP

Mac LeBuhn | p: 312.494.4469 | c: 847.804.2246 | Mac.LeBuhn@bartlitbeck.com  | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Matt Levine <mlevine@ekljlaw.com>
**Date:** Thursday, December 14, 2023 at 7:00 AM
**To:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>, Rachel Rodriguez <rrodriguez@ekljlaw.com>, Sara Probber <sprobber@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>, Eugene Stearns <EStearns@stearnsweaver.com>, Kendal Rinko <krinko@stearnsweaver.com>, Luis Suarez <lsuarez@hsmpa.com>, Jordan Richardson <jrichardson@hsmpa.com>, Carla Benedi <cbenedi@hsmpa.com>, Matt Levine <mlevine@ekljlaw.com>
**Subject:** RE: Terraform Labs Pte. Ltd. v. Citadel Securities, LLC – production

**Caution: External Message**
Mac, thank you for your email.  We have reviewed what you sent us and your position.

We reject your proposal.  As before, we continue to demand that we receive an unredacted copy of the documents identified at CitSec-TL-00000003-00000127 by close of business on Thursday, December 14, 2023.  We remain open to considering a request for a heightened designation under the Protective Order for the unredacted documents (without, as previously said, committing now to one.)  As previously stated, we

intend to move the Court for an Order seeking contempt to force production of these documents in unredacted form, and such other and appropriate relief, if Citadel continues to refuse to comply with its obligations.

Thank you -- Matt

**From:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>
**Sent:** Wednesday, December 13, 2023 9:19 PM
**To:** Matt Levine <mlevine@ekljlaw.com>; Rachel Rodriguez <rrodriguez@ekljlaw.com>; Sara Probber <sprobber@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>; Eugene Stearns <EStearns@stearnsweaver.com>; Kendal Rinko <krinko@stearnsweaver.com>; Luis Suarez <lsuarez@hsmpa.com>; Jordan Richardson <jrichardson@hsmpa.com>; Carla Benedi <cbenedi@hsmpa.com>
**Subject:** Re: Terraform Labs Pte. Ltd. v. Citadel Securities, LLC – production

**CAUTION:** WARNING -- EXTERNAL EMAIL

Counsel:

I'm writing with an update on our negotiation over the treatment of Citadel Securities' highly confidential information.

After our December 1 production, Terraform contacted Citadel Securities on December 10 regarding redactions in the production. We met and conferred on December 12. At that meet-and-confer, we discussed our basis for the redactions under the Protective Order. We also agreed to review our redactions, provide a written description of the highly confidential information, and propose any alternatives that would address Terraform's requests regarding access to this information.

After a review of our production, we will forgo certain redactions relating to employee names and other business information that can be protected through the "confidential" designation. We have limited (or eliminated outright) the redactions in each of the produced documents. For any redactions remaining in the production, we prepared a log detailing the bases for our redactions.

Further, we would be willing to show Terraform the unredacted version of the materials over Zoom, which would allow Terraform to confirm our representations about the redacted material, such as the proprietary (and irrelevant) coding comprising much of CitSec-TL-0000010.

Please let us know whether Terraform agrees to this approach.

Best,
Mac

--

BartlitBeck LLP

Mac LeBuhn | p: 312.494.4469 | c: 847.804.2246 | Mac.LeBuhn@bartlitbeck.com  | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Matt Levine <mlevine@ekljlaw.com>
**Date:** Wednesday, December 13, 2023 at 8:23 AM
**To:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>, Rachel Rodriguez <rrodriguez@ekljlaw.com>, Sara Probber <sprobber@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>, Eugene Stearns <EStearns@stearnsweaver.com>, Kendal Rinko <krinko@stearnsweaver.com>, Luis Suarez <lsuarez@hsmpa.com>, Jordan Richardson <jrichardson@hsmpa.com>, Carla Benedi <cbenedi@hsmpa.com>
**Subject:** Re: Terraform Labs Pte. Ltd. v. Citadel Securities, LLC – production

Caution: External Message

Mac,

Thank you for your followup email. In sum and substance, during our call yesterday to meet and confer, you provided us a description of what -- in your view -- constitutes the content of the materials produced in an almost entirely redacted form. Of the 127 pages produced, approximately 100 were completely redacted; another approximately 10 were completely redacted except for one line of the page; and the remaining pages were partially redacted.

The "buckets" of information, as you described, include (a) a "material business change" form; (b) documents concerning the "two test trades" you have previously identified; and (c) Slack messages concerning the trades. You maintained that these materials were redacted because they were either "business sensitive" information or "personal information."

As described to you yesterday, we have no ability to evaluate your representations about the content of these documents because they are almost entirely redacted. In any event, the descriptions you provide do not in any way justify redaction under applicable law (with the exception of genuinely privileged information).

We further informed you during yesterday's call that we would not accept redactions of this material (except for genuinely privileged information). We stated that we would be willing to consider your request for a heightened level of protection under the Protective Order, but only if you complied with the Protective Order's requirement that you provide us with particularity about the basis for this heightened protection. Yesterday's vague and high-level descriptions of the redacted documents you provided do not meet that requirement and we asked that you provide us a detailed and particularized description of the content of the documents, in writing, so that we may have an appropriate basis to consider your request. As I also stated, this is by no means any

3

commitment to agree to your request for heightened protection, but rather an agreement to consider it.

You stated yesterday that Citadel will provide "a written description of the highly confidential information," as well as "any alternatives to redactions that would address Terraform's concerns about access to the information." While we appreciate this effort, as you are well aware this is a time sensitive matter in light of the local rules concerning discovery disputes and the upcoming trial date. Accordingly, we are compelled to demand that we receive an unredacted copy of the documents identified at CitSec-TL-00000003-00000127 by close of business on Thursday, December 14, 2023. Otherwise, as previously stated, we intend to move the Court for an Order seeking contempt to force production of these documents in unredacted form, and such other and appropriate relief.

Thank you -- Matt



**Matthew L. Levine**
mlevine@ekljlaw.com | Direct: +1 (646) 777-4513

565 Fifth Avenue, 7th Floor, New York, NY 10017
Tel: +1 (212) 321-0510 | www.ekljlaw.com

---

**From:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>
**Sent:** Tuesday, December 12, 2023 8:14 PM
**To:** Matt Levine <mlevine@ekljlaw.com>; Rachel Rodriguez <rrodriguez@ekljlaw.com>; Sara Probber <sprobber@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>; Eugene Stearns <EStearns@stearnsweaver.com>; Kendal Rinko <krinko@stearnsweaver.com>; Luis Suarez <lsuarez@hsmpa.com>; Jordan Richardson <jrichardson@hsmpa.com>; Carla Benedi <cbenedi@hsmpa.com>
**Subject:** Re: Terraform Labs Pte. Ltd. v. Citadel Securities, LLC – production

4

**CAUTION:** WARNING -- EXTERNAL EMAIL

Counsel:

Thank you for today's productive meet-and-confer.

Following the call, we are reviewing the redactions that we previously applied and preparing a written description of the highly confidential information subject to our redactions.

From here, we will provide that description, as well as any alternatives to redactions that would address Terraform's concerns about access to the information.

Best,
Mac

--

## BartlitBeck LLP

Mac LeBuhn | p: 312.494.4469 | c: 847.804.2246 | Mac.LeBuhn@bartlitbeck.com  | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>
**Date:** Monday, December 11, 2023 at 11:37 AM
**To:** Matt Levine <mlevine@ekljlaw.com>, Rachel Rodriguez <rrodriguez@ekljlaw.com>, Sara Probber <sprobber@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>, Eugene Stearns <EStearns@stearnsweaver.com>, Kendal Rinko <krinko@stearnsweaver.com>, Luis Suarez <lsuarez@hsmpa.com>, Jordan Richardson <jrichardson@hsmpa.com>, Carla Benedi <cbenedi@hsmpa.com>
**Subject:** Re: Terraform Labs Pte. Ltd. v. Citadel Securities, LLC – production

Counsel:

On December 1, we produced over 100 pages to Terraform, consistent with both the Court's order and the applicable Protective Order. At paragraph 8, the Protective Order allows for "further limits on disclosure" beyond confidentiality designations, provided that the producing party provide "written notice" and states with particularity the basis for its request.

In our production, Citadel Securities specifically identified that there was business-sensitive and personally identifying information in its production. We applied limited redactions to omit this irrelevant and confidential information from our production.

We are available to meet and confer on Tuesday at 10am CT. If Terraform is available at that time, please circulate a call-in.

Please be prepared to discuss whether Terraform has particular redactions it is interested in and whether Terraform would agree to any alternative limits on disclosure under Paragraph 8 to address Citadel Securities' confidentiality concerns.

Thanks,
Mac

--

BartlitBeck LLP

Mac LeBuhn | p: 312.494.4469 | c: 847.804.2246 | Mac.LeBuhn@bartlitbeck.com  | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**From:** Matt Levine <mlevine@ekljlaw.com>
**Date:** Sunday, December 10, 2023 at 4:43 PM
**To:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>, Rachel Rodriguez <rrodriguez@ekljlaw.com>, Sara Probber <sprobber@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>, Eugene Stearns <EStearns@stearnsweaver.com>, Kendal Rinko <krinko@stearnsweaver.com>, Luis Suarez <lsuarez@hsmpa.com>, Jordan Richardson <jrichardson@hsmpa.com>, Carla Benedi <cbenedi@hsmpa.com>
**Subject:** Re: Terraform Labs Pte. Ltd. v. Citadel Securities, LLC – production

Caution: **External Message**
Mac,

Upon review of the production made by Citadel, it is clear that it is not compliant with Judge Louis' November 17, 2023 Order (the "Order"), which states:  "Respondent Citadel Securities, LLC shall produce 'all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022' within fourteen (14) days of the entry of this Order."  [Doc. No. 37].

Citadel never sought, and the Order never granted Citadel, the right to redact any material produced in compliance with the Order (other than information covered by attorney-client privilege or attorney work product immunity).  Yet nearly all of the pages produced are completely redacted, without providing any explanation for such massive redactions -- let alone a detailed explanation for the basis for them. Your email transmitting the production stated only, "Consistent with Dkt. 37, Citadel Securities produces the attached documents, which are Bates numbered CitSec-TL-00000003-00000127.  Please note that this production contains business-sensitive and personally identifying information, which we have marked confidential under Paragraphs 3 and 8 of the Protective Order."  No claim of privilege, or privilege log, accompanied this production.

The redactions constitute a gross violation of Judge Louis' Order, and the Protective Order, for several reasons.  First, the Protective Order pursuant to which these documents have been marked confidential does not permit unilateral redaction by a producing party when producing the documents to the requesting party.  Redaction is permitted on an *additional* copy of the requested discovery, and only for "future public use."  Confidentiality Order, ℙ 3 (attached hereto).

6

Second, this Court and other courts of this Circuit prohibit redaction of discovery material unless based on a recognized privilege, such as the attorney-client privilege.  Unilateral redaction by a producing party for reasons other than protecting attorney-client privilege or attorney work product is not permitted.  *E.g., Bonnell v. Carnival Corp.*, No. 13-22265-CIV-WILLIAMS/GOODMAN, 2014 WL 10979823, at **2-4 (S.D. Fla. Jan. 31, 2014) (noting that the defendant "cannot unilaterally redact portions of otherwise discoverable, non-privileged documents based on its own belief that portions of the documents are irrelevant to the claims in this case"); *Evanston Ins. Co. v. Republic Props., Inc., et al.*, Case No. 6:16-cv-1649-Orl-40GJK, 2018 WL 11350573 (M.D. Fl. Feb, 25, 2018) ("Ciminelli unilaterally redacted information from the Monthly Operating Reports that it found to be irrelevant. . . . To the extent that Ciminelli redacted such information on the basis of irrelevance, the Court finds such actions are improper."); *WNE Capital Holdings Corp. v. Rockwell Automation, Inc.,* 2011 WL 13254691*,* at * 9 (S.D. Al., Aug. 4, 2011) ("because, first, the 'relevance of a document is subjective, and according to the Federal Rules, should be construed broadly,' and, second, the parties' stipulated protective order 'ensures the confidentiality of sensitive information,' . . . all documents produced by the parties to this litigation must be produced without redactions") (citing *Medtronic Sofamor Danek, Inc. v. Michelson*, No. 01-2373-GV, 2002 WL 33003691, at *5 (W.D. Tenn. Jan. 30, 2002)).

We hereby demand that you produce a completely unredacted copy of the documents identified at CitSec-TL-00000003-00000127.  If you fail to do so by close of business on Thursday, December 14, 2023, we intend to move the Court for an Order seeking contempt to force production of these documents in unredacted form, and such other and appropriate relief.

Unless you immediately agree to produce an unredacted set of these documents, we request a meet and confer regarding this matter on a time sensitive basis.  We are available Monday from 3 to 430pm Central time, and Tuesday from 9am to 5pm Central time.  We hereby reserve all rights and remedies.

Thank you -- Matt



Matthew L. Levine
mlevine@ekljlaw.com  |  Direct: +1 (646) 777-4513

565 Fifth Avenue, 7th Floor, New York, NY 10017
Tel: +1 (212) 321-0510  |  www.ekljlaw.com

**From:** Mac LeBuhn <mac.lebuhn@bartlitbeck.com>
**Sent:** Friday, December 1, 2023 4:51 PM
**To:** Matt Levine <mlevine@ekljlaw.com>; Rachel Rodriguez <rrodriguez@ekljlaw.com>; Laura Longobardi <llongobardi@ekljlaw.com>
**Cc:** Matthew Brewer <matthew.brewer@bartlitbeck.com>; Eugene Stearns <EStearns@stearnsweaver.com>; Kendal Rinko <krinko@stearnsweaver.com>
**Subject:** Terraform Labs Pte. Ltd. v. Citadel Securities, LLC – production

**CAUTION:** WARNING -- EXTERNAL EMAIL

Counsel:

Consistent with Dkt. 37, Citadel Securities produces the attached documents, which are Bates numbered CitSec-TL-00000003-00000127.

Please note that this production contains business-sensitive and personally identifying information, which we have marked confidential under Paragraphs 3 and 8 of the Protective Order.

Best,
Mac

--
## BartlitBeck LLP

Mac LeBuhn | p: 312.494.4469 | c: 847.804.2246 | Mac.LeBuhn@bartlitbeck.com  | Courthouse Place, 54 West Hubbard Street, Chicago, IL 60654

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.