**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

TERRAFORM LABS PTE. LTD.,

    Movant,

-vs.-

CITADEL SECURITIES, LLC,

    Respondent.

Misc. Case No.: 23-MC-23855

[Re: Civil Action No. 23-cv-1346,
Action pending in the United States District
Court for the Southern District of New York,
Hon. Jed S. Rakoff]

**CITADEL SECURITIES, LLC'S OPPOSITION TO TERRAFORM LABS
PTE. LTD.'S MOTION TO COMPEL AND REPLY IN SUPPORT OF ITS
<u>MOTION FOR IN CAMERA REVIEW</u>**

1.      Before the court is a straightforward dispute. Citadel Securities has redacted from production materials that it believes to be outside the scope of the Order and which it knows to be highly confidential.  The documents subject to redactions —almost all of which are arguably not responsive —were produced in a good faith effort by Citadel Securities to demonstrate that it has no relevant and responsive material.  Nevertheless, Terraform does not trust that Citadel Securities staff and attorneys have honestly identified data that is highly confidential and clearly outside the scope of anything that could be remotely considered within the scope of the Order—including proprietary code and other business sensitive information.  Citadel Securities offered to show the documents over a Zoom meeting without producing them, therefore providing Terraform with an opportunity to evaluate Citadel Securities' concerns, but Terraform quickly rejected this offer. Instead, Terraform's counsel seeks production of unredacted documents to make its own determination of whether the redacted materials fall within the scope of the Court's Order.  The

1

absence of trust, however, is mutual. Citadel Securities has sought judicial review through an *in camera* inspection because it does not trust that "attorneys' eyes only" disclosure to outside and in-house counsel for Terraform would be respected, particularly considering the nature of the fraud allegations against Terraform in proceedings to which Citadel Securities is not a party and given Terraform's unwillingness to reasonably compromise by viewing the documents without taking possession. Thus, we are left with an unfortunate failure of trust on both sides that we respectfully request the Court resolve through an *in camera* review.

2. If, as Citadel Securities asserts, the redacted materials are outside the scope of the Order, Terraform has no legal right to review the materials. An *in camera* review would allow the Court to assess Citadel Securities' position without risking the disclosure of highly sensitive, proprietary information to a party that has expressed no legitimate basis for such information.

### A. The Court may address the parties' dispute

3. Having already required Citadel Securities to employ counsel in Florida to address this discovery request, Terraform now proposes that its desire to view the redacted materials be decided in the Southern District of New York. Dkt. 41 at 6-7. This marks a puzzling about face as Terraform previously stated that it was "very happy" for this Court to address the dispute arising from their subpoena. Nov. 9, 2023 Hr'g Tr. at 43:17-20 ("And we are very happy to have you decide it, Your Honor. . . . We think it is fully appropriate for you to do so."). We respectfully suggest that the amount of judicial and legal labor employed in this issue should not be expanded by switching judges midstream for no apparent reason.

4. The Protective Order does not confer exclusive jurisdiction over the Protective Order to the issuing court. *Id.* Instead, the Protective Order provides that the Southern District of

2

New York court shall "retain jurisdiction . . . to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof." Dkt. 41 at 6-7.

5.      This Court may resolve the parties' dispute over the proper application of the Protective Order. The Order provides for "further limits on disclosure" beyond a confidentiality designation. *See* Ex. 1, *Sec. & Exch. Comm'n v. Terraform Labs PTE. Ltd.*, 1:23-cv-01346-JSR, Dkt. 34 ¶ 8 ("Protective Order"). Citadel Securities availed itself of these further limits. This dispute is therefore over the parties' respective views of Paragraph 8 of the Protective Order.

6.      None of Terraform's cited authorities require the Court to transfer Citadel Securities' motion. Each cited case addresses proposed modifications of another court's protective order. *Santiago v. Honeywell Int'l Inc.*, No. 16-CIV-25359, 2017 WL 3610599, at *3 (S.D. Fla. Apr. 6, 2017) (denying motion for modification of a protective order); *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 271 F.R.D. 530, 534 (S.D. Fla. 2010) (addressing motion to modify protective order). These cases are not relevant—Citadel Securities has not proposed to modify the Protective Order.

7.      Terraform already agreed that the Court could resolve the parties' disputes regarding the production of these documents, and there is nothing in the Protective Order that bars the Court from doing so. The Court should resolve this dispute.

**B.      Citadel Securities reasonably redacted proprietary source code and business-sensitive information entirely irrelevant to Terraform's claims**

8.      Citadel Securities applied limited redactions only to irrelevant and highly confidential information from documents that, taken as a whole, are arguably not even responsive. "Many courts, including one other court in this District, have found redaction to be an appropriate

3

means to challenge relevance." *Bonnell v. Carnival Corp.*, No. 13-22265-CIV, 2014 WL 10979823, at *3 (S.D. Fla. Jan. 31, 2014) (citing *Drossin v. Nat'l Action Fin. Servs., Inc.*, No. 07-61873-CIV, 2008 WL 5381815, at *5 (S.D. Fla. Dec. 19, 2008 (denying motion to compel production of unredacted documents, as producing party's redacted documents "provided Plaintiff with all of the information she has requested")). Notably, Citadel Securities did not redact solely on the grounds of relevance: its redactions addressed irrelevant *and* highly sensitive information.

9.      Terraform cites to case law rejecting redactions resting primarily on relevance. *Bonnell*, 2014 WL 10979823, at *2; *ADP, LLC v. Ultimate Software Grp.*, No. 17-cv-61274, 2017 WL 7794226, at *1 (S.D. Fla. Dec. 15, 2017). But Citadel Securities' redactions are tailored to omit information that is irrelevant *and* highly confidential. Citadel Securities repeatedly conveyed as much to Terraform.

10.     Terraform says that Citadel Securities' redactions are "wholly improper," but it cannot know that and has no basis to make that assertion.  Redactions are hardly unusual.  Southern District of Florida courts routinely deny motions to compel productions of unredacted documents. In *Seacoast 5151*, a defendant redacted documents based on relevancy grounds, which were reviewed *in camera* by a special master. *Seacoast 5151 Condominium Ass'n v. Great Am. Ins. Co. of N.Y.*, No.: 17-23820-CIV, 2018 WL 6653342, at *1-2 (S.D. Fla. Sept. 21, 2018), *report and recommendation adopted* No. 17-23820-CIV, 2018 WL 6653071, at *1 (S.D. Fla. Nov. 6, 2018). The special master concluded that, after an *in camera* review, the requesting party had not shown the relevancy of the withheld information.  *Id.* at *5.

11.     Similarly, in *Hajn*, the court denied a motion to compel production of unredacted documents. *Hajn v. A&E Television Networks., LLC*, No. 14-14291-CIV-, 2014 WL 12600152

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.

(S.D. Fla. Dec. 17, 2014). As the *Hajn* court observed, the producing party "produced a lengthy document in its whole unit form even if that document contained very little information related to the litigation at hand." *Id.* at *1. The court denied a motion to compel: the producing party sought to produce the entire document, despite its largely irrelevant content, and the resulting redactions were based on "reasoning and method [that] does make sense." *Id.*

12.     Citadel Securities is in this exact position. Although the Court's order only required it to produce documents that describe a "trading strategy," Citadel Securities produced documents showing the *absence* of such a trading strategy. As the documents make plainly clear, the two manual test transactions were part of an effort to test the systems used for trading cryptocurrencies, a new asset class. *See* CitSec-TL-00000003 (available under seal). The documents clearly state that these were test trades—and *explicitly* state that there was no trading strategy employed. *Id.* at -006.

13.     Indeed, the documents do not "describ[e] any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022," as required to be produced under the Court's order, *simply because such documents do not exist*. Dkt. 37 at 13.  The portions of the documents that have not been redacted therefore satisfy the Court's order, and Terraform has provided no legitimate basis for why it would seek highly confidential and irrelevant information.

14.     Although Terraform contends that Citadel Securities could have produced its materials under an Attorneys' Eyes Only designation, during the parties' negotiations, Terraform never agreed that it would accept an Attorneys' Eyes Only designation, only that it would "consider it." And Terraform's belated proposal is inadequate: it would allow individuals employed at Terraform to review Citadel Securities' proprietary code and business analyses. Dkt. 42 at 9 (Mot.

5

to Compel) (proposing that "in-house counsel" among others could review the material). Terraform stands accused of extensive fraudulent conduct. It would be unreasonable for Citadel Securities to hand over highly sensitive materials to Terraform's employees and agents.

15. Citadel Securities' motion for *in camera* review provides a reasonable solution that allows Citadel Securities confidence that its materials will not be misused. The review would also soothe Terraform's concerns regarding access to Citadel Securities' information, who remains a non-party to the underlying litigation.

**C.    The Court should deny Terraform's needless motion to compel**

16. Terraform's motion to compel would have the Court ignore Citadel Securities' well-founded and clearly described concerns about its highly confidential information. In its motion, Terraform advances a set of propositions untethered from the parties' actual interactions.

17. Terraform says that Citadel Securities "provided no legal or equitable basis for its extensive unilateral redactions." *Id.*. Terraform's own pleadings disprove that point. Citadel Securities' redactions are warranted both by the Protective Order (which Terraform disputes) and by case law (which Terraform otherwise cites). *See, e.g., Bonnell*, 2014 WL 10979823, at *3. So Citadel Securities plainly **did** provide a basis for its redactions.

18. Terraform says that Citadel Securities' redactions are intended to obscure information harmful to Citadel Securities. Mot. to Compel at 8. That is pure speculation. Citadel Securities offered to disclose the redacted material to Terraform over Zoom to confirm its descriptions of the redactions. Further, Citadel Securities offered to provide these materials to the Court for an *in camera* review that addresses this concern. Terraform's baseless accusations suggest

that this discovery effort is a fishing expedition, not an effort to obtain discoverable information relevant to its defense.

19.     Terraform says that the redactions make it "impossible to glean any context" about what has been redacted. Mot. to Compel at 8. That is not true. Citadel Securities narrowly redacted the documents just for this reason: it kept in headings and descriptions wherever possible to ensure that this context would be available to Terraform. The Court will see as much from an *in camera* review.

### Conclusion

In sum, there is a fundamental breakdown in trust between the parties. Terraform does not trust Citadel Securities to properly identify documents and information responsive to the Order. Citadel Securities is rightfully concerned that Terraform will misuse any information provided that is both non-responsive to the Order and highly confidential, which is why that irrelevant information has been redacted from the documents. Therefore, Citadel Securities asks this Court to grant its reasonable request for an *in camera* review of the documents produced to verify that its redaction designations are appropriate and responsive to the Order. Moreover, Citadel Securities simultaneously asks this Court to deny Terraform's unnecessary and duplicative Motion to Compel.

7

Dated:  January 5, 2024

Respectfully submitted,

*/s/ Eugene Stearns*
EUGENE STEARNS
Florida Bar No.: 149335
E-mail:  estearns@stearnsweaver.com
KENDAL A. RINKO, Esq.
Florida Bar No.: 1003916
E-Mail: krinko@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER ALHADEFF
& SITTERSON, P.A.
150 West Flagler St., Ste. 2200
Miami, FL 33130
Telephone:  (305) 789-3200
Facsimile:  (305) 789-3395

*Attorneys for Respondent Citadel Securities LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record who are registered participants in the Court's electronic notice and filing system.

/s/ Eugene Stearns
Eugene Stearns, Esq.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.

## SERVICE LIST

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard Suite 300
Coral Gables, Florida 33134
Luis E. Suarez  - lsuarez@hsmpa.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, NY 10017
Matthew L. Levine - mlevine@ekljlaw.com
Rachel J. Rodriguez - rrodriguez@ekljlaw.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

*Via: CM/ECF*

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

#12348376 v2