UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-MC-23855

TERRAFORM LABS PTE. LTD.,

Movant,

- vs. -

CITADEL SECURITIES, LLC

Respondent.

[Re: Civil Action No. 23-cv-1346,
Action pending in the United States District
Court for the Southern District of New York,
Hon. Jed S. Rakoff]

**TERRAFORM LABS PTE. LTD.'S REPLY MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO COMPEL
<u>CITADEL SECURITIES, LLC TO PRODUCE UNREDACTED DOCUMENTS</u>**

**HEISE SUAREZ MELVILLE P.A.**
2990 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Luis E. Suarez
Florida Bar No. 390021
lsuarez@hsmpa.com
R. Jordan Richardson
Florida Bar No. 1044694
jrichardson@hsmpa.com

**ELLIOTT KWOK LEVINE &
JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, New York 10017
Tel: (212) 321-0510
Matthew L. Levine
(admitted *pro hac vice*)
mlevine@ekljlaw.com
Rachel J. Rodriguez
rrodriguez@ekljlaw.com
(admitted *pro hac vice*)

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT........................................................................................................ 1

ARGUMENT................................................................................................................................... 2

I.      Citadel Seeks to Modify the Protective Order Issued by Judge Rakoff and Thus This Dispute Should Be Resolved in the Southern District of New York ................................... 2

II.    In Any Event, No Cause Exists for Redaction of Citadel's Documents ............................. 3

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADP, LLC v. Ultimate Software Grp., Inc.*,
   2017 WL 7794226 (S.D. Fla. Dec. 15, 2017)...................................................................... 4

*Boca Raton v. Tenet Healthcare Corp.*,
   271 F.R.D. 530 (S.D. Fla. 2010)........................................................................................ 3

*Bonnell v. Carnival Corp.*,
   2014 WL 10979823 (S.D. Fla. Jan. 31, 2014) .................................................................. 5

*Hajn, LLC v. A&E Television Networks, LLC*,
   2014 WL 12600152 (S.D. Fla. Dec. 17, 2014) ................................................................. 5

*Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*,
   05-CV-2745(JGK)(RLE), 2010 WL 779314 (S.D.N.Y. Mar. 2, 2010)........................... 3

*In re Gonzalez*,
   20-MC-24628, 2022 WL 17583628 (S.D. Fla. Aug. 8, 2022)......................................... 5

*LSM Techs. PTY LTD v. Sy-Klone Co., LLC*,
   2023 WL 5934538 (M.D. Fla. Aug. 17, 2023) .............................................................. 4, 5

*Old Nat'l Bank v. Goldberg & Assocs., LLC*,
   2009 WL 813019 (S.D. Fla. Mar. 23, 2009)..................................................................... 5

*Santiago v. Honeywell Int'l, Inc.*,
   2017 WL 3610599 (S.D. Fla. Apr. 6, 2017)................................................................... 2, 3

*Seacoast 5151 Condo. Ass'n v. Great Am. Ins. Co. of New York*,
   2018 WL 6653342 (S.D. Fla. Sept. 21, 2018) .................................................................. 5

**Rules**

Fed. R. Civ. P. 37.................................................................................................................... 4
Fed. R. Civ. P. 37(a)(4) .......................................................................................................... 5
Fed. R. Civ. P. 45.................................................................................................................. 3, 4
Fed. R. Civ. P. 45(d)................................................................................................................ 3

**PRELIMINARY STATEMENT**

Terraform Labs Pte., Ltd. ("Terraform") has amply demonstrated that (a) Citadel Securities, LLC's ("Citadel") failure to produce an unredacted copy of its discovery violates the Court's November 17, 2023 Order (the "Order to Compel"), and (b) *in camera* review is unwarranted. Citadel seeks to avoid the Court's Order, *and delay production of discovery with the January 29, 2024, trial date looming*, by wishing into existence facts and law at odds with reality.  For example:

- **Citadel Illusion**:  "*Citadel Securities applied limited redactions only to irrelevant and highly confidential information. . . . Citadel narrowly redacted the documents . . . .*" (Citadel Opposition ("Opp.") at 3, 7.)

  o **Reality**:  At least 90 percent of the text or other information encompassed in Citadel's production is redacted and incomprehensible, in violation of the Protective Order issued by Judge Rakoff in the Southern District of New York, and the law of this Court.  (Levine Dec., Ex. 2.)

- **Citadel Illusion**: "*Citadel availed itself*" of "*further limits on disclosure beyond a confidentiality designation*" permitted by Judge Rakoff's Protective Order.  (Opp. at 3.)

  o **Reality**:  Citadel ignored an opportunity of further protection for its confidential information pursuant to an "attorneys' eyes only" ("AEO") designation under the Protective Order—instead choosing to pull the trigger prematurely by filing its Motion for *In Camera* Review in this Court, and even though Terraform will agree to its requested AEO protections.  (Levine Dec., Ex. 1; ECF No. 38-1, ¶ 8.)

- **Citadel Illusion**: "*Citadel has not proposed to modify the Protective Order.*"  (Opp. at 3.)

  o **Reality**:  Although the Protective Order's plain language requires all discovery marked "Confidential" to be produced in an unredacted and "legible" form, Citadel asks this Court to issue an order modifying the Protective Order permitting Citadel to produce its 125 pages with 90 percent redactions.  (Doc No, 38-1, ¶ 3.)

Try as it may, nothing in Citadel's Opposition alters the reality that: (a) *the Court issued the Order to Compel two months ago*; (b) nothing in the Order to Compel or the Protective Order permits redactions for "highly confidential" or "irrelevant" information; and, therefore, (c) Citadel is in clear violation of the Court's Order.  The Court should grant Terraform's Motion to Compel

by requiring Citadel to produce an unredacted copy of its production forthwith, under penalty of contempt if necessary.

## ARGUMENT

I.     **Citadel Seeks to Modify the Protective Order Issued by Judge Rakoff and Thus This Dispute Should Be Resolved in the Southern District of New York.**

Citadel again confesses that "[t]his dispute is therefore over the parties' respective views of Paragraph 8 of the Protective Order." (Opp. at 3.)[1]  Although the Protective Order was issued by Judge Rakoff, Citadel claims this controversy is properly before this Court by asserting its motion does not constitute a request for modification of the Protective Order.  (*Id.*)

Citadel is mistaken.  The parties are at odds because Citadel refuses to produce an unredacted copy of its responsive documents.  Citadel effectively asks this Court to bless a production to Terraform that is at least 90 percent redacted for reasons other than privilege.  This is not permitted under the plain language of Judge Rakoff's Protective Order:

> [T]he producing person or that person's counsel may designate such portion [of Discovery Material] as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion *in a manner that will not interfere with legibility or audibility*, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted.  (ECF No. 38-1, ¶ 3) (emphasis supplied.)

At bottom, Citadel asks this Court to issue an order allowing Citadel to impose massive redactions on information Citadel unilaterally alleges is "highly confidential" or "irrelevant." (Opp. at 4.)  Citadel's proposed relief clearly constitutes a modification of Judge Rakoff's Protective Order, which by its plain terms prohibits Citadel's redactions—a request this Court should deny.  *See Santiago v. Honeywell Int'l, Inc.*, No. 16-CIV-25359, 2017 WL 3610599, at \*3

---

[1] Citadel's initial motion identified this as "a dispute . . . regarding the application of the Protective Order entered in the underlying Terraform litigation," (Mot. ¶ 1),

2

(S.D. Fla. Apr. 6, 2017) (denying modification of protective order; "Plaintiff should return to Judge Altonaga who initially issued the Protective Order to seek relief and request any modifications."). Having unambiguously availed itself of the confidentiality protections of the Protective Order on two occasions, Citadel has had ample opportunity and ability to move for relief in the Southern District of New York. *See Boca Raton v. Tenet Healthcare Corp.,* 271 F.R.D. 530, 534 (S.D. Fla. 2010).[2]

## II.      In Any Event, No Cause Exists for Redaction of Citadel's Documents.

Although somewhat opaque, Citadel appears to make two arguments justifying its near-total redactions of the document production ordered by this Court two months ago.

First, Citadel claims it may unilaterally hide information because, although it already "availed itself of the[] further limits" on confidentiality permitted by the Protective Order, it is unsatisfied that these protections go far enough to safeguard its confidential information.  (Opp. at 5-6.)

This claim is false.  The Court will find no record of any such election or effort by Citadel. Rather, as set forth in the e-mail chain documenting the meet-and-confer process (Levine Dec., Ex. 1), Citadel ignored Terraform's request that Citadel specify with particularity the basis for an

---

[2] Citadel fundamentally misapprehends the law when asserting Terraform has somehow committed an "about face."  (Opp. at 2.)   Under Fed. R. Civ. P. 45(d), Terraform was obligated to bring its initial Motion to Compel before this Court.  At oral argument, Terraform declined to pursue a transfer to S.D.N.Y., as is permitted by Rule 45.  By comparison, applications to modify Judge Rakoff's Order must be brought in S.D.N.Y.  *Santiago,* 2017 WL 3610599, at *3; *Boca Raton,* 271 F.R.D. at 534; *see also Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 05-CV-2745(JGK)(RLE), 2010 WL 779314, at *2 (S.D.N.Y. Mar. 2, 2010), *objections overruled,* 05-CV-2745(JGK), 2010 WL 1459178 (S.D.N.Y. Apr. 12, 2010), *aff'd,* 415 F. App'x 286 (2d Cir. 2011) ("It is well-settled that 'permissive intervention [in the underlying action] is the proper method for a nonparty to seek modification of a protective order.'") (citation omitted).

3

"attorney's eyes only" designation, instead triggering litigation prematurely by first filing its Motion for *In Camera* Review.

Moreover, had Citadel engaged in a bona-fide meet and confer process, it would have learned that Terraform *will agree* to an "attorney's eyes only" designation to limit disclosure of its production to *(a) outside counsel, and (b) expert witnesses who agree to be bound by this designation.* Citadel's arguments that its information somehow could be exposed to competitors, or that Terraform cannot be trusted (Opp. at 5-6), therefore ring hollow.

Second, Citadel argues that its situation falls outside the "default rule" – which is that "a party generally may not redact information in otherwise discoverable documents," *LSM Techs. PTY LTD v. Sy-Klone Co., LLC*, No. 3:22-CV-1019-BJD-MCR, 2023 WL 5934538, at *5 (M.D. Fla. Aug. 17, 2023)—because its redactions are for *both* confidentiality and relevance. (Opp. at 4.) This argument conflates the analysis for each type of concern.

As discussed above, confidentiality concerns should be – and are – squarely addressed by Judge Rakoff's Protective Order. If Citadel wishes to secure an "attorney's eyes only" designation, limiting disclosure to outside counsel and engaged experts only, Terraform will consent. *See ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-CV-61274, 2017 WL 7794226, at *2 (S.D. Fla. Dec. 15, 2017) ("Ultimate makes no showing that the Attorneys' Eyes Only designation is inadequate to protect the sensitive information. Accordingly, Ultimate is ordered to produce unredacted versions of all documents produced pursuant to the Compel Order.")[3]

---

[3] Nor does Citadel's apparent obsession with showing a document over a laptop screen via the "Zoom" videoconferencing platform (*see* Opp. at 6; Rodriguez Dec., Ex. H.) substitute for an entity's discovery obligations under Fed. R. Civ. P. 37 and 45.

HSM  2990 Ponce De Leon Blvd., Suite 300, Coral Gables, FL 33134  |  305-800-4476

As for the alleged lack of relevance of its production, this does not constitute a legitimate basis for Citadel's massive blackouts. *E.g., Bonnell v. Carnival Corp.*, CASE NO. 13-22265-CIV-WILLIAMS/GOODMAN, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014); *Sy-Klone*, 2023 WL 5934538, at *6.[4] Citadel should be ordered to produce an unredacted document set forthwith, *see* Order to Compel at 6 (citing Fed. R. Civ. P. 37(a)(4)), or show cause why it cannot produce the unredacted documents under penalty of contempt. *See In re Gonzalez*, No. 20-MC-24628, 2022 WL 17583628, at *6 (S.D. Fla. Aug. 8, 2022), *report and recommendation adopted,* No. 1:20-MC-24628, 2023 WL 1863661 (S.D. Fla. Feb. 8, 2023) (party held in contempt because party's "creation of a situation in which it contends it cannot feasibly comply with this Court's discovery orders is not a basis for relief from this Court's orders"); *Old Nat'l Bank v. Goldberg & Assocs., LLC*, No. 08-80078-CIV, 2009 WL 813019, at *3 (S.D. Fla. Mar. 23, 2009) (party held in contempt where it could not demonstrate inability to comply "merely by *claiming* an inability to comply or by averring that he has *requested* the documents when it is clear that he could have—and should have—done more") (emphasis in original).

---

[4] Citadel's authorities do not effectively undermine this conclusion. *Seacoast 5151 Condo. Ass'n v. Great Am. Ins. Co. of New York*, No. 17-23820-CIV, 2018 WL 6653342, at *2-4 (S.D. Fla. Sept. 21, 2018), *report and recommendation adopted,* No. 17-23820-CIV, 2018 WL 6653071 (S.D. Fla. Nov. 6, 2018), for example, deals principally with redactions for attorney-client privilege. *Hajn, LLC v. A&E Television Networks, LLC*, No. 14-14291-CIV, 2014 WL 12600152, at *1 (S.D. Fla. Dec. 17, 2014), allowed redactions where a party used discovery software to produce a large document that contained almost no information related to the litigation; here, by comparison, Citadel's judgment on relevance deserves no credit, because it has consistently stated since August 2023 that *none* of its documents are relevant.

Dated:  January 12, 2024.

Respectfully submitted,

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard
Suite 300
Coral Gables, Florida 33134
Telephone (305) 800-4476

By: /s/ Luis E. Suarez
Luis E. Suarez
Florida Bar No. 390021
lsuarez@hsmpa.com
R. Jordan Richardson
Florida Bar No. 1044694
jrichardson@hsmpa.com

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, NY 10017
(212) 321-0510

By: Matthew L. Levine
Matthew L. Levine (*Admitted Pro Hac Vice*)
mlevine@ekljlaw.com
Rachel J. Rodriguez (*Admitted Pro Hac Vice)*
rrodriguez@ekljlaw.com

*Attorneys for Movant Terraform Labs Pte. Ltd.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2024 I electronically filed the foregoing with the

Clerk of the Court using CM/ECF.  Copies of the foregoing document will be served on all parties

via transmission of Notice of Electronic Filing generated by CM/ECF.


By: */s/ Luis E. Suarez*
Luis E. Suarez
Florida Bar No. 390021

6