**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-mc-23855-KMM

TERRAFORM LABS PTE. LTD.,

     Movant,

v.

CITADEL SECURITIES, LLC,

     Respondent.

_____/

Southern District of New York
    Case No. 1:23-cv-01346-JSR

## ORDER

**THIS CAUSE** is before the Court upon Respondent Citadel Securities, LLC's ("Citadel")

Motion for *In Camera* Review (ECF No. 38).  Movant Terraform Labs Pte., Ltd. ("Terraform") filed

a Response to the Motion for *In Camera* Review, (ECF No. 41), and contemporaneous Motion to

Compel Citadel to Produce Unredacted Documents (ECF No. 42).   In accordance with the

consolidated briefing schedule set for both Motions, *see* (ECF No. 46), Citadel filed a combined

Response to the Motion to Compel and Reply in support of its Motion for *In Camera* Review.  (ECF

No. 48).  Terraform filed a Reply in support of its Motion to Compel.  (ECF No. 49).  The Motions

are now ripe for review.  The matter has been referred to the undersigned United States Magistrate

Judge by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636

and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all

necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for

a Report and Recommendation on any dispositive matters.  (ECF No. 47).  Having considered both

Motions, the briefing and evidence filed in support, the record as a whole, and being otherwise fully

1

advised, Citadel's Motion for *In Camera* Review is **DENIED** and Terraform's Motion to Compel is **GRANTED** as set forth below.

## I.      BACKGROUND

The instant Motions follow the Court's November 17, 2023 Order (ECF No. 37) on Terraform's motion to compel compliance with a non-party subpoena served on Citadel.  The non-party subpoena was issued pursuant to Rule 45 in a civil action brought by the U.S. Securities and Exchange Commission ("SEC") against Terraform and its CEO, Do Hyeong Kwon, in the United States District Court for the Southern District of New York.  *See* No. 1:23-cv-01346-JSR (S.D.N.Y.).  Citadel accepted service of the subpoena here in the Southern District of Florida.

In the underlying action, the SEC alleges multiple violations of federal securities laws.  Relevant here, the SEC alleged that Terraform falsely represented to investors that its crypto-asset, TerraUSD ("UST"), became "repegged" to the U.S. Dollar in May 2021 by virtue of the crypto-asset's self-healing algorithm when the "true" reason UST became repegged to the U.S. Dollar was the undisclosed intervention of a third-party that Terraform had arranged.  In support of its defense that the alleged May 2021 omissions are not material, Terraform issued a subpoena to Citadel to discover whether concerted trading activity by a small number of third parties, including Citadel, "shorting" UST in May 2022 caused instability that led to the de-pegging of UST from the U.S. Dollar in May 2022.  Citadel objected to the relevance of the discovery sought; Terraform filed a motion to compel in October 2023.

For reasons explained in further detail in the Court's November 17, 2023 Order, the Court found that the discovery Terraform sought was relevant to rebutting the SEC's theory of causation because it would tend to show that Terraform's alleged omissions and misstatements were not as material, or not material at all.  (ECF No. 37 at 10).  The Court overruled Citadel's objections on

relevance grounds and noted that the burden to Citadel was low in light of the substantially narrowed requests, though that objection had also been withdrawn.  The Court ordered Citadel to produce "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022."  (ECF No. 37 at 13).

Now, in its Motion for *In Camera* Review (ECF No. 38), Citadel represents that it has produced seven documents pursuant to the Court's November 17 Order and in accordance with the protective order entered in the Southern District of New York (the "SDNY Protective Order").[1] Citadel has redacted information it disclosed as part of its production, which Citadel believes is outside the scope of the Court's Order and highly confidential.  According to Citadel, it has "produced the documents in an effort to demonstrate to Terraform that there are no documents that exist regarding a trading strategy for the test transactions at issue."  (ECF No. 38 at ¶ 3).  Citadel represents that the documents contain "a substantial amount of sensitive and proprietary information that is entirely irrelevant to the claims at issue in the matter," (ECF No. 38 at ¶ 3), including "information identif[ying] how Citadel Securities formulates business plans, coordinates its operations, and codes its internal trading architecture."  (ECF No. 38 at ¶ 5).  Citadel claims its redactions comport with the SDNY Protective Order.  Citadel requests that the undersigned conduct an *in camera* review of specific portions of its production to confirm that application of the SDNY Protective Order is appropriate.[2]

---

[1]  The SDNY Protective Order is attached as Exhibit "A" to Citadel's Motion for *In Camera* Review.  (ECF No. 38-1); *see also* Protective Order, ECF No. 34 in No. 1:23-cv-01346-JSR (S.D.N.Y.).  The Court notes that the Southern District of New York entered an Amended Protective Order in that case on December 20, 2023.  *See* Amended Protective Order, ECF No. 145 in No. 1:23-cv-01346-JSR (S.D.N.Y. Dec. 20, 2023).  Because the Protective Order and Amended Protective Order do not differ with respect to the provisions applicable here, the Court refers to both protective orders together as "the SDNY Protective Order" while recognizing that the Amended Protective Order, not filed in this Court, is the operative protective order.

[2]  The specific documents identified in Citadel's Motion are: CitSec-TL-0000003; CitSec-TL-0000010; CitSec-TL-0000110; CitSec-TL-0000125; CitSec-TL-0000126.  (ECF No. 38 at ¶ 7).

3

Terraform disputes the propriety of Citadel's redactions other than for privilege.  According to Terraform, following the entry of the Court's Order and after conferring with Terraform, Citadel produced 125 pages of PDF-formatted documents that were almost all fully redacted, and without an accompanying redaction log.  The later "Revised Production" on December 13, 2023, which was accompanied by a redaction log, contained 90 pages redacted in full; and only three pages bore no redactions at all.  (ECF No. 43 at ¶¶ 14–15).  The Revised Production was designated "Confidential" under the SDNY Protective Order.  Though Terraform asserts that the instant dispute relating to the SDNY Protective Order should be heard by that court, Terraform argues in the alternative that Citadel's redactions are a unilateral determination of relevance that conflicts with this Court's Order and the SDNY Protective Order.  Terraform agrees to an "Attorney's Eyes Only" designation for the Revised Production, in accordance with paragraph 8 of the SDNY Protective Order.  Pursuant to Federal Rules of Civil Procedure 37 and 45, Terraform also moves to compel Citadel to produce its Revised Production, unredacted, and subject to an Attorneys' Eyes Only designation.  In the alternative Terraform requests the entry of an order pursuant to Rule 45(g) requiring Citadel to show cause why it cannot produce the unredacted documents.

## II.     DISCUSSION

### A.     Venue

This dispute need not be resolved in the Southern District of New York.  Though Terraform cites authority that the court issuing a protective order retains jurisdiction over modifications to that order, *see* (ECF No. 41 at 6–7) (citing *Santiago v. Honeywell Int'l, Inc.*, No. 16-CIV-25359, 2017 WL 3610599, at *3 (S.D. Fla. Apr. 6, 2017)), Citadel does not seek a modification to the *terms* of the SDNY Protective Order itself.  Rather, Citadel seeks confirmation (upon *in camera* review) that its unilateral redactions were appropriately applied under paragraph 8 of the SDNY Protective Order;

4

Citadel claims that this paragraph of the SDNY Protective Order permits Citadel to seek "further limits on disclosure," including the unilateral redactions on irrelevance grounds at issue here.  (ECF No. 38 at ¶ 4) (quoting SDNY Protective Order at ¶ 8).  Because Citadel does not seek any actual modification to the terms of the SDNY Protective Order, and instead seeks confirmation that its conduct comported with terms of that protective order, the Court finds that this dispute can be adjudicated in the Southern District of Florida and that Citadel's motion need not be refiled in the Southern District of New York.

### B.      Redactions

The Court turns to Citadel's request for an *in camera* review of the specific redactions and Terraform's related motion to compel an unredacted version of the entire Revised Production.

The SDNY Protective Order permits redactions when producing another copy of a document for "future public use."  (SDNY Protective Order at ¶ 3).  On its face, however, the SDNY Protective Order does not contemplate redactions for discovery from a producing party to a requesting party other than for privilege.  Arguably, paragraph 8 of the SDNY Protective Order could be read as authorizing Citadel to *seek* permission to redact putatively irrelevant, non-privileged, and highly confidential information in discovery material that Citadel produces:

> Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

(SDNY Protective Order at ¶ 8).  But unilateral redaction of irrelevant and non-privileged material is not generally permitted in the Southern District of Florida.  *See ADP, LLC v. Ultimate Software Grp.*, No. 17-CV-61274, 2017 WL 7794226, at *1–2 (S.D. Fla. Dec. 15, 2017) (recognizing the split among

district courts nationwide on this issue but identifying the potential inefficiencies and problems associated with permitting unilateral redactions on relevance grounds and ordering, under an attorneys' eyes only designation, the producing party to produce unredacted versions of all documents previously ordered to be disclosed); *Bonnell v. Carnival Corp.*, No. 13-22265-CIV, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (emphasis in original) ("[T]he better, less-risky approach is to not provide litigants with the *carte blanche* right to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant.  Thus, [the producing party] *cannot* unilaterally redact portions of otherwise discoverable, non-privileged documents based on its own belief that portions of the documents are irrelevant to the claims in this case."); *Lebbin-Spector Fam. Tr. ex rel. Lebbin v. Transamerica Life Ins.*, No. 18-CV-80558, 2019 WL 13211445, at *2 (S.D. Fla. Aug. 13, 2019).

Redactions on the basis of relevance have been approved under limited circumstances not argued here.  For example, redaction has been permitted where movant has demonstrated that the redacted information in a lengthy document was not necessary to understand the unredacted and relevant portions of the document.  *Cf. Hajn, LLC v. A&E Television Networks, LLC*, No. 14-14291-CIV, 2014 WL 12600152, at *1 (S.D. Fla. Dec. 17, 2014) (permitting redaction of irrelevant and non-privileged materials where the redactions were for lengthy documents containing "little information related to the litigation at hand" and where "[i]mplicit in the Defendant's explanation is the representation that none of the redacted information while irrelevant on its own otherwise is necessary to understanding the unredacted portions.").  Redactions have also been permitted when the redacted information was not discoverable.  *See Seacoast 5151 Condo. Ass'n v. Great Am. Ins. Co. of New York*, No. 17-23820-CIV, 2018 WL 6653342, at *4 (S.D. Fla. Sept. 21, 2018), *special master report*

*and recommendation adopted*, No. 17-23820-CIV, 2018 WL 6653071 (S.D. Fla. Nov. 6, 2018) (permitting redactions because "reserve information is generally not discoverable in insurance coverage cases absent an allegation of bad faith by the insured"). That is not the case here: Citadel claims all the information it has produced is non-responsive, yet it has unilaterally decided which of that non-responsive information will be produced unredacted in effort to show that Citadel has no responsive information. (ECF No. 38 at ¶ 3) ("While these seven documents do not 'describe[e] any trading strategy'—and are therefore arguably not responsive to the request—Citadel Securities has produced the documents in an effort to demonstrate to Terraform that there are no documents that exist regarding a trading strategy for the test transactions at issue."); (ECF No. at 48 at ¶ 12) ("Although the Court's order only required it to produce documents that describe a 'trading strategy,' Citadel Securities produced documents showing the *absence* of such a trading strategy.").

The Court recognizes Citadel's representations that it has acted in good faith by disclosing information beyond that which was commanded in the subpoena and beyond that which was ordered by this Court. However, Citadel cites no authority that permits it to pick and choose among the purportedly non-responsive information it will redact as part of its production. Moreover, Citadel has advanced no proffer of recognized privilege warranting the redactions.

Citadel represents that it does not trust that an "Attorneys' Eyes Only" designation would be respected by Terraform and its in-house and outside counsel because Terraform has been accused of fraud. Citadel's accusation lacks substantiation and anyway, production under the Attorneys' Eyes Only designation precludes disclosure to the party. Though Terraform has been accused of fraud by the SEC in the Southern District of New York, speculation that its attorneys will not comply with the Court's orders is, simply, speculation. Nor do Citadel's speculations warrant an *in camera* review based on fears that its local and outside counsel will disobey court orders. Citadel has not shown that

7

an Attorneys' Eyes Only designation would not adequately protect its confidentiality interests. *ADP, LLC*, 2017 WL 7794226, at \*2 ("Ultimate makes no showing that the Attorneys' Eyes Only designation is inadequate to protect the sensitive information. Accordingly, Ultimate is ordered to produce unredacted versions of all documents produced pursuant to the Compel Order.").

Thus, because Citadel's redactions are not proper and no proffer of recognized privilege has been advanced, the Court will require Citadel to produce an unredacted version of its Revised Production previously ordered, subject to Attorneys' Eyes Only protections.

### C. Fee Shifting

In finding Citadel's redactions improper and ordering it to produce an unredacted version of its Revised Production, the Court grants Terraform's motion to compel. An award of reasonable attorney's fees and costs is mandatory under Rule 37(a)(5) if a motion to compel is granted, unless the court finds the motion was filed before the movant attempted in good faith to obtain the disclosure or discovery without court action; the nondisclosure response, or objection was substantially justified; or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Though improperly applied, the Court cannot say that Citadel's application of redactions to protect its confidentiality interests was not substantially unjustified. Thus, and because no fees are sought in Terraform's Motion to Compel, the Court finds that an award of fees and costs is not warranted here and no fees will shift in connection with Terraform's Motion to Compel.

### D. Motions to Seal

Citadel and Terraform have both sought leave to file various materials under seal. Citadel moves to file its redaction log under seal in support of its Motion for *In Camera* Review. Terraform has moved to file Citadel's December 13, 2023 revised production under seal in support of Terraform's opposition to Citadel's Motion for *In Camera* Review and in support of Terraform's

8

Motion to Compel.  Because the redaction log is not necessary to adjudicate the Motion for *In Camera* Review, and because Terraform's request to file the Revised Production under seal would, in part, afford Citadel the relief Citadel seeks, both motions to seal will be denied.

## III.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Respondent Citadel Securities, LLC's Motion for *In Camera* Review (ECF No. 38) is **DENIED**.

2. Movant Terraform Labs Pte., Ltd.'s Motion to Compel Citadel to Produce Unredacted Documents (ECF No. 42) is **GRANTED**.

3. Within **SEVEN (7) DAYS** of the entry of this Order, Respondent Citadel Securities, LLC shall serve its Revised Production without redactions, except to the extent redactions are necessary to protect a recognized privilege.  The Revised Production shall be subject to Attorneys' Eyes Only protections and to the following additional protections:

    a. The Revised Production shall be served on Terraform's local counsel (*i.e.*, non-*pro hac vice* counsel) in the Southern District of Florida <u>in physical hard-copy</u>.

    b. Terraform's counsel (in-house counsel, outside counsel, local counsel, and any other attorney representing Terraform in any capacity in connection with Southern District of New York Case No. 1:23-cv-01346-JSR) permitted to view the unredacted Revised Production **SHALL NOT** copy, digitize, or otherwise reproduce, create, or cause the creation of additional physical or electronic copies of the unredacted Revised Production in any way

whatsoever, unless permitted by this Court or unless otherwise directed to do so by the presiding judge in the Southern District of New York.

    c.    These protections are without prejudice to any party seeking modifications from this Court or from the presiding judge in the Southern District of New York.

4. The foregoing ruling is without prejudice to Citadel providing redacted copies for "future public use" as contemplated in paragraph 3 of the SDNY Protective Order.

5. Respondent Citadel Securities, LLC's Motion for Leave to File Portions of Its Motion for *In Camera* Review Under Seal (ECF No. 39) is **DENIED**.

6. Movant Terraform Labs Pte., Ltd.'s Motion for Leave to File Portions of Its Motion to Compel Under Seal (ECF No. 44) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable K. Michael Moore
Counsel of Record

10