UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-MC-23855

TERRAFORM LABS PTE. LTD.,

Movant,

- v. -

CITADEL SECURITIES, LLC,

Respondent.

[Re: Civil Action No. 23-cv-1346,
Action pending in the United States District
Court for the Southern District of New York,
Hon. Jed S. Rakoff]

**TERRAFORM LABS PTE. LTD.'S *EXPEDITED* MOTION TO COMPEL CITADEL
SECURITIES, LLC TO COMPLY WITH THIS COURT'S ORDER
AND FOR IMPOSITION OF CIVIL SANCTIONS**

Pursuant to Federal Rules of Civil Procedure 37 and 45, and Southern District of Florida

Local Rule 7.1(d)(2), Terraform Labs Pte., Ltd. ("**Terraform**") moves on an *expedited* basis for

an order (i) compelling Citadel Securities, LLC ("**Citadel**") to comply with this Court's November

17, 2023 Order (ECF No. 37) and its January 30, 2023 Order (ECF No. 50), and (ii) ordering

Citadel to show cause why it should not be held in civil contempt for failing to comply with this

Court's Orders. Terraform respectfully requests an expedited ruling on this Motion by March 6,

2024, because, as explained further below, trial in the underlying action in the Southern District of

New York is set to commence on March 25, 2024, and Terraform urgently needs to review and

analyze the missing discovery from Citadel, plan its defenses, and prepare for trial.

I.      **INTRODUCTION**

This is Terraform's ***third*** motion to compel Citadel to produce documents within Citadel's

possession, custody, and control and to which Terraform is entitled under this Court's prior Orders.

Despite clear directives from this Court, Citadel served Terraform with a Revised Production that

1

is wholly unresponsive to Terraform's subpoena and tried to mislead the Court and Terraform about what was produced. Terraform explicitly requested "all documents describing any trading strategy" that Citadel employed in any of the Terra-Native Tokens or the Terra Financial Instruments. To resist producing this information, Citadel represented to this Court that the documents Terraform sought contained "***proprietary code***." This Court rejected Citadel's arguments, and on November 17, 2023 (ECF No. 37) and January 30, 2023 (ECF No. 50), this Court ordered Citadel to provide the requested documents with no redactions other than for privilege.

Instead of providing "proprietary code," Citadel instead produced ███████████ ████████████████████████████████████████. Given that trial is scheduled to start in the U.S. District Court for the Southern District of New York on March 25, 2024, Terraform now moves on an expedited basis to compel Citadel to fulfill its obligations and provide the complete, unredacted documents necessary for Terraform's defense. Additionally, this Court should order Citadel to show cause why it should not be held in civil contempt for its refusal to comply with this Court's unambiguous Orders and misstatements to the Court and Terraform.

## II.    RELEVANT FACTUAL BACKGROUND

1. On October 10, 2023, Terraform filed with this Court its *Motion to Compel Compliance with Its Non-Party Subpoena Duces Tecum, or Alternatively, to Transfer to the Southern District of New York* (ECF No. 1) (the "**First Motion**"). The First Motion sought an order compelling Citadel to produce data responsive to a third-party subpoena that is vital to Terraform's defense in *SEC v. Terraform Labs, PTE LTD, and Do Hyeong Kwon*, Case No. 1:23-cv-01346 (the "**Underlying Action**").

2. On November 17, 2023, this Court entered an Order granting in part the First Motion and ordered Citadel to produce to Terraform "all documents describing any trading strategy in any of

the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022," within 14 days of this Court's Order. (ECF No. 37 p. 13 at ¶¶ 1–2).

3.  On the very last day for compliance with the Order, Citadel produced documents that were almost entirely redacted. This production was unresponsive, unusable, and in plain violation of the Court's Order.

4.  To justify its non-responsive production, on December 14, 2023, Citadel filed a Motion for *In Camera* Review in which it asked this Court to conduct an *in camera* review of the unredacted portions of its production to determine whether such redactions were compliant with the Protective Order entered in the Underlying Action. (ECF No. 38 at ¶ 7). In that motion, Citadel represented to this Court that the redacted information included "***proprietary code*** used in the test trades," as well as information that "identifies how Citadel Securities … ***codes*** its internal trading architecture." *Id.* at ¶ 5 (emphasis added).

5.  On December 22, 2023, Terraform filed its *Motion to Compel Citadel to Produce Unredacted Documents* (ECF No. 42) (the "**Second Motion**"). In its January 5, 2024 opposition to the Second Motion, Citadel again represented to this Court that the redacted information contained "***proprietary code***" and that it would be "unreasonable" for Terraform to view (even with an Attorneys' Eyes Only designation) "Citadel Securities' ***proprietary code*** and business analyses." (ECF No. 48 at ¶ 14) (emphasis added).

6.  On January 30, 2024, this Court granted Terraform's Second Motion and ordered Citadel to "serve its Revised Production without redactions, except to the extent redactions are necessary to protect a recognized privilege." (ECF No. 50 p. 9 at ¶ 3).

7.   On February 6, 2024, Citadel served Terraform with a physical hard-copy of its Revised Production, which contained limited redactions for privilege. A true and correct copy of the Revised Production is attached hereto as **Exhibit "A"** (under seal).[1]

8.   Upon review of the Revised Production, counsel for Terraform determined that it does not include "proprietary code" or information regarding "how Citadel Securities … codes its internal trading architecture," as Citadel repeatedly represented to this Court. Instead, the Revised Production primarily consists of ███████████████████████████████████████ ██████████████████████ but does not include any of that code (or "business analyses"). These ██████ are unequivocally *not* source code. The remainder of the Revised Production is ██████ ████████████████████████████████████████████ that suggests that Citadel has withheld even more responsive information.

9.   Without the actual source code showing "trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments" as Terraform had requested and this Court had ordered, Citadel's ████████ are of no use and unresponsive. The source code itself, which was responsive to Terraform's request and encompassed in this Court's Order, was intentionally left out of Citadel's production.

10. After discovering this failure, on February 23, 26, 28, and 29, 2024, counsel for Terraform conferred with counsel for Citadel to resolve the issue without the need for court intervention. The parties were unable to reach an agreement.

---

[1] On February 26, 2024, the Hon. Jed Rakoff entered a Stipulation and Order modifying this Court's January 30, 2024 Order to allow Citadel to provide Terraform with an electronic copy of the Revised Production so that Terraform's counsel may share the Revised Production with the other parties to this action pursuant to Fed. R. Civ. P. 45. A true and correct copy of that Order is attached hereto as **Exhibit "B."**

11. Due to the trial commencing in the Underlying Action on March 25, 2024, Terraform is now forced to move on an expedited basis to request this Court to compel Citadel to provide the full production responsive to Terraform's subpoena.

### III.   LEGAL STANDARDS APPLICABLE TO THIS MOTION

If a person fails to produce documents as requested, a party seeking discovery may move for an order compelling discovery in the court where the discovery is or will be taken.  Fed. R. Civ. P. 37(a); Fed. R. Civ. P. 45(d)(2)(B)(i).  Further, "evasive or incomplete disclosures, answers, or responses are treated as a failure to disclose, answer, or respond" (ECF No. 37), and failure to produce *all* responsive documents in compliance with a subpoena or related court order constitutes a failure to comply with that subpoena and court order.  *CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, No. 22-MC-20762, 2023 WL 1965998, at *5 (S.D. Fla. Jan. 18, 2023) (non-party's partial production of only 13 documents constituted failure to comply with subpoena and related order to compel).  The Court possesses broad discretion in managing pretrial discovery matters and deciding to compel.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

Pursuant to Rule 45(g) "[t]he court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  "A non-party's failure to comply with a lawful subpoena is itself grounds for the non-party to be found in contempt."  *CITGO*, 2023 WL 1965998, at *4; *see also Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 4818924, at *2 (S.D. Fla. Aug. 19, 2020) (if non-party has been ordered to comply with a subpoena and fails to do so "the non-party is exposed to civil contempt under Rule 45(g)").

"Where a party refuses to act in accordance with a court order, such as here, the other party typically requests the court to order the offending party to show cause why it should not be held in contempt and sanctioned." *Gomez v. Mylooks, Inc.*, 13-62244-CV, 2014 WL 11706434, at *2 (S.D. Fla. June 25, 2014). "The party seeking civil contempt must show by clear and convincing evidence that the alleged contemnor violated the court's prior orders." *Id.* The burden then shifts to the alleged contemnor to produce detailed evidence explaining why he cannot comply, which requires the alleged contemnor to show that he has, in good faith, made all reasonable efforts to comply with the order. *See id.*

## IV.   ARGUMENT

**A. This Court Should Compel Production of the Missing Source Code from Citadel's Revised Production.**

To understand why the Revised Production is not what Citadel represented it to be, the Court needs to understand ██████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██ ███████████████████████████████ ). ███████ is a software platform that allows companies like Citadel to ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ (last visited March 25, 2024).

Although there are many ways to use ███████ large-scale developers tend to ████████████ ██████████████████████████ For example, software ███████████████████████ ████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ (last visited March 25, 2024). ████████████████████████████████████

the developer/tester is using to run the software.  Indeed, the Revised Production contains ██████

████████████████████ (*e.g.,* CitSec-TL-00000010) such as:



The Revised Production also contains numerous ████████████████ (*e.g., id.*) ████████████

████████ such as:

Program  test  results  ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ The Court will see numerous instances of ██████

████████████████████████, but these are not code, they are ████████████████

████████ for example, this snippet starts immediately after the above ████████████ and continues

for approximately 1.5 pages):

In contrast, actual program code, for example code written in the Python language (one of the most

commonly used languages at this time) would look like this: https://www.programiz.com/python-

programming/examples/fibonacci-sequence (last visited March 25, 2024).  There is no such code in the Revised Production.[2]

Although the Revised Production contains ███████████████████████████

████████████████████████████████████████████████████████████████████████

███████████, it does not contain the code for ██████████.  The Court should thus compel Citadel to produce the code it falsely claims it had produced.  Moreover, because we now know that Citadel ███████████████████████████████ falsely claimed to have produced, Citadel should be required to produce ██████████████████████████████████████████████████████████████████ ███████████████████████████ as they existed from January 1, 2022 through May 15, 2022.

Two more things revealed by the Revised Production suggest that Citadel was not speaking truthfully when it claimed that it merely experimented with cryptocurrency trading.  *First*, the

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████  *See* CitSec-TL-00000003-00000009.  *Second*, included in the Revised Production is ████████████████████████████████████████████████████████████████████████

---

[2] One reason for Terraform's expedited request is that Citadel has changed its story so many times.  As noted above, Citadel falsely claimed that there was "proprietary code" in the Revised Production.  When Terraform's counsel tried to address this with Citadel's counsel, Citadel's counsel took six days to meet and confer, and then asserted that the ████████████████ ████████████████████████████████████████.  False again: ████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████  they are not that code.

[3] For example ████████████████████████████████████████████████████████ ███████████:

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████. *See* CitSec-TL-00000002.  This suggests

that ██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████.

The Revised Production calls into serious question everything Citadel has told this Court.

**B. An Expedited Ruling is Requested by March 6, 2024, Because Terraform Needs These Missing Documents From Citadel to Prepare for Trial on March 25, 2024.**

Terraform requests an expedited ruling on this Motion by March 6, 2024.  Trial in the Underlying Action is scheduled to commence on March 25, 2024.  The standard time for motion practice would inevitably prolong the resolution of this issue until the eleventh hour before trial. Such a delay would create undue uncertainty and inhibit the Terraform's ability to adequately prepare for trial.  Any delay in resolving the outstanding discovery issues could jeopardize Terraform's ability to review and analyze the materials Citadel should have provided long ago, as this information is integral to its defenses at trial.  For these reasons, Terraform respectfully requests that this Motion be resolved on an expedited basis.

**C. This Court Should Require Citadel to Show Cause Why It Should Not be Held in Civil Contempt for Filing to Comply with Prior Orders.**

Citadel should be ordered to show cause why it failed to comply with this Court's Orders to produce the documents—including the source code—under penalty of contempt pursuant to Fed. R. Civ. P. 45(g).  *See Whatley*, 2020 WL 4818924, at *2 ("Courts also have the inherent power to enforce compliance with their lawful orders through civil contempt.").  As discussed above, Terraform has shown by clear and convincing evidence that Citadel failed to comply with both of this Court's Orders to Compel and made false statements about the Revised Production.

**WHEREFORE** Movant, Terraform Labs Pte., Ltd., respectfully requests that this Court (i) grant this Motion; (ii) compel Citadel Securities, LLC to comply with this Court's November 17, 2023 Order (ECF No. 37) and its January 30, 2023 Order (ECF No. 50) to produce all documents responsive to Terraform's subpoena, including the missing source code;[4] (iii) allow Terraform to make electronic copies of Citadel's new production, serve copies of that new production on all parties as required by Rule 45, and share it with Terraform's experts and consultants subject to the Protective Order (all without further order of any court); (iv) order Citadel to show cause why it should not be held in civil contempt for failing to comply with this Court's Orders; (v) set an expedited briefing schedule on the issues raised in this Motion; and (vi) grant such and other relief as this Court deems just and proper.

<u>**LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL**</u>

Pursuant to Local Rule 7.1(a)(3)(B), in a good faith effort to resolve the issues raised in this Motion without the need for court intervention, counsel for Terraform has conferred with counsel for Citadel via e-mail (on February 23, 26, 28, and 29, 2024); by Zoom videoconference on February 28, 2024; and by phone on February 29, 2024. The parties were unable to reach an agreement.

Dated March 1, 2024

---

[4] For the avoidance of doubt, in relation to the ███████████████████████████, Citadel should produce (i) the complete set of files ███████████████████████ ████████ shown in the Revised Production (including but not limited to ███████████████) and all of the ██████████ reflected in the Revised Production, including complete copies of the ███████████████ as they existed from March 1, 2022 through May 31, 2022; and (ii) identify all Citadel affiliates or other entities to which the aforementioned ████████████ were provided (████████████████████████████) following ███████████ shown in the Revised Production.

Respectfully submitted,

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard
Suite 300
Coral Gables, Florida 33134
Telephone (305) 800-4476

By: */s/ Luis E. Suarez*
 Luis E. Suarez
 Florida Bar No. 390021
 lsuarez@hsmpa.com
 R. Jordan Richardson
 Florida Bar No. 1044694
 jrichardson@hsmpa.com

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
 New York, NY 10017
 (212) 321-0510

By: /s/*Matthew L. Levine*
Matthew L. Levine (Admitted Pro Hac Vice)
mlevine@ekljlaw.com
Rachel J. Rodriguez (Admitted Pro Hac Vice)
rrodriguez@ekljlaw.com

Attorneys for Movant Terraform Labs Pte. Ltd.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 1, 2024 I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served on all parties via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Luis E. Suarez*
 Luis E. Suarez
 Florida Bar No. 390021

11