**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

TERRAFORM LABS PTE. LTD.,

    Movant,

-vs.-

CITADEL SECURITIES, LLC,

    Respondent.

Misc. Case No.: 23-MC-23855

[Re: Civil Action No. 23-cv-1346, Action pending in the United States District Court for the Southern District of New York, Hon. Jed S. Rakoff]

### CITADEL SECURITIES, LLC'S OPPOSITION TO TERRAFORM LABS PTE. LTD.'S MOTION TO COMPEL

Consistent with this Court's order, Citadel Securities produced "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022." Ex. 1, Dkt. 37 at 13 (Order). The production included all "memoranda or other documents ordinarily created from before engaging in the test trades, and/or 'after action' memoranda or reports memorializing the results." Order at 11. Terraform does not—and cannot—claim that Citadel Securities withheld these documents.

Rather, it manufactures a disingenuous argument that Citadel Securities withheld code describing a trading strategy in the Terra assets during the relevant period. Terraform is wrong. Citadel Securities already produced any and all documents in its possession that possibly relate to a "trading strategy" in the Terra assets during the relevant period. And that's because there is no code setting up transactions specific to the Terra assets. The two test transactions in Terra assets— the only trades Citadel Securities made involving Terra assets during the relevant period—arose during system tests (i.e., not pursuant to any trading strategy). The tests involved multiple

1

cryptocurrencies (i.e., not specific to Terra assets).  Accordingly, there is no code that would disclose a "strategy" relating to the trading of Terra-Native Tokens or the Terra Financial Instruments.  Said another way, Terraform's motion to compel seeks information that it knows does not exist, and the Court should deny the motion.

## BACKGROUND

### A.    Terraform and Citadel Securities dispute third-party subpoena

Terraform served Citadel Securities with a subpoena in August 2023. Terraform's third-party subpoena to Citadel Securities is in connection with an SEC enforcement action against Terraform alleging that Terraform misled investors about the stability of UST. Ex. 2, ¶¶ 32-33 (Amended Complaint). The SEC charges Terraform with falsely claiming that the UST was algorithmically pegged to the dollar. *Id.* The SEC's enforcement action relates to the billions of dollars investors lost when UST depegged from the dollar. *Id.* ¶¶ 8-9. Citadel Securities produced discovery showing that it engaged in two test transactions with a transaction value of thirteen cents.

Terraform demanded that Citadel Securities produce documents describing any trading strategy in the relevant Terra assets. Citadel Securities objected to the request, as its *two* tests indicated these were not part of any trading strategy. Terraform moved to compel. At the hearing, counsel for Terraform stated that Citadel Securities "do[es] test trades for a reason. And what we are seeking here are the documents that show that reason." Ex. 3, November 9, 2023 Hr'g at 13:23-25. Following the Court's order, Citadel Securities produced additional documents describing the reason for its test trades—the two trades (with a net value of thirteen cents) were for the purpose of testing system abilities, and nothing more.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

**B.      Terraform obtains discovery showing no trading strategy existed**

The discovery shows that, in early 2022, Citadel Securities "explor[ed] the launch of Digital Assets trading" and wanted to test how cryptocurrencies would interact with its trading systems. Ex. 4, CitSec-TL-00000003, -004. To conduct these system tests, it "[p]erform[ed] 'manual trades' to test the exchange interface, ███████████, and the pipes between the different architectural components." *Id.* The business case for these system tests clarifies the strategy behind the tests: "**Manual trade – no strategy**." *Id.* -006.

The business case also provided detail on how the system tests would occur: "[t]rade volume will be small" and "minimal capital will be posted on the exchanges." *Id.* -004-005. The system tests would use "minimum order sizes" and involve "short holding periods." *Id.* -006. A single trader would manually code the orders and report the results of the system tests to his colleagues. *Id.* -004-005.

Terraform has not proposed any link between these system tests and the May 2022 depeg, except that a Terra asset was one of dozens of assets included in two of the system tests. The full set of tests occurred on January 18, January 25, February 8, February 22, March 1, March 2, March 3, March 4, March 11, and March 17. CitSec-TL-00000010. On March 3, a Terra asset, LUNAUSDT, was one of eight symbols tested. Ex. 5, CitSec-TL-00000010, -105. On March 17, LUNAUSDT was one of 30 symbols tested. Ex. 6, CitSec-TL-00000110, -111.

Citadel Securities redacted highly confidential, irrelevant information from the production. Terraform moved to compel. In defending its redactions, Citadel Securities noted that it redacted "data that is highly confidential and clearly outside the scope of anything that could be remotely considered within the scope of the Order—including proprietary code and other business sensitive

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

information." Dkt. 48 at 1 (Reply in Support of Mot. for *In Camera* Review). The Court permitted Citadel Securities to produce on an Attorneys' Eyes Only basis, limited to a hard copy production.

Terraform relies on attorney argument to characterize the contents of the production. It is inaccurate in multiple respects. Terraform says that the production does not include code. Dkt. 53 at 4 (Feb. 29 Mot. to Compel). That is wrong, as the materials do include code, such as the various Docker commands. Ex. 7, Grimm Decl. ¶¶ 13-15. Further, the test logs themselves disclose code, as they describe the substance of the code and reveal information about the code's structure, architecture, and the techniques of Citadel Securities' programmers. *Id.*

### C. Terraform demands code relating to the test transactions, ignoring whether it describes a trading strategy

Citadel Securities received a demand on February 23 for all code "used or designed to be used to execute a trading strategy on Terra assets." Without agreeing that the request was proper, Citadel Securities searched for any code describing a trading strategy in Terra assets during the relevant period. *Id.* ¶¶ 6-7. It found none. *Id.* Citadel Securities disclosed this to Terraform during the parties' February 28 meet-and-confer.

The same day, Terraform provided a new demand for "the complete set of files used to generate the Docker containers executed in the logs shown in the Revised Production and all of the Docker files reflected in the Revised Production." *Id.* ¶ 8. Citadel Securities began to investigate this new request. Yet, later that same day, Terraform said that it would move to compel. On February 29, Terraform moved to compel without waiting for Citadel Securities' response. *Id.* ¶ 12.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

## ARGUMENT

### I.    CITADEL SECURITIES TOLD TERRAFORM THAT ITS MOTION SOUGHT DOCUMENTS THAT DO NOT EXIST, BUT TERRAFORM MOVED ANYWAY

Citadel Securities has produced all documents responsive to Terraform's request and the Court's order. Terraform's original motion addressed "all documents describing any trading strategy" in the relevant cryptocurrencies during the relevant time period. Dkt. 1 at 16 (Oct. 10 Mot. to Compel). At oral argument, counsel for Terraform proffered that "the trading strategy documents sought are memoranda or other documents ordinarily created from before engaging in the test trades, and/or 'after action' memoranda or reports memorializing the results. A minimal number of documents are sought." *See* Ex. 1, Order at 11.

Following a search, Citadel Securities produced documents created prior to engaging in the test transactions, CitSec-TL-00000003-009; "after action" memoranda or reports memorializing the results of the test trades, CitSec-TL-00000010-120; and communications at the time of the test transactions. CitSec-TL-00000002, -121-127. Citadel Securities' production included all documents that fell within this scope. Ex. 7, Grimm Decl. ¶ 5. Terraform's motion does not suggest that Citadel Securities withheld the documents described in its counsel's proffer. Rather, Terraform claims that Citadel Securities withheld code "used or designed to be used to execute a trading strategy on Terra assets." *Id.* ¶ 6. But Citadel Securities searched for such code and did not identify anything responsive. This is because Citadel Securities did not use a trading strategy during its system tests, so there was no code that executed a trading strategy. *Id.* ¶ 7. Further, there was no code specific to Terra assets. *Id.*

Citadel Securities produced all documents responsive to the Court's order. It disclosed this to Terraform on February 28, and Terraform moved to compel anyhow.

5

## II.   TERRAFORM'S ATTEMPT TO BROADEN ITS REQUEST WILL NOT YIELD MORE DOCUMENTS

Terraform says that Citadel Securities should produce "complete copies of the Docker containers as they existed from January 1, 2022 through May 15, 2022." Dkt. 53 at 8 (Feb. 29 Mot. to Compel).  It also says that Citadel Securities should produce "both the native code files and all Docker files relating thereto." *Id.* Terraform ignores that a Docker container is a temporary platform used to run an application, and the Docker containers are only created and used as part of the application being run. Ex. 7, Grimm Decl. ¶¶ 8-9.  The Docker containers at issue are temporary runtime files, and Citadel Securities therefore does not possess Docker containers to produce. *Id.*

Terraform would have no more luck if it sought the underlying files associated with the Docker containers. Separate and apart from whether those files relate to a relevant "trading strategy" (which they do not), the underlying files do not exist in the form that they existed in during the relevant time period. *Id.* ¶ 10. Since 2022, employees updated the code over multiple rounds of feedback. *Id.* It is uncertain whether Citadel Securities could even recover the files through an archival repository. *Id.* ¶ 11. Indeed, to even determine whether it can restore these earlier versions, Citadel Securities would need to identify the file from the repository and work with a developer to attempt to roll back changes over the last two years to return the code to the version as it existed during the relevant time period. *Id.* Although Citadel Securities has not had the time to quantify the time and expense needed for this exercise, it would require a highly technical process involving overseas employees who would not otherwise work on discovery matters. *Id.* ¶ 12. The relevant employees are located in Singapore, which is 13 hours ahead of East Coast Time. *Id.* ¶¶ 11-12.

Terraform has therefore unsuccessfully tried to reach beyond the scope of the Court's order. And, further, its new request seeks documents that Citadel Securities cannot readily produce.

6

III.  **IF TERRAFORM SEEKS TO BROADEN ITS REQUEST, IT MUST ADDRESS RELEVANCE AND PROPORTIONALITY HURDLES**

The code Terraform's request seeks is beyond the scope of the Court's order, which includes "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022." Ex. 1, Order at 13. Terraform may try to broaden its request, but its new, broader request would face relevance and proportionality challenges.

A.  **Terraform's expanded request is for irrelevant information and is beyond the scope of its subpoena**

Terraform's new request is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The SEC contends that Terraform defrauded investors by obscuring the role of Jump Trading in restoring the UST peg in May 2021. Terraform originally sought documents about trading strategy so it could assess whether "Citadel Securities coordinated with others in these efforts to short UST." Dkt. 1 at 15 (Oct. 10 Mot. to Compel) . Its new request reaches far past this scope. Terraform now demands system tests in *any* cryptocurrency. *See* CitSec-TL-00000003, -111. This new demand is for information about system tests evaluating "the pipes between the different architectural components" of Citadel Securities' systems. Ex. 4, CitSec-TL-00000004.

Even though Terraform bears the burden of proving relevance, its motion is notably silent on the relevance of its new and broader request. *Cardenas v. Toyota Motor Co.*, No. 18-cv-22798, 2020 WL 5291936, at *1 (S.D. Fla. Sept. 3, 2020). Terraform has offered no predicate for the relevance of its proposed discovery. For instance, Terraform's newest motion contains no effort to explain how further discovery into these system tests would yield evidence of "concerted action by other actors." Ex. 3, November 9, 2023 Hr'g at 12:6-7. This Court denied a motion to compel where

7

the request was merely "fishing for information" without a "factual predicate" to support its demands. *Cardenas*, 2020 WL 5291936, at *2. Terraform is engaged in the same fishing expedition here. "Courts should not grant discovery requests based on pure speculation." *Future Metals LLC v. Ruggiero*, No. 21-CIV-60114, 2021 WL 1920396, at *3 (S.D. Fla. May 12, 2021).

**B.      Terraform's request is disproportionate to its need for the information**

Terraform's request is not "proportionate to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 provides that proportionality requires considering "the needs of the case" and the parties "access to relevant information." In deciding whether to allow additional discovery, "[t]he availability of similar documents and information" is a "separate basis" to deny a request. *Marine Depot, Int'l, Inc. v. James River Grp., Inc.*, No. 19-cv-24821, 2020 WL 7493110, at *3 (S.D. Fla. Oct. 23, 2020) (granting motion to quash).

Terraform already proffered that it sought "memoranda or other documents ordinarily created from before engaging in the test trades, and/or 'after action' memoranda or reports memorializing the results." Ex. 1, Order at 11. Terraform does not raise a genuine issue with Citadel Securities' compliance with this scope. Citadel Securities produced the business reason for engaging in the tests, communications among the traders about those tests, and the internal reports created after the system tests. These included logs generated during the system tests that describe the applications of a program and allow another programmer to audit the application if there was an error. Ex. 7, Grimm Decl. ¶ 14. Terraform has therefore received a substantial look at the code itself. The production of *more* information would be "largely cumulative and, at the very least, unduly burdensome given its usefulness." *MasTec Renewables Puerto Rico LLC v. Mammoth*

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

*Energy Servs., Inc.*, No. 20-20263-CIV, 2021 WL 9794642, at *3 (S.D. Fla. June 22, 2021) (denying motion to compel additional documents in view of already-obtained discovery).

Terraform's request is also disproportionate in view of the confidential nature of the information sought. The internal reports, code, and test logs already contain highly sensitive material, and this present motion would seek production of even more. Terraform has not described this burden should shift to Citadel Securities, especially in view of the already-obtained discovery and the low value of additional discovery.

## IV.   THE COURT SHOULD NOT HOLD CITADEL SECURITIES IN CONTEMPT

Terraform asks the Court to order Citadel Securities to show cause why it should not be held in civil contempt. Feb. 28 Mot. to Compel at 9. This request is meritless, and the Court should deny Terraform's request.

Terraform contends that the Court ordered Citadel Securities to produce code, that Citadel Securities failed to produce code, and that Citadel Securities misrepresented the substance of its production. Terraform is wrong. First, the Court never ordered Citadel Securities to produce code. The Court's order adopted the narrow scope that Terraform offered at oral argument: "[Terraform] proffered that the trading strategy documents sought are memoranda or other documents ordinarily created from before engaging in the test trades, and/or 'after action' memoranda or reports memorializing the results. A minimal number of documents are sought." Ex. 1, Order at 11. Terraform never sought code, and the Court never ordered it.

Terraform is also wrong that Citadel Securities did not produce code. Citadel Securities' production does include code. To execute the system tests, the trader had to compose commands into the application, which itself constitutes code. Ex. 7, Grimm Decl. ¶ 13; *see, e.g.,* Ex. 5, CitSec-

9

TL-00000010 (" ██████████████████████████████████████

██████████"). Further, the production includes code via the test logs. These logs describe the applications as they run, and they describe what the application is doing and how it does so. These logs reveal information about the application's code, including its structure and architecture. Ex. 7, Grimm Decl. ¶ 14. Terraform is wrong to say code is not included.[1] *Id.* ¶ 15.

Terraform's argument rests on attorney argument and internet snippets. It is flatly contradicted by the sworn declaration attached to this brief as Exhibit 7. *See id.* ¶¶ 13-15. The Court should deny Terraform's motion for sanctions.

*   *   *

Citadel Securities produced all documents responsive to the Court's November 17 order. The documents Terraform now seeks do not exist. There was no trading strategy. The *de minimis* transactions were part of a system test. Thus, consistent with this Court's order, Citadel Securities produced "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022." Ex. 1, Order at 13. There is nothing further to be done, and the Court should deny Terraform's motion.

---

[1] Although Terraform states that the documents do not include code, Terraform concedes that the production does "show a Citadel employee interacting with code for testing purposes." Dkt. 53, at 4 (Feb. 29 Mot. to Compel). Terraform does not explain how the employee could interact with non-existent code.

10

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

Dated:  March 4, 2024

Respectfully submitted,

*/s/ Eugene Stearns*
EUGENE STEARNS
Florida Bar No.: 149335
E-mail:  estearns@stearnsweaver.com
KENDAL A. RINKO, Esq.
Florida Bar No.: 1003916
E-Mail: krinko@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler St., Ste. 2200
Miami, FL 33130
Telephone:  (305) 789-3200
Facsimile:  (305) 789-3395

*Attorneys for Respondent Citadel Securities LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record who are registered participants in the Court's electronic notice and filing system.

/s/ *Eugene Stearns*
Eugene Stearns, Esq.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

## SERVICE LIST

**HEISE SUAREZ MELVILLE, P.A.**
2990 Ponce De Leon Boulevard Suite 300
Coral        Gables,        Florida        33134
Luis E. Suarez  - lsuarez@hsmpa.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

**ELLIOTT KWOK LEVINE & JAROSLAW LLP**
565 Fifth Avenue, 7th Floor
New York, NY 10017
Matthew L. Levine - mlevine@ekljlaw.com
Rachel J. Rodriguez - rrodriguez@ekljlaw.com
*Attorneys for Movant Terraform Labs Pte. Ltd*

*Via: CM/ECF*

13