# Exhibit 1
## Public Filing

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-mc-23855-KMM

TERRAFORM LABS PTE. LTD.,

     Movant,
                                                  Southern District of New York
                                                       Case No. 1:23-cv-01346-JSR

v.

CITADEL SECURITIES, LLC,

     Respondent.

_____/

**<u>ORDER</u>**

     **THIS CAUSE** is before the Court upon Movant Terraform Labs Pte. Ltd.'s Motion to Compel Compliance with Its Non-Party Subpoena Duces Tecum, or Alternatively, to Transfer to the Southern District of New York. (ECF No. 1).[1] The Motion relates to an out-of-district subpoena issued in the Southern District of New York. (ECF Nos. 1-7, 1-8). Respondent Citadel Securities, LLC has filed a Response in opposition (ECF No. 22), to which Movant has filed a Reply (ECF No. 30). The matter has been referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding the Motion. (ECF No. 7). A hearing on the Motion was held on November 9, 2023, in the Southern District of Florida. Having considered the Motion, Response, Reply, the record, the arguments and positions advanced at the hearing on November 9, 2023, and

---

[1] Citations to documents within the Court's case management and electronic case filing system (CM/ECF) refer to the pagination assigned by CM/ECF to a document (*i.e.*, the page number assigned in the blue text imprinted across the top of the PDF) and not to a document's internal pagination.

being otherwise fully advised, the Motion is **GRANTED, in part**, and **DENIED, in part**, as set forth below.

## I.      BACKGROUND

The disputed subpoena was issued in relation to a civil action brought by the U.S. Securities and Exchange Commission ("SEC") against Terraform Labs Pte. Ltd. and its CEO, Do Hyeong Kwon, in the United States District Court for the Southern District of New York. *See* No. 1:23-cv-01346-JSR (S.D.N.Y.).  As alleged in the Amended Complaint in the underlying action, Movant is a Singapore-based firm that, with its CEO and co-defendant, Do Hyeong Kwon, and beginning in March 2018, had developed the Terraform blockchain ("Terra") to support a series of interconnected crypto assets.  These crypto assets include, as relevant to the underlying action, a non-stablecoin token known as "LUNA," in addition to a stablecoin token pegged to the U.S. Dollar known as "TerraUSD" or "UST."

According to the Amended Complaint, UST is pegged at a value of one U.S. Dollar.  Terra achieves this peg by virtue of an algorithm tying UST's value to LUNA; the algorithm relies on traders exchanging UST for LUNA and vice versa, a process referred to as "minting" and "burning."  This process is alleged to provide traders with an arbitrage opportunity, which keeps UST pegged at one U.S. Dollar.

The SEC alleges that, starting in late April 2019, LUNA tokens were sold to investors to fund development of the Terra ecosystem; this was presented as a profit opportunity for investors. Movant and its CEO began marketing UST as a yield-bearing stablecoin in September 2020.  The SEC claims that Movant advertised considerable efforts to ensure that UST would remain pegged at one U.S. Dollar.  As relevant to the instant Motion, the SEC alleges in its Amended Complaint that Movant and its CEO falsely represented that, when UST became de-pegged from the U.S.

Dollar in May 2021, the peg was restored by the effectiveness of Movant's algorithm; the SEC alleges that the true (undisclosed) reason for the re-peg was deliberate intervention by a third-party. According to the SEC, Movant arranged for a third-party to purchase large amounts of UST to restore UST's value, giving the false or misleading impression that UST became re-pegged by virtue of its algorithm and without human intervention, which the SEC alleges led investors to invest billions of dollars into the Terraform ecosystem.

In May 2022, UST again became de-pegged from the U.S. Dollar and the value of UST crashed. The SEC alleges that several factors contributed to the crash of UST, "including the sale of large amounts of UST by one or more sophisticated trading firms beginning on or about May 7, 2022." Amended Complaint (ECF No. 25) at ¶ 170, Case No. 1:23-cv-01346-JSR (S.D.N.Y.). The collapse of UST and Movant's other crypto assets resulted in a loss of $40 billion in combined market value.

In defense of the underlying action, Movant avers that substantial, concerted trading activity by a small number of third parties "shorting" UST caused instability that led to the de-pegging of UST from the U.S. Dollar in May 2022, starting around 10:30 A.M. (CDT) on May 9, 2022 and continuing through May 10, 2022.[2] Specifically, Movant contends in its Motion to Compel that Citadel Securities, LLC and its principal, Kenneth Griffin, were seeking to short UST. *See* (ECF No. 1 at 12). Respondent has denied the accusations via public statements, but Movant contends that these denials are false.

Accordingly, to establish its defense, Movant has served a Rule 45 subpoena on Respondent Citadel Securities, LLC seeking discovery relating to Respondent's trading activity in UST and LUNA around the time of the May 2022 de-peg. Respondent Citadel Securities, LLC

---

[2] The Motion refers to these traders as seven "whale" traders that are well-funded and able to take large "long" or "short" positions. (ECF No. 1 at 11).

accepted service of the subpoena on August 2, 2023.  Respondent served objections and responses on August 25, 2023, after being afforded additional time to do so by Movant.

Discovery in the underlying action has since closed and the trial is presently set for January 2024.  The instant Motion was filed on October 10, 2023.  Therein, Movant seeks the entry of an order compelling Respondent to produce "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022."  (ECF No. 1 at 20).  Movant contends that Respondent has refused to search for documents responsive to Movant's Rule 45 subpoena in aid of Movant's defense that third-party market actors, such as Respondent, are responsible for the May 2022 de-pegging of UST.  Movant argues that the discovery sought from Respondent—information relating to trading strategy—is highly relevant to its defense, the burden on Respondent is low, and Respondent's confidentiality interests are protected by a protective order in place in the underlying action in the Southern District of New York.  In the alternative, Movant requests that the instant Motion be transferred to the Southern District of New York, under Rule 45(f), in light of the accelerated case management schedule in place in the underlying action.

Respondent opposes enforcement of the subpoena.  It notes in a footnote that the Motion is untimely under the Local Rules of the Southern District of Florida.  Otherwise, Respondent asserts that Movant's subpoena seeks discovery that is not relevant to Movant's defenses and which would be burdensome to Respondent even if relevant.  Specifically, Respondent argues that any trading activity that occurred in 2022, even if significant activity, which Respondent denies, could not in any way make Movant's alleged misstatements a year earlier any more true or false.  Respondent notes that Movant bases its request for discovery on speculative social media posts and disregards the *de minimis* trading activity Respondent has disclosed in response to the

4

subpoena. Respondent asserts that the discovery request is disproportionate and burdensome, though Respondent has since withdrawn its objections on burden grounds. Respondent requests sanctions against Movant under Rule 45(d)(1) and/or 28 U.S.C. § 1927. No position was advanced in the Response regarding the transfer of the subpoena to the Southern District of New York, though at the hearing on November 9, 2023, counsel for Respondent asserted that the Motion to Compel should not be transferred.

In its Reply, Movant asserts that Respondent has not substantiated its generalized proffer of burden and that the documents sought are only a narrow subset of trading documents typically maintained by sophisticated firms such as Respondent. Movant also argues that the discovery sought is relevant because it goes to the cause of the May 2022 de-peg. Movant opposes an award of sanctions.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, a party to an action may command a non-party to produce documents, electronically stored information, or tangible things at a place within 100 miles of where that non-party resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2)(A). The Federal Rules of Civil Procedure state that a subpoena must be issued by the court where the underlying action is pending, but a motion to compel a non-party to comply with a subpoena must be made "in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). A party serving a non-party with a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Rule 45 permits a subpoenaed non-party to interpose objections to requested discovery. Fed. R. Civ. P. 45(d)(2)(B). Such objections are due "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B).

"[I]t is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(b)(1) permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Akridge v. Alfa Mut. Ins.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Thus, because the Federal Rules of Civil Procedure "'strongly favor full discovery whenever possible,' a civil litigant is generally entitled to 'any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (first quoting *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013); and then quoting *Degen v. United States*, 517 U.S. 820, 825–26 (1996)). Information need not be admissible in evidence for it to be discoverable. Fed. R. Civ. P. 26(b)(1).

Under Federal Rule of Civil Procedure 37(a)(3), a party seeking discovery may move for an order compelling discovery where a party fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). The Rules explain that evasive or incomplete disclosures, answers, or responses are treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4).

6

District courts have "broad discretion to compel or deny discovery[.]" *United States v. Cuya*, 964 F.3d 969, 970 (11th Cir. 2020).

## III.     DISCUSSION

As discussed below, the Court declines to deny the Motion to Compel as untimely or transfer the Motion and instead assesses the Motion on its merits.

### A.     Timeliness

In opposition to the Motion and at oral argument on November 9, 2023, Respondent asserted that the Motion to Compel is untimely and requested that it be denied on that basis. Generally, under Southern District of Florida Local Rule 26.1(g)(2), discovery disputes must be submitted to the Court for resolution within 28 days of when they arise.  *See* S.D. Fla. L.R. 26.1(g)(2).  Respondent Citadel Securities, LLC served objections and responses to the subpoenas at issue on August 25, 2023.  The instant Motion was filed on October 10, 2023, which Respondent asserts was 46 days after the objections and responses were served.  Southern District of Florida Local Rule 26.1(g)(2)(B) permits the Court, in its discretion and absent a showing of good cause by the moving party, to deny a discovery motion as untimely.  However, the Court declines to deny the instant Motion on the basis that the Motion is untimely and instead the Court will assess the Motion on its merits.  The discovery responses and objections at issue, provided on August 25, 2023, were the subject of continued conferral, which greatly narrowed the dispute.  Moreover, email correspondence between counsel reveals that Respondent waited a significant time—from September 11, 2023, until September 28, 2023—to communicate its responses to Movant's proposed narrowing of the dispute.  Appreciating the significance of the dispute to both sides, I fault neither on the modest delay and find good cause to adjudicate the dispute on its merits.

7

## B.      Relevance of the Discovery Sought

The respondent bears the burden of establishing a lack of relevance or some other basis for resisting production. *Glatter v. MSC Cruises S.A.*, No. 18-62219-CIV, 2019 WL 1300896, at *1 (S.D. Fla. Feb. 7, 2019).  After a properly stated objection is presented, the proponent of a motion to compel seeking to overrule the objection must prove the relevance of the requested discovery. *Id.*  While the threshold for showing relevance is relatively low, the "proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant." *Diamond State Ins. v. His House, Inc.*, No. 10-20039-CIV, 2011 WL 146837, at *5 (S.D. Fla. Jan. 18, 2011).

In opposition to the narrowed discovery requests, Respondent informed Movant on September 28, 2023 that it would not search for, review, or produce documents describing the trading strategy in any of the crypto assets at issue because the request was overbroad, unduly burdensome, and the information sought was not relevant to Movant's defenses.  In its Response, Citadel Securities, LLC opposes the discovery sought, as narrowed through conferral, on relevance and burden grounds.  Respondent's objection on burden grounds was unsubstantiated and has since been withdrawn. *See* (ECF No. 34).  The Court thus focuses its review of the Motion to Compel in light of Respondent's objection to the discovery on relevance grounds.

In that respect, and as also noted above, Respondent asserts the trading strategy documents sought are not relevant because they do not directly disprove the fraud that the SEC alleges occurred in May 2021, especially in light of Respondent's *de minimis* trading activity and the alleged fraud being temporally unlinked from the May 2022 de-peg.  However, as Movant asserts in its Reply, "what caused the May 2022 Depeg is very much a live issue for trial in the Underlying Action." (ECF No. 30 at 7).  And under the theory of Movant's defense, as clarified at oral

8

argument, the cause of the May 2022 de-peg may be circumstantially relevant to whether any misstatement or omission in May 2021 was material—that Terraform's algorithm performed as expected.[3]

As background, the SEC alleges in the Amended Complaint in the underlying action that "Terraform and Kwon's misrepresentations and omissions about the May 2021 de-peg were material to numerous U.S.-based retail and institutional investors who were unaware that any third party had intervened to restore the peg and continued to buy and hold UST (including as offered and sold with Anchor Protocol) on the belief that the algorithm had worked to restore the peg." (ECF No. 1-2 at ¶ 169). At the motion to dismiss stage, the district court found that the SEC had sufficiently pled a material misrepresentation and omission with respect to the securities fraud claims asserted:

> Next, the defendants allege that the SEC did not plead a "misstatement or omission" with respect to the May 2021 de-pegging incident. This is because, in defendants' view, Kwon was under no duty to disclose to investors that a third-party was responsible for restoring the token's peg. However, on the Amended Complaint's allegations, such a "duty to disclose" does apply, because it "arises whenever secret information renders prior public statements materially misleading." *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 268 (2d Cir. 1993). Here, the SEC has plausibly alleged both that the defendants ascribed the "re-peg" to the "self-healing" effects of the UST/LUNA algorithm and that the defendants knew that it was, in reality, a third-party investor that had stabilized the UST tokens value. That is enough under Second Circuit law to give rise to a duty to disclose that, on the SEC's allegation, the defendants did not fulfill. *See id.* at 268–69.

---

[3] Though the Motion and Reply both argue causation, the Court understands the argument as grounded in the materiality of the alleged misrepresentations or omissions. *See, e.g.*, *SEC v. Pentagon Cap. Mgmt. PLC*, 725 F.3d 279, 285 (2d Cir. 2013) ("[T]o violate Section 10(b) and Rule 10b–5, a party must have '(1) made a material misrepresentation or a material omission as to which he had a duty to speak, or used a fraudulent device; (2) with scienter; (3) in connection with the purchase or sale of securities.'"). "Whether a misstatement is material 'depends on whether there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to act.' To be material, 'a statement must, in the view of a reasonable investor, have significantly altered the total mix of information made available.'" *Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 100–01 (2d Cir. 2021).

9

*SEC v. Terraform Labs Pte. Ltd.*, __ F. Supp. 3d __, No. 23-CV-1346 (JSR), 2023 WL 4858299, at *17 (S.D.N.Y. July 31, 2023) (Rakoff, J.).

Movant asserts that it expects the SEC to show the materiality of the alleged omissions and misrepresentations regarding the cause of the May 2021 re-peg by putting on evidence of the cause of the May 2022 de-peg: that, without a third party's intervention in May 2022, UST became de-pegged and its value plummeted, instead of becoming re-pegged like it had in May 2021, by virtue of an undisclosed arrangement with a third-party. In support, Movant referred at oral argument to briefing filed in the underlying action during the pending summary judgment stage. In that briefing, Movant seeks to preclude the SEC's expert from offering the opinion that the materiality of the May 2021 omissions and misstatements may be inferred from the May 2022 de-peg, which was not followed by a re-peg unlike in May 2021, because of the absence of intervention arranged with a third party. *See* (ECF No. 31-3).

So, Movant here seeks to discover evidence to rebut the SEC's position on the causation of the May 2022 de-peg to show that omissions and misstatements in May 2021 were not material. That is, Movant seeks to discover evidence that a small number of well-funded market actors trading in concert shorted UST and caused the May 2022 de-peg, not the absence of an arrangement with a third party intervening at Movant's behest as the SEC alleges occurred in May 2021. The Court understands Movant as arguing that evidence undermining the SEC's theory of causation would tend to show the alleged omissions and misstatements regarding the cause of the May 2021 re-peg were not *as* consequential or material (*i.e.*, maybe material but perhaps less so), or not material at all.

Movant has brought forth a factual basis to support the relevance of the discovery sought from Respondent. It is not disputed that Respondent engaged in some trading in the crypto assets

10

at issue and during the relevant time period. Indeed, Respondent has produced what appears to be a summary of trading activity, though it characterizes that trading activity as two, short term, *de minimis* test trades in March 2022 that amounted to $0.13, months before the second de-peg of May 2022. Notwithstanding, and as set forth in the Motion, Respondent has publicly denied that it trades stablecoins, including UST. Movant argues that Respondent's trading strategy—*i.e.*, why it engaged in those test trades in March, and whether it was part of a combined effort with other large market actors—is highly relevant to Movant's theory that the short trading activity of a few on May 9 and May 10 was the cause of the resulting crash of the crypto assets at issue in the underlying action, of which Respondent played a role.

Notwithstanding that Respondent has withdrawn its objection on burden grounds, the burden to Respondent of the narrowed discovery sought is low. At oral argument, Movant proffered that the trading strategy documents sought are memoranda or other documents ordinarily created from before engaging in the test trades, and/or "after action" memoranda or reports memorializing the results. A minimal number of documents are sought.

Respondents' objections take issue with the merits of Movant's defense. The Response characterizes Movant's defense as baseless deflection grounded on speculative social media posts. Respondent asserts that the *de minimis* trading activity that it has disclosed shows that other trading firms, and not Respondent, are "better positioned to provide relevant discovery." (ECF No. 22 at 8–9). As noted at the hearing, Respondent's challenge here would have this Court decide the merits of Movant's proposed defense; in finding only that the discovery sought is *relevant* to the Movant's defense, and more specifically to rebut the proffered opinion advanced by the SEC's expert, this Court takes no position on the merits of the challenge or even its admissibility in the underlying action. And to the extent the argument about the usefulness of the discovery from

11

Respondent (as opposed to other potential subpoena recipients) is instead one of proportionality, the commentary to the 2015 amendments to Rule 26 explain that a party opposing discovery may not "refuse discovery simply by making a boilerplate objection that it is not proportional.  The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.  In any event, a challenge to the proportionality of the discovery sought is not clearly raised, and though relevance, proportionality, and burden are distinct, Respondent has withdrawn its unsubstantiated objection to the discovery sought on burden grounds.  The requests have been substantially narrowed.

Accordingly, the Court **OVERRULES** Respondent's objection on relevance grounds.[4]

## C.      Imposition of Sanctions

In its Response in opposition to the Motion to Compel, Respondent requests the imposition of sanctions against Movant, under Rule 45(d)(1) arguing that Movant had failed to take reasonable steps to avoid imposing an undue burden on Respondent.   However, Respondent has since withdrawn its objection on burden grounds and thus sanctions based on any burden imposed are improper.  Respondent also seeks sanctions under 28 U.S.C. § 1927 arguing that Movant's conduct grossly deviates from reasonable conduct, and under the Court's inherent authority because the Motion was not filed in good faith.  In granting the Motion to Compel in Movant's favor as set forth above, there is no basis to conclude that sanctions against Movant are warranted in connection with the filing of the Motion.

---

[4]   The instant Motion is not mooted by the supplemental information advanced in Respondent's Notice (ECF No. 34). Movant seeks "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022."  Though the Court did not authorize the filing of supplemental information, Respondent's Notice represents that a search was performed for only emails and chat messages of the trader who conducted the test trades, as well as of that trader's supervisor.

12

#### D. Fee Shifting

An award of reasonable attorney's fees and costs is mandatory under Rule 37(a)(5) if a motion to compel is granted, unless the court finds the motion was filed before the movant attempted in good faith to obtain the disclosure or discovery without court action; the nondisclosure response, or objection was substantially justified; or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Because the Court finds that Respondent's objections to the discovery sought were not substantially unjustified, an award of fees and costs is not warranted here and no fees will shift in connection with Movant's Motion to Compel.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Movant Terraform Labs Pte. Ltd.'s Motion to Compel Compliance with Its Non-Party Subpoena Duces Tecum, or Alternatively, to Transfer to the Southern District of New York (ECF No. 1) is **GRANTED, in part**, to the extent the motion seeks the entry of an Order compelling Respondent to produce "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022."[5]

2. Respondent Citadel Securities, LLC shall produce "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022" within **fourteen (14) days** of the entry of this Order.

---

[5] Movant requests in the alternative that the Motion be transferred to the Southern District of New York for resolution before that court. Having assessed the Motion to Compel on its merits, this Court declines to transfer the Motion and accordingly that request is **DENIED, as moot**.

3. Movant Terraform Labs Pte. Ltd.'s Motion to Strike (ECF No. 35) is **DENIED, as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of November, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable K. Michael Moore
Counsel of Record