# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-mc-23855-KMM

TERRAFORM LABS PTE. LTD.,

    Movant,

v.

CITADEL SECURITIES, LLC,

    Respondent.

_____/

Southern District of New York
Case No. 1:23-cv-01346-JSR

## **ORDER**

**THIS CAUSE** is before the Court upon Movant Terraform Labs Pte. Ltd.'s Expedited Motion to Compel. (ECF No. 55). Respondent Citadel Securities, LLC has filed an Opposition (the "Response") to the Expedited Motion.[1] (ECF No. 58). The matter has been referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 47). A hearing on the Expedited Motion was held on March 5, 2024. The Court has considered the Motion, Response, the materials filed in support, the record as a whole, the arguments advanced at the hearing on the Motion, and is otherwise fully advised

---

[1] The Expedited Motion to Compel, the Response, and the attachments thereto have been filed on the public docket with redactions pursuant to the Amended Protective Order issued in the underlying action in the Southern District of New York. *See* Amended Protective Order, ECF No.145 in *SEC v. Terraform Labs Pte Ltd. & Do Hyeong Kwon*, No. 1:23-cv-01346-JSR (S.D.N.Y. Dec. 20, 2023). Unredacted copies of the Motion, Response, and exhibits have been filed under seal.

1

in the premises. The Motion was **DENIED** at the hearing in open court. This Order memorializes but does not alter any rulings made on the record.

I.   DISCUSSION

The Expedited Motion, as argued at the hearing, in practice raises two issues with Respondent's production. As to the first issue, Movant represents that the Revised Production[2] disclosed information about Respondent's use of a software platform, outputs generated by that platform, and an employee's interactions with that platform. Movant argues that the Revised Production is incomplete because it did not include the underlying source code. At the hearing, counsel for Movant analogized the production to providing emails that have documents attached but without producing those attached documents. In its Response and at the hearing, counsel for Respondent represented that the files containing the information sought do not exist today as they did at the time of the May 2022 de-peg; Respondent asserts that recovering those files as they existed at the relevant time would be a cost-intensive and time-intensive process, assuming the files are even recoverable.

As to the second issue, Movant asserts that Respondent should be required to show cause, under Federal Rule of Civil Procedure 45(g), why Respondent should not be held in civil contempt for failing to produce the source code used in the software platform. According to Movant, the Court's previous Orders (ECF Nos. 37, 50) required Respondent to disclose the source code; Movant argued at the hearing that the source code falls within "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022." (ECF No. 37 at 13).

---

[2] The "Revised Production" was initially served on December 13, 2023. It was accompanied by a redaction log, and contained 90 pages redacted in full. (ECF No. 43 at ¶¶ 14–15). On January 30, 2024, the Court ordered Respondent to serve the Revised Production without redactions, except to the extent redactions are necessary to protect a recognized privilege. (ECF No. 50).

Starting with the second issue, Movant has not demonstrated that the source code is relevant to Movant's narrowed discovery requests or otherwise responsive to what Respondent was ordered to produce in this case. The relevance of the discovery sought here was predicated on Movant's proffer of its defense to the allegation in the underlying case that Movant had misrepresented the self-healing nature of Movant's algorithm; specifically, Movant's defense that a small number of traders acting in concert had "shorted" Movant's crypto-asset, UST, thereby thwarting the functioning of the self-healing algorithm and causing the May 2022 de-peg, to rebut the SEC's theory that the (misrepresented) capabilities of Movant's algorithm can be inferred from the lack of intervention in the May 2022 de-peg by a third party acting at Movant's behest. Based on Movant's proffer of relevance, the Court ordered Citadel to produce, later in unredacted form, "all documents describing any trading strategy in any of the Terra-Native Tokens or the Terra Financial Instruments during the time period March 1, 2022 through May 31, 2022." (ECF No. 37 at 13). However, Movant has not provided a factual basis to show how the source code itself, sought now, would reveal concerted trading strategy. Counsel for Movant argued that the source code would reveal the "who, what, and how" of the trades effectuated by Respondent; the information already disclosed reveals that Respondent only ever conducted two test trades and in the amount of $0.13. Thus, relevance of the source code itself to Movant's defense has not been established.

In this respect, the Court does not agree that failing to disclose the source code itself was an intentional disregard by Respondent of the requirements of the Court's prior Order. Indeed, the requested discovery in this proceeding was narrowed upon conferral of the Parties in September 2023; following that conferral, the only category of discovery at issue in this proceeding has been

3

documents describing any trading strategy in Movant's crypto-assets. The code that is the subject of Movant's Expedited Motion is outside the scope of the narrowed discovery requests.

Moreover, and as to the first issue, even if relevant, the Court accepts Respondent's proffer of burden attendant to production of the source code. Respondent argued in briefing and at the hearing that the files containing the source code itself do not exist today as they existed nearly two years ago at the time of the May 2022 de-peg. Respondent has submitted a declaration from its Associate General Counsel, Daniel Grimm, in which Mr. Grimm attests that the files containing the source code for the software platform used are not retained in the usual course of business. He attested that the source code files do not exist today as they existed in 2022 and that Respondent would have to work with employees overseas to recover the requested files.

## II.     CONCLUSION

For all these reasons, it is **ORDERED AND ADJUDGED** that Movant Terraform Labs Pte. Ltd.'s Expedited Motion to Compel (ECF Nos. 53, 55) is **DENIED**.

**DONE AND ORDERED** in open court at Miami, Florida, this 5th day of March, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable K. Michael Moore
Counsel of Record